UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re: Case No. 26-18907-CLC

YOEL GETTER, Chapter 7

Debtor.
_________________________________/

**JUDGMENT CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR CAUSE UNDER 11 U.S.C. § 362(d)(1), INCLUDING ANNULMENT OF THE STAY, AND WAIVER OF THE 14 DAY STAY OF FED. R. BANKR. P. 4001(a)(3)**

**Emergency Hearing Requested**

Movants request an emergency hearing pursuant to Local Rule 9013-4. The reason for the emergency: the Debtor filed this chapter 7 petition on July 7, 2026, on the eve of court-ordered proceedings supplementary in aid of execution on Movants' Florida fraud judgment, on which $5,971,306.34 remains due as of the petition date after crediting third-party recoveries, and on July 8, 2026 the state court entered orders instituting proceedings supplementary, impleading five third parties, and authorizing the Debtor's examination under Fla. Stat. § 56.29(5) — orders entered hours after the petition whose validity requires prompt resolution by annulment. Third-party discovery, impleader deadlines, and asset-dissipation risk make time of the essence. Movants reasonably believe a hearing must be held by July 18, 2026. Undersigned counsel certifies that a bona fide effort to resolve the matter without a hearing was made by conferring with Debtor's counsel as set forth in the Local Rule 9013-1(a) certification below.

Judgment creditors FVP Servicing, LLC, for the benefit of FVP Opportunity Fund III, LP, and FVP Investments LLC (collectively, "FVP" or the "Judgment Creditors"), move under 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001(a), and Local Rule 4001-1 for entry of an order granting relief from the automatic stay for cause — including annulment of the stay retroactive to the petition date — and waiving the 14-day stay of Fed. R. Bankr. P. 4001(a)(3), and state:

## I. INTRODUCTION

1. This chapter 7 petition is the second act of a coordinated play. FVP holds a final Florida judgment, entered October 3, 2025 on a jury verdict, finding that the Debtor, Yoel Getter, committed fraudulent misrepresentation and conspiracy to commit fraud, and tortiously interfered with FVP's business relationships. No judgment debtor has paid any portion of the judgment. After crediting $3,284,311.15 recovered from settling third parties through May 14, 2026 — applied solely to the core-recovery principal per FVP's Notice of Setoff filed December 16, 2025 — $5,971,306.34 remains due as of the petition date, with statutory interest accruing under Fla. Stat. § 55.03(3), and a writ of execution is valid and outstanding.

2. After nine months of discovery in aid of execution, subpoenas, and judgment-debtor proceedings, the state court was poised to institute proceedings supplementary under Fla. Stat. § 56.29 and implead five third parties holding property in which the Debtor has an interest. The Debtor's co-defendant, Avrumi "Josh" Lubin — who owes FVP the identical judgment entered the same day on the same jury verdict — filed a pro se chapter 11 petition in the District of New

Jersey (No. 26-17342) on June 25, 2026, the day before a judicial sale of his assets. The Debtor followed the same script: he filed this petition on July 7, 2026, as the proceedings-supplementary orders were being entered on FVP's fully-briefed motion.

3. This is a two-party dispute over a fully liquidated fraud judgment — a debt that is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(6), as set out in FVP's contemporaneously filed adversary complaint. Cause exists to grant relief from — and to annul — the stay so that the Broward County proceedings supplementary may continue, and so that the state court's July 8, 2026 orders (entered without knowledge of the overnight petition) are validated.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper under 28 U.S.C. § 1408. The statutory predicates for relief are 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001(a), and Local Rule 4001-1.

## III. BACKGROUND

### A. The Judgment

5. FVP sued the Debtor and others in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, No. CACE-22-005125 (the “Florida Fraud Action”). Following entry of a partial final judgment on liability on January 6, 2025, damages were tried to a jury from September 24 to October 1, 2025. The jury returned verdicts against the Debtor on Count I

(fraudulent misrepresentation), Count II (conspiracy to commit fraud), and Count IV (tortious interference with a business relationship).

6. On October 3, 2025, the state court entered its Final Judgment on Jury Verdict (For FVP Against Getter), awarding $8,841,219.72 on Counts I and II (a $7,500,000 principal award plus $1,341,219.72 in wrongful-act damages after remittitur), and $7,500,000 on Count IV, capped at a single recovery of $8,841,219.72, with post-judgment interest under Fla. Stat. § 55.03(3), "FOR WHICH SUM LET EXECUTION ISSUE FORTHWITH." A certified copy of the Final Judgment is attached as Exhibit 1. The Debtor moved to vacate the default and the Final Judgment; after a two-day evidentiary hearing on February 18 and 24, 2026, at which the Debtor testified and the court weighed the evidence and the witnesses' credibility, the state court denied the motion by a detailed twelve-page order entered March 3, 2026 (Exhibit 6). No judgment debtor has paid any portion of the Judgment. FVP has recovered $3,284,311.15 from settling third parties through May 14, 2026, applied solely to the Count I core-recovery principal per FVP's Notice of Setoff filed December 16, 2025. Net of those credits and with accrued statutory interest, the judgment debt is $5,971,306.34 as of the petition date.

