UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:
YOEL GETTER,
Debtor.
___________________________________/

Case No. 26-18907-CLC
Chapter 7

FVP SERVICING, LLC, FVP OPPORTUNITY FUND III, LP, and FVP INVESTMENTS LLC,

Plaintiffs,

v.

YOEL GETTER,

Defendant.
___________________________________/

Adv. No. __________

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)(A) AND § 523(a)(6)**

Plaintiffs FVP Servicing, LLC, for the benefit of FVP Opportunity Fund III, LP, and FVP Investments LLC (collectively, "FVP"), sue defendant-debtor Yoel Getter (the "Debtor") and allege:

**NATURE OF THE ACTION**

1. This is an adversary proceeding under Fed. R. Bankr. P. 7001(6) to determine that FVP's judgment debt — entered on a jury's verdicts that the Debtor committed fraudulent misrepresentation and conspiracy to commit fraud, and tortiously interfered with FVP's business relationships — is excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6).

**PARTIES, JURISDICTION, AND VENUE**

2. FVP are judgment creditors of the Debtor and parties in interest in

the above-captioned chapter 7 case.

3. The Debtor is the chapter 7 debtor in this case, with a last known address of 9705 Collins Ave, Unit 2403, Miami Beach, Florida 33154-2275.

4. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409(a). Pursuant to Fed. R. Bankr. P. 7008, FVP consents to the entry of final orders and judgment by this Court.

5. This Complaint is timely under Fed. R. Bankr. P. 4007(c), being filed before the sixtieth day after the first date set for the § 341(a) meeting of creditors.

**FACTUAL ALLEGATIONS**

6. FVP and the Debtor were parties to litigation styled *FVP Opportunity Fund III, LP, et al. v. Scott Zankl, et al.*, No. CACE-22-005125, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Florida Fraud Action").

7. In the Florida Fraud Action, FVP's Fourth Amended Complaint asserted against the Debtor, among other claims, Count I — fraudulent misrepresentation; Count II — conspiracy to commit fraud; and Count IV — tortious interference with a business relationship. Yoel Getter engineered the fraud against the FVP companies by using sham paperwork to make phantom debt look legitimate, directed others to secretly vacate then release then refile UCC's in the dead of night to entice the FVP Parties into loaning $7.5 million to his co conspirators and then siphon those loan proceeds to himself, and other coconspirators through a concealed, usurious, and fraud-tainted scheme.

8. On January 6, 2025, the state court entered a partial final judgment on liability against the Debtor. Damages were then tried to a jury from September 24, 2025 through October 1, 2025. The issues were presented to a jury, which was instructed on each count and returned specific verdicts against the Debtor on Count I (fraudulent misrepresentation), Count II (conspiracy to commit fraud), and Count IV (tortious interference). Exhibit 3.

9. On October 3, 2025, the state court entered its Final Judgment on Jury Verdict (For FVP Against Getter) (the "Final Judgment"), awarding FVP: on Count I, $7,500,000 in principal plus $1,341,219.72 in wrongful-act damages (after remittitur), totaling $8,841,219.72; on Count II, $8,841,219.72; and on Count IV, $7,500,000 — capped at a single recovery of $8,841,219.72, plus post-judgment interest under Fla. Stat. § 55.03(3). A certified copy of the Final Judgment is attached as Exhibit 1.

10. After judgment was entered, Getter tried to avoid the consequences by claiming lack of notice, but after hearing his testimony and weighing his demeanor, tone, answers, internal consistency, and plausibility, the Court rejected his excuses, found that he knowingly and intentionally evaded service, intentionally withheld his address from investigators, the process server, the clerk, and the Court, failed to exercise due diligence, had no excusable neglect, had no meritorious defense, and simply chose to ignore the case until the judgment came due.

