**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

YOEL GETTER,

Debtor. /

Case No.: 26-18907-CLC

Chapter 7

**DEBTOR'S OBJECTION TO JUDGMENT CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR CAUSE UNDER 11 U.S.C. § 362(D)(1), INCLUDING ANNULMENT OF THE STAY, AND WAIVER OF THE 14 DAY STAY OF FED. R. BANKR. P. 4001(A)(3)**

Debtor, YOEL GETTER (the "Debtor"), by and through undersigned counsel, objects to *Judgment Creditor's Motion for Relief from the Automatic Stay for Cause under 11 U.S.C. § 362(d)(1), including Annulment of the Stay, and Waiver of the 14 Day Stay of Bankr. P. 4001(a)(3)* (the "Motion") [Dkt. No. 6], filed by FVP Services, LLC, for the benefit of FVP Opportunity Fund III, LP and FVP Investments LLC (together, "FVP"), and states:

## RELEVANT BACKGROUND

1. FVP sued the Debtor, and multiple other parties, in litigation (the "State Court Litigation") styled as *FVP Opportunity Fund III, LP, et al. v. Scott Zankl, et al*, Case No. CACE22005125, pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "State Court").

2. On January 3, 2025, the State Court entered a Clerk's Default against the Debtor because the Debtor did not appear, file any papers or respond to the complaint.

3. On January 6, 2025, the State Court entered a partial default final judgment on liability against the Debtor because the Debtor did not appear, file any papers or respond to the complaint.

4. On October 3, 2025, a *Final Judgment* was entered in the State Court Litigation against Mr. Getter.

5. The Final Judgment was not actually litigated and was obtained via a clerk's default, a default judgment and jury trial on the issue of damages, at which Mr. Getter did not appear.

6. On July 8, 2026, the Debtor commenced this case by filing a voluntary petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date").

7. On July 9, 2026, FVP filed the Motion, which seeks stay relief to continue collection efforts on its Judgment against the Debtor and other third-parties.

8. On July 9, 2026, FVP filed its *Complaint to* Determine *Dischargeability of Debt Under 11 U..S.C.§ 523(a)(2)(A) and § 523(a)(6)* (the "Adversary Complaint") [Adv. Pro. No. 26-1239], which seeks a determination that the final judgment is non-dischargeable.

9. On July 31, 2026, the Debtor timely filed his Schedules and Statement of Financial Affairs (the "Schedules") [Dkt. No. 28]. Pursuant to the Schedules, the Debtor has multiple secured creditors, priority creditors and unsecured creditors with claims exceeding $18 million. Moreover, in addition to the State Court Litigation, there are least six other litigations currently pending against the Debtor, in multiple venues and jurisdictions.

10. The Section 341 Meeting of Creditors is currently scheduled for August 7, 2026, at 5:00 p.m. [Dkt. No. 4].

11. The Debtor has timely complied with all deadlines in this Bankruptcy Case.



agentis
Legal Advocates & Advisors

**OBJECTION**

12. The Court should deny the Motion because the Creditor has failed to demonstrate cause under section 362 of the Bankruptcy Code to obtain relief from the automatic stay to proceed against the Debtor, and property of the estate, outside of this bankruptcy case.

13. Section 362(d)(1) provides, in relevant part, that the Court shall grant relief from the automatic stay for "cause, including lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). The creditor or movant has the initial burden of establishing compelling grounds for lifting the automatic stay. *In re Makarewicz*, 121 B.R. 262, 264–65 (Bankr. S.D. Fla. 1990)

14. This initial burden is not insignificant. "[T]he automatic stay protects [a debtor] from expending energy and resources litigating claims in other forums, and this protection should not be casually viewed," *In re Video Cassette Games, Inc.,* 108 B.R. 347, 349 (Bankr. N.D. Ga. 1989).

15. Here, FVP argues that the automatic stay should be modified to allow it to proceed in its collection efforts on the Final Judgment because the Petition was filed in bad faith. The Motion is very short on actual facts, and FVP, in conclusory fashion, states that every Phoenix Piccadilly marker is present. However, this is simply not true.

