# VERIFIED RETURN OF SERVICE

**State of Florida** **County of SOUTHERN DISTRICT OF FLORIDA** **U.S. Bankruptcy Court**

Case Number: 26-18907 Court Date: 9/15/2026 10:00 am

Plaintiff: **FVP SERVICING, LLC; FVP OPPORTUNITY FUND III, LP; FVP INVESTMENTS LLC**
vs.
Defendant: **YOEL GETTER**

For:
lindsay karten
Lindsay Karten P A
3386 Churchill Drive
boynton beach, Fl 33435

Received by Pro Legal Serve LLC on the 11th day of August, 2026 at 7:52 pm to be served on **SKYTOP GRP, LLC C/O YOEL GETTER, REGISTERED AGENT, 9705 COLLINS AVE, UNIT 2403, BAY HARBOUR, FL 33154**.

I, Lazaro Ordaz, do hereby affirm that on the **31st day of August, 2026** at **3:45 pm, I:**

served **SKYTOP GRP, LLC C/O YOEL GETTER, REGISTERED AGENT** by service upon its Registered Agent pursuant to **section 48.062(5)(a), Florida Statutes**, in accordance with **section 48.031(1)(a), Florida Statutes**.

Prior to service, the Company's **latest annual report, as most recently amended**, filed with the Florida Department of State was reviewed, which lists **The Registered Agent's** address as **9705 COLLINS AVE, UNIT 2403, BAY HARBOUR, FL 33154**. The registered agent address listed on the latest annual report is a **residence**.

Accordingly, and in compliance with **section 48.031(1)(a), Florida Statutes**, I served process by **leaving** a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A BANKRUPTCY CASE**, with the date and hour of service endorsed thereon by me, **at the registered agent's usual place of abode**, with **Amy Vargas**, a person **residing therein** who is **15 years of age or older**, and I **informed** said person of the contents.

**Description** of Person Served: Age: 25 to 30, Sex: F, Race/Skin Color: Hispanic, Height: 5'4" to 5'5", Weight: 140 to 150, Hair: Light Brown, Glasses: N, Eyes: Brown

I certify that I am over the age of 18, have no interest in the above action and am a Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing Return of Service and the facts stated are true and correct.
NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**Lazaro Ordaz**
CPS # 2319

**Pro Legal Serve LLC**
**335 E Linton Blvd., Ste. 2238**
**Delray Beach, FL 33483**
**(561) 203-5679**

Our Job Serial Number: PLV-2026005338

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V

| | |
|---|---|
| DELIVERED | 08/31/2026 03:45 PM |
| SERVER | LO |
| LICENSE | CPS # 2319 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**In re: YOEL GETTER, aka Yoel Elimelech Getter,**

**aka Yoel C. Getter,**

**Debtor.**

**Case No. 26-18907-CLC**

**Chapter 7**

______________________________________/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A BANKRUPTCY CASE**

**To:** SKYTOP GRP, LLC, a Florida limited liability company c/o Yoel Getter, Registered Agent, **9705 COLLINS AVE, UNIT 2403, BAY HARBOUR, FL 33154**,

☒ **Production:** YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **see Schedule A attached hereto and incorporated by reference.**

| | |
|---|---|
| **PLACE** | Lindsay Karten, P.A.<br>Office 55<br>55 SW 2nd Avenue<br>Delray Beach, FL 33444<br>**(Do not mail documents to this address)** |
| **DATE AND TIME** | September 15, 2026, at 10:00 a.m. |

**In lieu of appearance, the recipient may comply by delivering legible copies of the requested documents and electronically stored information to the issuing attorney at Lindsay Karten, P.A., 3386 Churchill Dr, Boynton Beach, FL 33435**, or by electronic transmission to Lindsay@KartenLegal.com, on or before the date and time stated above.

☐ **Inspection of Premises:** YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the

requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. *(Not applicable.)*

The following provisions of Federal Rule of Civil Procedure 45, made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9016, are attached — Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Date:** August 11, 2026

CLERK OF COURT

Signature of Clerk or Deputy Clerk

OR

**/s/Lindsay Karten, Esq.**

Signature of Attorney

The name, address, email address, and telephone number of the attorney representing the Judgment Creditors, **FVP Servicing, LLC, for the benefit of FVP Opportunity Fund III, LP, and FVP Investments LLC**, who issues or requests this subpoena, are:

Lindsay Karten, Esq. (Fla. Bar No. 30869) Lindsay Karten, P.A., 3386 Churchill DR, Boynton Beach, FL 33435 Tel: (561) 839-3223
Lindsay@KartenLegal.com | LindsayKarten@gmail.com

**SCHEDULE A — DOCUMENTS TO BE PRODUCED**

**Relevant Period.** Unless otherwise stated, each request covers the period from the inception of Skytop GRP, LLC in June 2025 through the date of production.

