**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

YOEL GETTER,

Debtor.
_______________________________________/

Case No.: 26-18907-CLC

Chapter 7

**DEBTOR'S MOTION FOR PROTECTIVE ORDER LIMITING DEPOSITION DISCOVERY TO THE SCOPE OF THE CONTESTED MATTER ON THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Debtor, YOEL GETTER (the "Debtor"), by and through undersigned counsel, moves (the "Motion"), pursuant to Federal Rules of Civil Procedure §§ 26(c) and 30(d)(3), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure §§ 9014(c), 7026 and 7030, for a protective order limiting the deposition noticed by FVP to matters relevant to *Judgment Creditor's Motion for Relief from the Automatic Stay for Cause under 11 U.S.C. § 362(d)(1), including Annulment of the Stay, and Waiver of the 14 Day Stay of Bankr. P. 4001(a)(3)* (the "Motion for Stay Relief") [Dkt. No. 6], filed by FVP Servicing, LLC, for the benefit of FVP Opportunity Fund III, LP and FVP Investments LLC (together, "FVP"), and states:

## RELEVANT BACKGROUND

### A. The Motion for Stay Relief.

1. On July 8, 2026, FVP filed the Motion for Stay Relief. The Motion for Stay Relief seeks relief from the automatic stay for cause under section 362(d)(1), annulment of the stay retroactive to the petition date, and waiver of the fourteen-day stay of Fed. R. Bankr. P. § 4001(a)(3), due to FVP's allegation that the Debtor filed this bankruptcy case in bad faith.



agentis Legal Advocates & Advisors
45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

2. The Motion for Stay Relief frames the bad faith issue by reference to the timing of the petition, FVP's lack of success in collecting on the judgment, the number of creditors, and the entry of the state court's July 8, 2026 orders. Motion ¶¶ 12–13.

3. The Motion for Stay Relief treats FVP's judgment as resolved. It states that "[t]he judgment is final and fully liquidated; nothing remains but enforcement." Motion ¶ 14.

4. On August 4, 2026, the Debtor objected to the Motion for Stay Relief [Dkt. No. 34].

5. On August 6, 2026, the Court conducted a preliminary hearing on the Motion for Stay Relief, and ordered that an evidentiary hearing on the bad faith issue raised by the Motion for Stay Relief.

6. On August 14, 2026, FVP filed its *Amended Notice of Taking Deposition via Zoom Videoconference* [Dkt. No. 42] (the "Notice of Deposition"), which notices a deposition of the Debtor, and further states that the "deposition is being taken for the purpose of discovery, for use at the evidentiary hearing on FVP's Motion for Relief from Stay …" *See* Notice of Deposition, at p. 1.

7. On August 25, 2026, the Court entered its *Agreed Order Setting Evidentiary Hearing on Judgment Creditor's Motion for Relief from the Automatic Stay for Cause Under 11 U.S.C. § 362(D)(1), including Annulment of the Stay, and Waiver of the 14 Day Stay of Fed. R. Bankr. P. 4001(A)(3)* (the "Scheduling Order") [Dkt. No. 54]. Pursuant to the Scheduling Order, "the Court determined that an evidentiary hearing is necessary to address Debtor, Yoel Getter's ("Debtor"), alleged bad faith in connection with the Motion to Lift Stay." *See* Scheduling Order, at p. 1. Further, the Scheduling Order scheduled an evidentiary hearing on the Motion for Stay



agentis
Legal Advocates & Advisors
45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

Relief, "and more specifically the issues of bad faith alleged in the Motion to Lift Stay." *Id.* at ¶ 1.

**B. The Nondischargeability Adversary Proceeding.**

8. Separately, on July 8, 2026, FVP filed an adversary complaint against the Debtor, *FVP Servicing, LLC, et al. v. Getter*, Adv. Pro. No. 26-01239-CLC (the "Adversary Proceeding"), seeking a determination that its judgment debt is excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6).

9. The Adversary Proceeding concerns alleged conduct that occurred in 2021 and 2022.

10. The Adversary Proceeding remains in the pleading stage. The Debtor moved to dismiss the original complaint on August 24, 2026 [Adv. Dkt. No. 11]. FVP filed an Amended Complaint on September 2, 2026 [Adv. Dkt. No. 13], and the Debtor's response is currently due on September 16, 2026.

11. On September 4, 2026, FVP filed *Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, and Incorporated Memorandum of Law* (the "Motion for Summary Judgment") [Adv. Dkt. No. 14], which requests the entry of a summary judgment on the basis that there is no genuine issue of material fact.

**C. The Deposition Related to the Motion for Stay Relief.**

12. The deposition proceeded on September 4, 2026, pursuant to the Notice of Deposition.

13. At the deposition, counsel for FVP attempted to use the deposition for purposes of the Adversary Proceeding and attempted to conduct a wider fishing expedition under Rule 2004. More specifically, counsel for FVP attempted to depose the Debtor on the following topics:



agentis Legal Advocates & Advisors
45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

a. Service of a subpoena on Skytop GRP LLC;

b. Whether the Debtor lived with a woman;

c. The Debtor's current employment;

d. The amount of post-petition attorney's fees paid to undersigned counsel on behalf of the Debtor;

e. The facts underlying the state court lawsuit filed by FVP against the Debtor, which resulted in a judgment against Mr. Getter; and

f. The allegations in the Amended Complaint.

14. Undersigned counsel objected on multiple occasions that these questions were outside the scope of the Notice of Deposition, but Alan Karten, counsel for FVP, insisted on deposing the Debtor on these topics.

15. Counsel for FVP refused to stay within the scope of this contested matter, and its own Notice of Deposition, and the parties suspended the deposition to seek Court intervention.

## ARGUMENT

16. Rule 9014(c) makes Rules 7026 and 7028 through 7037 applicable in a contested matter. Fed. R. Bankr. P. 9014(c). Discovery in this contested matter is therefore governed by Federal Rule of Civil Procedure 26, made applicable by Fed. R. Bankr. P. 7026.

17. Rule 26(b)(1) sets the outer limit of discovery. A party may obtain discovery of any nonprivileged matter "that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In a contested matter, the claims and defenses are those raised by the motion that created it.

18. Rule 26(c)(1) authorizes this Court, for good cause, to issue an order protecting a party from annoyance, oppression, or undue burden or expense, including an order "forbidding

inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

19. Rule 30(d)(3) supplies a second, independent basis. A deponent or a party may move during a deposition "to terminate or limit it," and "[t]he deposition must be suspended for the time necessary to obtain an order." Fed. R. Civ. P. 30(d)(3)(A), (B). That is what occurred here.

20. Here, the Court should enter a protective order limiting the scope of the deposition to those issues raised in the Motion for Stay Relief. First, the question before the Court on the Motion for Stay Relief is whether cause exists under section 362(d)(1). The issue is very narrow, and FVP has confined that inquiry to whether the petition was filed in bad faith. The only allegations related to bad faith in the Motion for Stay Relief are as follows: that the petition "was filed to avoid a single large judgment debt"; that the Debtor "deliberately and persistently evaded enforcement for nine months"; that "the filing came the very day the § 56.29 orders were to be entered"; and that "the dispute is between one creditor group and one debtor." Motion for Stay Relief ¶ 13.

21. The scope of the deposition in the contested matter should be confined to the issues raised in the Motion for Stay Relief.

22. Second, FVP admits that it does not need any discovery currently on the allegations in the Adversary Proceedings, as it has just filed a motion for summary judgment and argues that there is no genuine issue of material fact in the Adversary Proceeding.

23. Third, discovery in the Adversary Proceeding is governed by Rules 7026 through 7037 and is taken in that proceeding. The Notice of Deposition was served in the main case, and states that the scope of the deposition is confined to the Motion for Stay Relief. In the event that

FVP would like to take the deposition in the adversary proceeding, it should be noticed properly so that the Debtor can adequately prepare for the deposition.

24. It was clear by the line of questioning pursued by FVP at the deposition, that it had no intention of examining the Debtor on the issues in the Motion for Stay Relief. Instead, FVP was using the deposition as both a Rule 2004 examination and also to examine the Debtor on facts related to the Adversary Proceeding, without giving the Debtor proper notice.

**WHEREFORE**, the Debtor requests the entry of an order: (i) granting this Motion; (ii) limiting the scope deposition to the bad faith allegations in the Motion for Stay Relief; (iii) forbidding inquiry into the subject matter of the Adversary Proceeding except through discovery served in the Adversary Proceeding under Fed. R. Bankr. P. 7026 through 7037; and (iv) granting such other and further relief that the Court may deem just and proper.

AGENTIS PLLC
***Counsel for Debtor***
45 Almeria Avenue
Coral Gables, FL 33134
T. 305.722.2002
www.agentislaw.com

By: *__/s/ Jesse R. Cloyd__*
Jesse R. Cloyd
Florida Bar No: 58388
jrc@agentislaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on September 9, 2026.

By: *_/s/ Jesse R. Cloyd_*
Jesse R. Cloyd
Florida Bar No: 58388
jrc@agentislaw.com

**26-18907-CLC Notice will be electronically mailed to:**

Jerrell A Breslin on behalf of Creditor FVP Servicing LLC
jb@jsjb.law, eservice@jsjb.law

Jerrell A Breslin on behalf of Plaintiff FVP Investments LLC
jb@jsjb.law, eservice@jsjb.law

Jerrell A Breslin on behalf of Plaintiff FVP Opportunity Fund III, LP
jb@jsjb.law, eservice@jsjb.law

Jerrell A Breslin on behalf of Plaintiff FVP Servicing LLC
jb@jsjb.law, eservice@jsjb.law

Albert Anthony Ciardi, III on behalf of Creditor Deerfield Capital, LLC
aciardi@ciardilaw.com, sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

Jesse R Cloyd on behalf of Debtor Yoel Getter
jrc@agentislaw.com,
bankruptcy@agentislaw.com;nsocorro@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com

Jesse R Cloyd on behalf of Defendant Yoel Getter
jrc@agentislaw.com,
bankruptcy@agentislaw.com;nsocorro@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com

Patrick R Dorsey on behalf of Creditor Franklin Capital Funding, LLC
pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com;mortman@slp.law

Lindsay Karten on behalf of Creditor FVP Servicing LLC
lindsay@kartenlegal.com

Lindsay Karten on behalf of Plaintiff FVP Investments LLC
lindsay@kartenlegal.com

Lindsay Karten on behalf of Plaintiff FVP Opportunity Fund III, LP
lindsay@kartenlegal.com

Lindsay Karten on behalf of Plaintiff FVP Servicing LLC
lindsay@kartenlegal.com

Barry E Mukamal
bemtrustee@kapilamukamal.com, FL64@ecfcbis.com

Barry E Mukamal on behalf of Trustee Barry E Mukamal
bemtrustee@kapilamukamal.com, FL64@ecfcbis.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Eric J Silver on behalf of Trustee Barry E Mukamal
esilver@stearnsweaver.com,
jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com

Jaitegh Singh on behalf of Creditor Bilyk Investment Group LLC
jsingh@singhfirm.com, pacer@singhfirm.com

Robert A. Stok, Esq. on behalf of Creditor M&M Structural Construction, LLC
rstok@stoklaw.com, service@stoklaw.com;ssolis@stoklaw.com;fcarmona@stoklaw.com

Charles M Tatelbaum on behalf of Creditor Volvo Car Financial Services
cmt@trippscott.com, aaa@trippscott.com;eservice@trippscott.com;bankruptcy@trippscott.com