**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**In re:** **Case No. 26-18907-CLC**

**YOEL GETTER, aka Yoel Elimelech Getter, aka Yoel C. Getter,** **Chapter 7**

**Debtor.**
_______________________________________/

**JUDGMENT CREDITORS' MOTION TO COMPEL NON-PARTY SKYTOP GRP, LLC'S COMPLIANCE WITH SUBPOENA AND INCORPORATED MEMORANDUM OF LAW**

Judgment Creditors FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC (collectively, the "Judgment Creditors"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 45, made applicable in this bankruptcy case by Federal Rule of Bankruptcy Procedure 9016, and Local Rules 7026-1, 9013-1, and 9014-1 of the United States Bankruptcy Court for the Southern District of Florida, respectfully move this Court for the entry of an Order (i) overruling any objections of non-party Skytop GRP, LLC ("Skytop") and compelling Skytop to produce all documents responsive to the subpoena served upon it on August 31, 2026; (ii) directing that production be made within seven (7) days of the Order; and (iii) awarding the Judgment Creditors their reasonable attorneys' fees and costs incurred in bringing this Motion, together with such other and further relief as the Court deems just and proper. In support, the Judgment Creditors state as follows.

## MEMORANDUM OF LAW

### I. PRELIMINARY STATEMENT

This Motion seeks nothing that a Court has not already required of Skytop. Skytop is a Florida limited liability company wholly owned, managed, and controlled by the debtor, Yoel Getter ("Getter"). In post-judgment proceedings in the Circuit Court for Broward County, that court overruled Skytop's objections and ordered Skytop to produce substantially the same categories of records now sought; Skytop never complied. The Judgment Creditors then served the subpoena at issue in this bankruptcy case to obtain records bearing directly on the debtor's assets and transfers. Skytop has again produced nothing and served no objection. Because the subpoena was validly served, seeks plainly discoverable records, and has been met with silence, the Court should compel production and award fees.

## II. FACTUAL BACKGROUND

1. Getter is the debtor in this Chapter 7 case. On August 11, 2026, the Judgment Creditors issued a subpoena to Skytop, a Florida limited liability company, commanding the production of documents concerning Skytop's ownership and control, its bank records, and payments to or for the benefit of Getter and entities he controls, for the period from Skytop's June 2025 inception through the date of production. A true copy of the subpoena is attached as Exhibit A.

2. The subpoena commanded production by September 15, 2026, at 10:00 a.m., and permitted compliance by delivery or electronic transmission of the responsive documents to the issuing attorney on or before that date and time. (Ex. A.)

3. Skytop was served on August 31, 2026. As set out in the Verified Return of Service (filed at ECF No. 63 and attached as Exhibit B), the process server left a true copy of the subpoena at the registered agent's usual place of abode, 9705 Collins Avenue, Unit 2403, Bay Harbour, Florida — the registered agent's address — with a resident fifteen years of age or older, who stated that she was authorized to accept service, and informed her of its contents.

4. Skytop's registered agent is Getter himself, who is also Skytop's manager and the signatory of its Articles of Organization. (Ex. C.) The address designated in Skytop's Articles of Organization — 1135 Kane Concourse, 6th Floor, Bay Harbor Islands, Florida — is no longer a valid address for the registered agent, who has left that location and filed no forwarding address. Getter resides at 9705 Collins Avenue, where service was made. [Exhibit E]

5. This is not the first time Skytop has been ordered to produce these records. In the Judgment Creditors' post-judgment collection action, *FVP Opportunity Fund III, LP, et al. v. Zankl, et al.*, No. CACE22005125 (Fla. 17th Jud. Cir., Broward County.), Skytop appeared through counsel and moved to quash a materially identical subpoena. By Order dated March 12, 2026 (attached as Exhibit D), the Circuit Court denied the motion, overruled Skytop's objections in part, and ordered Skytop to produce ownership records, bank records, and records of payments to or for Getter within twenty (20) days, retaining jurisdiction to enforce. Skytop never complied. Skytop did not challenge service in that proceeding.

6. Getter has admitted under oath that he owns Skytop. In his Marital Settlement Agreement dated July 15, 2025, Getter represented that he retains "as his sole and exclusive property" a list of businesses "including, but not limited to . . . Skytop Group, LLC," among others.

7. The subpoena's compliance deadline has now passed. Skytop has produced no documents and has served no written objection.

## III. ARGUMENT

### A. Rule 45 Authorizes the Court to Compel a Non-Party's Compliance with a Document Subpoena.

Federal Rule of Civil Procedure 45 applies in bankruptcy cases in full. Fed. R. Bankr. P. 9016. Where a person commanded to produce documents fails to comply, "the serving party may move the court for the district where compliance is required for an order compelling production." Fed. R. Civ. P. 45(d)(2)(B)(i). This Court is the court where compliance is required: the subpoena issued from this Court in this pending case, and compliance was directed to the Judgment Creditors' counsel in this District. Rule 45 — not Rule 37 — supplies the mechanism for enforcing a document subpoena against a non-party. *See In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014). The scope of the subpoena is coextensive with the broad scope of discovery, and the records sought here plainly qualify.

**B. Skytop Was Validly Served.**

Although Skytop has not appeared to contest service, the Judgment Creditors anticipate that Skytop may claim the subpoena was not personally delivered. Any such argument fails.

*1. Rule 45 requires only service reasonably calculated to ensure receipt.*

Rule 45(b)(1) requires that a subpoena be served by "delivering a copy to the named person," but does not require in-hand personal delivery. The Southern District of Florida and the recent weight of Florida federal authority hold that Rule 45 "requires service in a manner that reasonably [e]nsures actual receipt of the subpoena by the witness," and that substitute service satisfies the Rule. *In re Viacao Itapemirim, S.A.*, 608 B.R. 268, 272–73 (Bankr. S.D. Fla. 2019); *accord In re Procom Am., LLC*, 638 B.R. 634, 640–41 (Bankr. M.D. Fla. 2022); *TracFone Wireless, Inc. v. Nektova Grp., LLC*, 328 F.R.D. 664, 667 (S.D. Fla. 2019); *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019). Courts applying this

standard have upheld service left with a spouse, relative, or housekeeper at the witness's residence. *Viacao Itapemirim*, 608 B.R. at 273. Service here was made at the registered agent's residence, with a resident who confirmed her authority to accept it, and reached an agent who is also the debtor—leaving no genuine question of actual receipt. On materially identical facts, the court in *In re Combs* held that substitute service of a subpoena on the debtor at a Florida residence effectively reached a non-party the debtor served as manager and registered agent. 668 B.R. 896, 902–05 (Bankr. M.D. Fla. 2025). The older, contrary view requiring in-hand delivery rests on *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968), which gave no reasoning and addressed only service of a party's subpoena on that party's counsel; it does not govern substitute service on a non-party. *See Combs*, 668 B.R. at 903 n.6.

*2. Service also satisfied Florida law, which Skytop's own noncompliance triggered.*

Florida law independently authorized the manner of service used here. Where the address of a limited liability company's registered agent on its latest annual report is a residence, service may be made on the registered agent, or on any member or manager, in accordance with section 48.031, Florida Statutes. Fla. Stat. § 48.062(5). Section 48.031(1)(a) permits service by leaving a copy "at [the person's] usual place of abode with any person residing therein who is 15 years of age or older" — precisely what occurred. Separately, section 48.062(3) authorizes service on any manager or member where the registered agent "cannot otherwise be served after one good faith attempt because of a failure to comply with this chapter or chapter 605." Fla. Stat. § 48.062(3). Skytop caused exactly that failure: Florida law required Skytop to keep its registered office open and staffed to accept process during specified hours, Fla. Stat. § 48.091(3), to "designate and continuously maintain" a registered agent whose address is identical to the registered office, Fla. Stat. § 605.0113(1), and to update the registered-agent

address upon any change, Fla. Stat. §§ 605.0114, 605.0116. Skytop did none of these things at its designated Kane Concourse address. A non-party cannot defeat service by pointing to the very statutory noncompliance that made substitute service necessary.

*3. Skytop waived any objection to service.*

Skytop already litigated a materially identical subpoena in the state collection action, where it was served in the same manner, appeared through counsel, and moved to quash on scope and objection grounds — without ever challenging service. (Ex. D.) A non-party that appears and contests a subpoena on the merits without raising a service defect forfeits the objection. Its prior acceptance of service by the same means confirms that the method was reasonably calculated to bring the subpoena to Skytop's attention.

**C. The Documents Sought Are Plainly Discoverable.**

The subpoena seeks Skytop's ownership records, bank records, and records of payments to or for the benefit of the debtor and entities he controls. His interest in Skytop is property of this bankruptcy estate, and Skytop's ownership, control, and financial records directly bear on identifying and recovering estate assets and on transfers involving the debtor. The Circuit Court already determined that these same categories are discoverable and ordered their production. (Ex. D.) Skytop's relevance and burden objections — to the extent it revives them — have been rejected once and lack merit.

**D. Skytop's Total Failure to Respond Warrants an Order Compelling Production and an Award of Fees.**

A person served with a document subpoena must either comply, serve a written objection within the time allowed by Rule 45(d)(2)(B), or move to quash. Skytop has done none of these.

Its failure to serve a timely objection forfeits the objections it might otherwise have raised. *See In re 400 Walnut Assocs., L.P.*, 475 B.R. 217, 230–33 (Bankr. E.D. Pa. 2012); *cf. In re Plise*, 506 B.R. at 878–79 (a timely objection is what relieves a non-party of the duty to produce pending a compulsion order). The Court should therefore compel production. Should Skytop persist in its refusal, the Court is empowered to hold it in contempt under Rule 45(g), which authorizes contempt of a served person who "fails without adequate excuse to obey the subpoena or an order related to it," with such a motion proceeding as a contested matter under Rule 9014. Fed. R. Bankr. P. 9020. To establish contempt, the movant must show by clear and convincing evidence that the contemnor knew of and disobeyed a valid subpoena or order, whereupon the burden shifts to the non-party to show an adequate excuse; bad faith is not required. *In re Arrowhead Fin. ICT, LLC*, No. 22-10066, 2024 WL 2305786, at *3*–4 (Bankr. D. Kan. May 20, 2024); *see In re Hamrick*, 551 B.R. 860, 863–64 (Bankr. N.D. Fla. 2016). Skytop's history — litigating and losing a motion to quash the same records, ignoring a court order to produce them, and now ignoring this subpoena — is compelling evidence that its noncompliance is willful and without excuse, and supports an award of the reasonable attorneys' fees and costs the Judgment Creditors have incurred in seeking compliance. *See Arrowhead*, 2024 WL 2305786, at *4;* 400 Walnut*, 475 B.R. at 231–33.

## IV. CONCLUSION

For the foregoing reasons, the Judgment Creditors respectfully request that the Court enter an Order compelling Skytop GRP, LLC to produce all documents responsive to the subpoena within seven (7) days, overruling any objections, awarding the Judgment Creditors their reasonable attorneys' fees and costs incurred in bringing this Motion, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

LINDSAY KARTEN, P.A.
Co-Counsel for FVP Servicing, LLC, FVP
Opportunity Fund III, LP, and FVP Investments LLC
3386 Churchill DR
Boynton Beach, Florida 33435-8119
Tel.: 561-839-3223

**By: /s/ Lindsay Karten**
Lindsay Karten, Esq.
Fla. Bar No. 30869
Lindsay@kartenlegal.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules 7.1(a)(3) and 9013-1(a), I hereby certify that counsel for the Judgment Creditors cannot confer with non-party Skytop GRP, LLC, through its registered agent and manager Yoel Getter, in an effort to secure the requested documents and resolve the issues raised by this Motion without court intervention, because Getter denies any ownership interest in Skytop. As a matter of record, Skytop GRP, LLC was issued a Notice to Appear on March 4, 2026, in Proceedings Supplementary [§56.29 F.S.]. See Exhibit F – Notice to Appear return of service on Aron Getter.] The Notice to Appear sought any property or assets Aron Getter beneficially owns, controls, or holds for the benefit of Yoel Getter. On June 24, 2026, the Judgment Creditors requested the entry of a default and default final judgment against Aron Getter. Getter filed for bankruptcy before the hearing. The Judgment Creditors have therefore been unable to resolve the matter without the Court's intervention.

/s/ Lindsay Karten
Lindsay Karten, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, a true and correct copy of the foregoing Motion was filed with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel and parties of record, and that a true and correct copy was served on non-party Skytop GRP, LLC by hand delivery and U.S. Mail to its registered agent, Yoel Getter, at 9705 Collins Avenue, Unit 2403, Bay Harbour, Florida 33154, and by electronic mail to Yoel3514@aol.com.

/s/ Lindsay Karten
Lindsay Karten, Esq.