## B. Nine Months of Collection Efforts

7. Since October 2025, FVP has pursued execution continuously: a writ of execution (valid and outstanding); the Fact Information Sheet ordered in the judgment itself; third-party subpoenas duces tecum served on financial institutions and the Debtor's associates (including Aron Getter, served March

18, 2026); depositions in aid of execution; and motions to compel the Debtor's judgment-debtor examination testimony, for sanctions, and for attorney's fees (filed June 16 and 18, 2026). A summary of the post-judgment docket is attached as Exhibit 2.

8. On June 24, 2026, FVP moved to institute proceedings supplementary under Fla. Stat. § 56.29 and to implead City Capital NY LLC, Zui Deutsch, Avraham Yosef Levy, ZD Consultants LLC, and Gelt Capital, LLC — third parties who hold, control, or owe merchant-cash-advance proceeds, guaranty obligations, and profit distributions in which the Debtor has a legal or beneficial interest.

### C. The Eve-of-Enforcement Petition and the July 8 Orders

9. On July 7, 2026 at 6:56 p.m., the Debtor filed a Suggestion of Bankruptcy in the Florida Fraud Action announcing that he had filed a voluntary chapter 7 petition that day in this Court (Exhibit 3). Hours later — on the morning of July 8, 2026, without knowledge of the overnight petition — the state court entered its order granting FVP's proceedings-supplementary motion, a corrected order authorizing the Debtor's examination under Fla. Stat. § 56.29(5), and Notices to Appear directed to the five impleaded third parties (collectively, the “July 8 Orders”) (Composite Exhibit 4).

10. The Debtor's filing mirrors his co-defendant Lubin's June 25, 2026 eve-of-sale chapter 11 filing in New Jersey. Both petitions share one purpose: to freeze FVP's lawful enforcement of a fraud judgment at the moment enforcement was about to succeed.

## IV. RELIEF REQUESTED

11. FVP requests entry of an order: (a) granting relief from the automatic stay for cause under § 362(d)(1) to permit FVP to prosecute the Florida Fraud Action's proceedings supplementary and all post-judgment enforcement remedies against the Debtor and his property to conclusion, including the § 56.29 proceedings and the impleader of the five third parties; (b) annulling the stay retroactive to the petition date so that the July 8 Orders stand validated; (c) waiving the 14-day stay of Fed. R. Bankr. P. 4001(a)(3); and (d) granting such other relief as is just. In the alternative and at minimum, FVP requests stay relief to proceed against non-estate property and the impleaded third parties.

## V. MEMORANDUM OF LAW

### A. Cause Exists Under § 362(d)(1): the Petition Is a Bad-Faith, Eve-of-Enforcement Filing in a Two-Party Dispute.

12. Section 362(d)(1) commands that the court "shall" grant relief from the stay "for cause." A debtor's lack of good faith in filing is cause. *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988); *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026-27 (11th Cir. 1989) (affirming stay relief where the petition was filed on the eve of an adverse state-court ruling in what was essentially a two-party dispute); *see also In re State St. Houses, Inc.*, 356 F.3d 1345, 1347 (11th Cir. 2004). Bad faith is measured by the totality of the circumstances. *In re Piazza*, 719 F.3d 1253, 1271-73 (11th Cir. 2013) (affirming bad-faith finding where the debtor filed "to avoid" paying a "large single debt" arising from a state-court judgment he had

evaded for over two years); *see id.* at 1259-60 (recounting the bankruptcy court's finding that the petition "was timed perfectly to" impede the creditor's collection efforts on the state-court judgment).

13. Every *Piazza* and *Phoenix Piccadilly* marker is present: the petition was filed to avoid a single large judgment debt; the Debtor deliberately and persistently evaded enforcement for nine months; the filing came the very day the § 56.29 orders were to be entered; and the dispute is between one creditor group and one debtor and belongs in the state court that tried it. The same facts that would justify dismissal also constitute cause for stay relief. *Albany Partners*, 749 F.2d at 674.

**B. The Judgment Is Fully Liquidated and Nondischargeable; the State Court Should Finish What It Started.**

14. The judgment is final and fully liquidated; nothing remains but enforcement. FVP has contemporaneously filed an adversary complaint under § 523(a)(2)(A) and (a)(6); a Florida fraud judgment of this kind is excepted from discharge, *Grogan v. Garner*, 498 U.S. 279, 284-85, 290-91 (1991); *In re St. Laurent*, 991 F.2d 672, 675-76 (11th Cir. 1993), so the estate gains nothing from halting enforcement — delay serves only the Debtor. Judicial economy and comity favor allowing the Broward court, which presided over the jury trial and nine months of enforcement, to complete the proceedings supplementary it has already instituted. *Dixie Broad.*, 871 F.2d at 1026-27. FVP recognizes that the stay reaches § 56.29 proceedings directed against the Debtor and his property, *P & S & Co. LLC v. SJ Mak, LLC*, 254 So. 3d 535 (Fla. 3d DCA 2018) — which is

precisely why FVP has ceased enforcement and seeks relief from this Court rather than proceeding unilaterally.

**C. The Stay Should Be Annulled to Validate the July 8 Orders.**

15. Section 362(d) empowers the Court to grant relief "by terminating, annulling, modifying, or conditioning" the stay; annulment operates retroactively to the petition date and validates actions taken post-petition without knowledge of the filing. *Albany Partners*, 749 F.2d at 675; *In re Patel*, 142 F.4th 1313, 1319-21 (11th Cir. 2025) (reaffirming the bankruptcy court's statutory power to annul notwithstanding *Acevedo*, with the debtor's strategic use of the stay as a "poison pill" a key factor). Courts in this Circuit weigh whether the acting party knew of the petition, the debtor's bad faith, whether relief would have been granted on a timely motion, unnecessary expense, and detrimental reliance. *In re Morozov*, 649 B.R. 68, 76 (Bankr. M.D. Fla. 2023). Every factor favors annulment, and the equities are one-sided: the state court entered the July 8 Orders on a fully-briefed motion within hours of a petition no party had noticed; the Debtor's overnight filing was itself strategic; and neither the trustee nor any creditor is prejudiced by validating orders that merely implead third parties and set an examination. Annulment prevents the Debtor from converting a midnight race to the courthouse into a windfall.

**D. The Court Should Waive the 14-Day Stay of Rule 4001(a)(3).**

16. Because the proceedings supplementary are underway and third parties are subject to outstanding Notices to Appear, cause exists to make relief

effective immediately upon entry of the order, and FVP requests waiver of the 14-day stay of Fed. R. Bankr. P. 4001(a)(3).

## CERTIFICATION OF CONFERRAL UNDER LOCAL RULE 9013-1(a)

Undersigned counsel certifies that on July 8, 2026, counsel made a bona fide attempt to confer in good faith with Jesse R. Cloyd, Esq., counsel for the Debtor, by email in an effort to resolve the matters raised in this Motion without a hearing. Mr. Cloyd said he was not available to confer until after 2:30 pm this date. The Movant called Mr. Cloyd who does not agree to the relief sought.

## CONCLUSION

FVP respectfully requests entry of the proposed order granting relief from — and annulling — the automatic stay, waiving the 14-day stay of Rule 4001(a)(3), and granting such other relief as is just. A proposed order is attached as Exhibit 5.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 08, 2026, a true and correct copy of the foregoing was served (i) via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case; and (ii) by U.S. first-class mail and email upon: the Debtor, Yoel Getter, 9705 Collins Ave Unit 2403 Miami Beach, FL 33154-2275; counsel for the Debtor, Jesse R. Cloyd, Esq., Agentis PLLC, 45 Almeria Avenue, Coral Gables, FL 33134; the chapter 7 trustee, Barry E. Mukamal PO Box 14183, Fort Lauderdale, FL 33302 and the Office of the United States Trustee, 51 S.W. First Avenue, Suite 1204, Miami, FL 33130.

Dated: July 8, 2026

Respectfully submitted,

**SCHWARTZ | BRESLIN, PLLC**
*Counsel for FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC*
The DuPont Building
169 East Flagler Street, Suite 700
Miami, Florida 33131
Tel.: 305-577-4626 | Fax: 305-577-4630

**By: s/ Jerrell Breslin**
Jerrell Breslin, Esq.
Fla. Bar No. 269573
JB@JSJB.Law | EService@JSJB.Law

Service List:

Yoel Getter
9705 Collins Ave Unit 2403
Miami Beach, FL 33154-2275
aka Yoel Elimelech Getter
aka Yoel C. Getter

Jesse R Cloyd
45 Almeria Avenue
Coral Gables, FL 33134
305-722-2002
Fax : 305-489-2698
Email: jrc@agentislaw.com

Trustee
Barry E Mukamal
PO Box 14183
Fort Lauderdale, FL 33302
786-517-5760

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130
(305) 536-7285