11. The judgment Debtor has paid no portion of the Final Judgment. FVP has recovered $3,284,311.15 from settling third parties through May 14,

2026, which FVP applied solely to the Count I core-recovery principal (see FVP's Notice of Setoff and Updated Net Balance, filed December 16, 2025, Broward filing 237809034); no credit applies to the wrongful-act damages. Net of all credits and with statutory interest under Fla. Stat. § 55.03(3), the amount due is $5,971,306.34 as of the petition date (the "Judgment Debt"), with interest continuing to accrue.

12. The Final Judgment is final. The Debtor's motion to vacate the default and the Final Judgment was denied by order entered March 3, 2026, after a two-day evidentiary hearing at which the Debtor appeared, testified, and presented exhibits (Exhibit 2) — confirming that the Debtor received a full and fair opportunity to litigate. A writ of execution remains valid and outstanding.

**COUNT I — NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)**

13. FVP realleges paragraphs 1 through 12.

14. Section 523(a)(2)(A) excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud." The Judgment Debt is such a debt. *See Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 359-60 (2016).

15. The elements of fraudulent misrepresentation under Florida law — a false statement of material fact, knowledge of its falsity, intent to induce reliance, justifiable reliance, and resulting damage — mirror the elements of § 523(a)(2)(A). *In re St. Laurent*, 991 F.2d 672, 676 (11th Cir. 1993) (Florida fraud judgment preclusive in a § 523(a)(2)(A) proceeding).

16. The jury's specific verdicts and the resulting Final Judgment are entitled to collateral-estoppel effect under Florida preclusion law: the fraud issues were identical, were actually litigated at a jury trial at which FVP presented evidence and the jury was instructed on each element, were critical and necessary to the Final Judgment, and were decided under at least a preponderance standard. *Grogan v. Garner*, 498 U.S. 279, 284-85 (1991); *St. Laurent*, 991 F.2d at 675-76. Exhibit 3.

17. Unlike a bare default, the verdicts here rest on count-specific jury findings, so no ambiguity exists about the grounds of decision. *Cf. In re Harris*, 3 F.4th 1339, 1349-51 (11th Cir. 2021) (no preclusion where a general default rested on alternative theories). A default on liability followed by a trial on damages is entitled to preclusive effect. *In re Arguez*, 134 B.R. 55, 60 (Bankr. S.D. Fla. 1991); *accord In re Bentov*, 514 B.R. 907, 913-14 (Bankr. S.D. Fla. 2014); *In re Itzler*, 247 B.R. 546, 553 (Bankr. S.D. Fla. 2000).

18. Alternatively and independently, the Debtor in fact obtained FVP's money and property by false pretenses, false representations, and actual fraud, as FVP will prove in this proceeding. The Judgment Debt — including all interest, costs, and fees recoverable as part of the judgment — is nondischargeable under § 523(a)(2)(A) in its entirety. *Cohen v. de la Cruz*, 523 U.S. 213, 218-19, 223 (1998).

**COUNT II — NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)**

19. FVP realleges paragraphs 1 through 12.

20. Section 523(a)(6) excepts from discharge any debt “for willful and

malicious injury by the debtor to another entity or to the property of another entity." A deliberate fraud and an intentional, unjustified interference with business relationships that the actor intends to injure — or that is substantially certain to injure — satisfies the standard. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998).

21. The jury's verdicts on Counts I, II, and IV establish that the Debtor acted intentionally and without just cause to deceive FVP and to interfere with its business relationships, causing injury. The Judgment Debt is therefore independently nondischargeable under § 523(a)(6).

**PRAYER FOR RELIEF**

WHEREFORE, FVP respectfully requests judgment: (a) determining that the Judgment Debt, including all principal, interest, costs, and fees, is excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6); (b) awarding FVP its costs; and (c) granting such other relief as is just.

Dated: July 8, 2026

Respectfully submitted,
**SCHWARTZ | BRESLIN, PLLC**
*Counsel for FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC*
The DuPont Building
169 East Flagler Street, Suite 700
Miami, Florida 33131
Tel.: 305-577-4626 | Fax: 305-577-4630

**By: s/ Jerrell Breslin**
Jerrell Breslin, Esq.
Fla. Bar No. 269573
JB@JSJB.Law | EService@JSJB.Law