16. First, the Phoenix Piccadilly factors apply in the context of a bad faith analysis in a corporate Chapter 11 reorganization, but do not apply to an individual Chapter 7 bankruptcy. Instead, Bankruptcy Courts in the 11th Circuit have often utilized the following multifactor analysis (which is not referenced or analyzed by FVP):

> [1] the debtor reduced his creditors to a single creditor in the months prior to filing the petition; [2] the debtor made no life-style adjustments or continued living an expansive or lavish life-style; [3] the debtor filed the case in response to a judgment, pending litigation, or collection action; [4] there is an intent to avoid

> a large, single debt; [5] the debtor made no effort to repay his debts; [6] the unfairness of the use of Chapter 7; [7] the debtor has sufficient resources to pay his debts; [8] the debtor is paying debts of insiders; [9] the schedules inflate expenses to disguise financial well-being; [10] the debtor transferred assets; [11] the debtor is over-utilizing the protections of the Code to the unconscionable detriment of creditors; [12] the debtor employed a deliberate and persistent pattern of evading a single major creditor; [13] the debtor failed to make candid and full disclosure; [14] the debtor's debts are modest in relation to his assets and income; and [15] there are multiple bankruptcy filings or other procedural "gymnastics".

United States v. McDaniel (In re McDaniel), 363 B.R. 239, 244, 20 Fla. L. Weekly Fed. D 736 (M.D. Fla. 2007)

17. Every one of these facts does not support a finding of bad faith.

a. Factor 1 does not support bad faith. The Debtor has multiple creditors listed in its Schedules and has not reduced the number of creditors to a single creditor.

b. Factor 2 does not support bad faith. The Debtor is not living a lavish lifestyle. He does not own a vehicle for his own use (a Volvo is leased for the benefit of his son), and the Debtor currently resides at a property owned by his brother, that is fully furnished.

c. Factor 3 does not support bad faith. This is not a two party dispute. The Debtor has multiple creditors, with significant claims, and is a party to multiple lawsuit pending in venues across the county. In the Motion, FVP baselessly argues that the Debtor somehow was able to perfectly time this bankruptcy filing to happen only hours prior to the entry of orders granting proceedings supplementary in the State Court Litigation. It was not possible for the Debtor to time his bankruptcy filing this perfectly as he did not know when the State Court would entry the subject orders, if ever. The Debtor filed this case in good faith seeking to obtain a fresh start.

d. Factor 4 does not support bad faith. This case was not filed for a single debt, but was filed in order for the Debtor to obtain a fresh start. The Debtor has multiple creditors and claims that necessitated the filing of this bankruptcy case.

e. Factor 5 does not support bad faith. The Debtor does not currently have any income or the financial wherewithal to repay his debts. Despite this, FVP admits that it has been able to settle with third-parties and reduce the judgment amount by over $3 million.



agentis
Legal Advocates & Advisors

f. Factor 6 does not support bad faith. The Debtor has filed this bankruptcy case to facilitate a fresh start and orderly distribution of his assets.

g. Factor 7 does not support bad faith. The Debtor has no income and likely has claims in excess of $18 million.

h. Factor 8 does not support bad faith. The Debtor is not paying insiders, and there are no allegations by FVP that this is occurring.

i. Factor 9 does not support bad faith. The Schedules do not inflate expenses.

j. Factor 10 does not support bad faith. Other than the sale of two vehicles, which funds were disbursed under the Marital Settlement Agreement, the Debtor has not transferred any assets.

k. Factors 11, 12 and 15 do not support bad faith. This is the Debtor's first bankruptcy filing. The bankruptcy was filed seeking a fresh start for the Debtor and to facilitate a fair and orderly distribution of his assets. As stated above, the Debtor has multiple creditors and liabilities, and this case was not filed solely due to a single creditor.

l. Factor 13 does not support bad faith. There have been no allegations that the Debtor has not made candid and full disclosures in this bankruptcy case. The Debtor has timely filed his Schedules and provided the necessary documents to the Chapter 7 Trustee in advance of the meeting of creditors.

m. Factor 14 does not support bad faith. As stated in his Schedules, the Debtor has few assets, but very large liabilities.

18. Accordingly, none of the relevant factors support FVP's bad faith allegations.

19. Moreover, in addition to the above factors, "courts also seek to protect the debtor's fresh start and to facilitate the fair and orderly distribution of assets" in Chapter 7 cases. *In re Ripley & Hill, P.A.,* 176 B.R. at 598. "[E]nsuring a 'fresh start' for individual debtors," Justice Souter reminds us, "[is] at the core of federal bankruptcy law." *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 563, 114 S. Ct. 1757, 128 L. Ed. 2d 556 (1994) (Souter, J., dissenting).

20. Here, the Debtor seeks a fresh start as provided by the Bankruptcy Code and seeks to use this bankruptcy case to facilitate a fair and orderly distribution of his assets. The

amount of claims and pending litigation underscores the need for this bankruptcy case, as without the bankruptcy stay, the creditors would be in a race to the courthouse.

21. Additionally, because there is no basis to lift the automatic stay, FVP's request to annul the automatic stay should be similarly denied. The Debtor could not have predicted when the subject orders would be entered, and this bankruptcy case was not filed to stop the entry of those orders. Nonetheless, the orders entered by the State Court after the filing of the Petition are void. *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982) (actions "taken in violation of the automatic stay are void and without effect.").

22. Any and all causes of action to collect on the Final Judgment, whether against the Debtor or against any third-parties, now belong solely to the Chapter 7 Trustee. Voiding the proceedings supplementary orders does not provide a "windfall" as alleged by FVP, instead, it will reinforce fundamental bankruptcy principals by imposing the automatic stay, stopping a race to the courthouse and allowing the Chapter 7 Trustee to orderly liquidate and distribute the assets of the Debtor for the benefit of all creditors.

23. Last, the Debtor disputes FVP's allegations that the Final Judgment is non-dischargeable. FVP has filed an adversary complaint which is still in the pleading stage. The Debtor believes that it has a meritorious defenses to the adversary proceeding, including but not limited to, the fact that the final judgment was not actually litigated.

24. Accordingly, the Motion should be denied.

**WHEREFORE**, the Debtor requests the entry of an order denying the Motion, and granting such other and further relief that the Court may deem just and proper.



agentis
Legal Advocates & Advisors

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on August 4, 2026.

AGENTIS PLLC
***Counsel for Debtor***
45 Almeria Avenue
Coral Gables, FL 33134
T. 305.722.2002
www.agentislaw.com

By: */s/ Jesse R. Cloyd*
Jesse R. Cloyd
Florida Bar No: 58388
jrc@agentislaw.com

**26-18907-CLC Notice will be electronically mailed to:**

Jerrell A Breslin on behalf of Creditor FVP Servicing LLC
jb@jsjb.law, eservice@jsjb.law

Jerrell A Breslin on behalf of Plaintiff FVP Investments LLC
jb@jsjb.law, eservice@jsjb.law

Jerrell A Breslin on behalf of Plaintiff FVP Opportunity Fund III, LP
jb@jsjb.law, eservice@jsjb.law

Jerrell A Breslin on behalf of Plaintiff FVP Servicing LLC
jb@jsjb.law, eservice@jsjb.law

Albert Anthony Ciardi, III on behalf of Creditor Deerfield Capital, LLC
aciardi@ciardilaw.com, sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

Jesse R Cloyd on behalf of Debtor Yoel Getter
jrc@agentislaw.com,
bankruptcy@agentislaw.com;nsocorro@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com

Patrick R Dorsey on behalf of Creditor Franklin Capital Funding, LLC
pdorsey@slp.law,
dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com;mortman@slp.law

Lindsay Karten on behalf of Creditor FVP Servicing LLC
lindsay@kartenlegal.com

Lindsay Karten on behalf of Plaintiff FVP Investments LLC
lindsay@kartenlegal.com

Lindsay Karten on behalf of Plaintiff FVP Opportunity Fund III, LP
lindsay@kartenlegal.com

Lindsay Karten on behalf of Plaintiff FVP Servicing LLC
lindsay@kartenlegal.com

Barry E Mukamal
bemtrustee@kapilamukamal.com, FL64@ecfcbis.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robert A. Stok, Esq. on behalf of Creditor M&M Structural Construction, LLC
rstok@stoklaw.com, service@stoklaw.com;ssolis@stoklaw.com;fcarmona@stoklaw.com

Charles M Tatelbaum on behalf of Creditor Volvo Car Financial Services
cmt@trippscott.com, aaa@trippscott.com;eservice@trippscott.com;bankruptcy@trippscott.com



agentis
Legal Advocates & Advisors