**Definitions.** “Skytop” or “the Company” means Skytop GRP, LLC and any predecessor, successor, subsidiary, division, or assumed name, and any person acting on its behalf. “Yoel Getter” means Yoel Getter, also known as Yoel Elimelech Getter and Yoel C. Getter, and any person acting on his behalf. “Document” and “communication” have the broadest meaning permitted under Fed. R. Civ. P. 34 and 45 and include electronically stored information (ESI) in native format with metadata intact.

**Documents Requested:**

1. **Ownership records.** All ownership records of Skytop, including the Articles of Organization and any amendments, the Operating Agreement and any amendments, membership certificates, the

membership ledger, capital-account records, and any documents identifying the members, managers, officers, authorized signatories, or beneficial owners of Skytop.

2. **Control and beneficial-interest records.** All documents identifying any person with direct or indirect ownership of, or managerial control over, Skytop, including any agreement, side letter, nominee or straw-ownership arrangement, and any beneficial-ownership, "know your customer" (KYC), or anti-money-laundering (AML) certification provided to any bank or third party.
3. **Documents concerning Yoel Getter's role.** All documents and communications reflecting or concerning any role of Yoel Getter with respect to Skytop as owner, member, manager, officer, signatory, or otherwise, including any instruction from or to Yoel Getter regarding the Company.
4. **Bank records.** All bank records of Skytop, including bank statements, wire-transfer records, ACH records, canceled checks, deposit records and slips, records of electronic transfers, signature cards, and account-opening documents, for every account in the name of or controlled by Skytop.
5. **Payments to or for Yoel Getter.** All records reflecting payments made to Yoel Getter, including salary, distributions, loans, reimbursements, or transfers, and all records reflecting payments made on behalf of, or for the benefit of, Yoel Getter.
6. **Payments to Getter-related entities.** All records reflecting payments made to or on behalf of any entity owned in whole or in part, or controlled, by Yoel Getter.
7. **Formation and registration.** The Company's Employer Identification Number (IRS Form SS-4) application, and all filings with the Florida Division of Corporations or any other jurisdiction relating to the Company's formation, ownership, or control.

**RULE 45(c), (d), (e), AND (g) NOTICE**

*Federal Rule of Civil Procedure 45(c) (**Fed. R. Bankr. P. 9032**), (d), (e), and (g), made applicable by Fed. R. Bankr. P. 9016, are set forth in full below.*

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person

resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(2)(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made: (i) at any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection; and (ii) these acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)(A) Quashing or Modifying a Subpoena – When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

**(3)(B)-(C) When Permitted; Specifying Conditions as an Alternative.** To protect a person subject to or affected by a subpoena, the court for

the district where compliance is required may, on motion, quash or modify the subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information, or disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. In those circumstances, the court may instead order appearance or production under specified conditions if the serving party shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)(A)-(C) Producing Documents or Electronically Stored Information.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. The person responding need not produce the same electronically stored information in more than one form.

**(1)(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must expressly make the claim, and describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under

seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**PROOF OF SERVICE**

*(This section is not to be filed with the court unless required by Fed. R. Civ. P. 45(a)(4).)*

I received this subpoena for SKYTOP GRP, LLC, c/o Yoel Getter, Registered Agent, on 8/11/, 2026.

☒ I served the subpoena by delivering a copy to the named person as follows: Amy Vargas on 8-31-26 3:45p, 2026; or

☐ I returned the subpoena unexecuted because: ______________________.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance and the mileage allowed by law, in the amount of $ 40.

My fees are $ 5 for travel and $ 20 for services, for a total of $ 25.

I declare under penalty of perjury that this information is true and correct.

**Date:** 9-3-, 2026

______________________
Server's signature

LAZARO ORDAZ #2319
Printed name and title

Server's address: 286 nw 29th st, miami, FL, 33127

Additional information regarding attempted service, etc.: