**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISON**
www.flsb.uscourts.gov

In re:

YOEL GETTER,

Debtor.
______________________________________/

Case No. 26-18907-CLC

Chapter 7

**RE-NOTICE OF TAKING BANKRUPTCY RULE 2004**
**EXAMINATION *DUCES TECUM* OF DEBTOR**

Barry E. Mukamal, the Trustee ("Trustee") of the Chapter 7 bankruptcy estate of Yoel Getter ("Debtor"), by and through his undersigned counsel, will examine the following persons under oath at the offices of the **STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A., 150 West Flagler Street, Suite 2200, Miami, FL 33130**, at the date and time indicated below:

| EXAMINEE(S) | DATE AND TIME |
|---|---|
| **Debtor, Yoel Getter** | **October 13, 2026, at 10:00 a.m.** |

The examination may continue from day to day until completed. If the Examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

The Examinee is required to produce the documents requested on Schedule A on or before **5:00 p.m., September 29, 2026** at STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A., 150 West Flagler Street, Suite 2200, Miami, FL 33130.

The oral examination is being taken pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1, and will be taken before a Notary Public or some other officer authorized by law to take and record the testimony. The scope and purpose of the examination shall be as described in Bankruptcy Rule 2004, and for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure. The deposition may continue from day to day until completed, and will be subject to continuance or adjournment from time to time or place to place until completed. Pursuant to Local Rule 2004-1, no order shall be necessary. If the Examinee requires an interpreter, it is the Examinee's responsibility to engage the employment of such interpreter to be present at the examination.

Dated: September 18, 2026. Respectfully submitted,

*<u>/s/ Eric J. Silver, Esq.</u>*
ERIC J SILVER
Florida Bar Number 57262
esilver@stearnsweaver.com
**STEARNS WEAVER MILLER**
**WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Counsel to Trustee*

cc: OUELLETTE & MAULDIN, Court Reporters
28 West Flagler Street, #808
Miami, FL 33130

**INTERESTED PARTIES SHOULD CONTACT THE ATTORNEY FOR TRUSTEE IN ORDER TO CONFIRM THE DATE AND TIME OF THE EXAMINATION.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by United States mail to all parties listed on this notice and electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties and counsel identified on the CM/ECF service list maintained by the Court in this case on September 18, 2026, as well as via First Class Mail to Debtor.

*/s/ Eric J. Silver, Esq.*
ERIC J. SILVER, ESQ.

**SERVICE LIST**
**Case No.: 26-18907-CLC**
**United States Bankruptcy Court, Southern District of Florida**

(a) The following parties are registered to receive Notice of Electronic Filing and should have been served through CM/ECF.

Jerrell A Breslin
jb@jsjb.law
eservice@jsjb.law

Albert Anthony Ciardi
aciardi@ciardilaw.com
sfrizlen@ciardilaw.com
dtorres@ciardilaw.com

Jesse R Cloyd
jrc@agentislaw.com
bankruptcy@agentislaw.com
nsocorro@agentislaw.com
bankruptcy.ecc@ecf.courtdrive.com

Patrick R Dorsey
pdorsey@slp.law dwoodall@slp.law
pmouton@slp.law
pdorsey@ecf.courtdrive.com
mortman@slp.law

Lindsay Karten
lindsay@kartenlegal.com

Barry E Mukamal
bemtrustee@kapilamukamal.com
FL64@ecfcbis.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Jaitegh Singh
jsingh@singhfirm.com
pacer@singhfirm.com

Robert A. Stok
rstok@stoklaw.com
service@stoklaw.com
ssolis@stoklaw.com
fcarmona@stoklaw.com

Charles M Tatelbaum
cmt@trippscott.com
aaa@trippscott.com
eservice@trippscott.com
bankruptcy@trippscott.com

(b) The following party were served via U.S. Mail on August 17, 2026

**Yoel Getter**
9705 Collins Ave
Unit 2403
Miami Beach, FL 33154-2275
*Debtor*

**SCHEDULE "A"**

**DEFINITIONS AND INSTRUCTIONS:**

The following definitions shall apply to this request for documents.

1. "And" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

2. "Any" means one or more.

3. "Communication" includes every transmission of information by oral, written, electronic, digital, or other means, including email, text message, messaging application, social-media message, letter, memorandum, telephone record, and recorded communication.

4. "Debtor" means **Yoel Getter** and includes his agents, representatives, employees, accountants, bookkeepers, nominees, and any person acting on his behalf.

5. "Debtor Entities" means all entities in which the Debtor scheduled an interest including, but limited to the following businesses:

a. Quick Capital, Inc. (NY)
b. 56 Bal Bay Drive, LLC (NY)
c. City Capital NY LLC (NY)
d. Funding Solutions, LLC (CT)
e. Fundings Solutions, LLC (DE)
f. GCR Partners, LLC (NY)
g. Insights Capital, LLC (WY)
h. Skytop Holdings, LLC (CT)
i. Skytop Holdings, LLC (WY)
j. Riverside Capital NY, LLC (NY)
k. Speed Fundings Solutions, LLC

6. "Describe," "discuss," "analyze," "describing," "discussion," or "analyzing," mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

7. "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws,

canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

8. “MCA” means merchant cash advance, merchant receivable purchase, factoring, commercial finance, business-purpose financing, or any substantially similar transaction or business.

9. “MSA” means the Marital Settlement Agreement disclosed in Your schedules and statement of financial affairs.

10. “Person” means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

11. “Relate to” and “relating to” mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

12. “Relevant Period” means January 1, 2019 through the present unless a particular request specifies a different period.

13. “Transfer” includes every sale, assignment, conveyance, payment, gift, pledge, lien, security interest, delivery, disposition, or other transfer of property or an interest in property, whether direct or indirect.

14. “Year” means calendar year.

15. “You” or “your” means **Yoel Getter** and includes his agents, attorneys, accountants, and representatives.

16. Where not defined, terms shall have the meanings ascribed to them in section 101 of title 11 of the United States Code, 11 U.S.C. § 101.

17. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

18. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

19. Produce electronically in native format where reasonably available, together with any associated metadata. Bank and brokerage records should be produced in searchable PDF and native spreadsheet/CSV format where available. QuickBooks, accounting, bookkeeping, database, and similar records should be produced in native format together with all available backups.

20. “ESI” includes emails, text messages, iMessages, WhatsApp messages, Signal messages, Telegram messages, social-media messages, cloud-stored documents, electronic accounting records, spreadsheets, databases, photographs, videos, electronically stored contracts, and other electronically stored information.

21. These requests include ESI maintained on or accessible through Debtor's personal computers, cellular telephones, tablets, cloud accounts, personal email accounts, business email accounts, and other devices or accounts used by Debtor in connection with his personal or business affairs.

22. Documents are requested whether presently in Debtor's possession, custody, or control or in the possession, custody, or control of an accountant, bookkeeper, attorney, family member, business associate, employee, agent, lender, servicer, or other person acting on Debtor's behalf. If documents are maintained by an accountant, bookkeeper, financial institution, business entity, or other third party, Debtor shall identify the custodian and produce all copies in Debtor's possession, custody, or control. If Debtor contends that any responsive document has already been produced to the Trustee, identify the document and date of production rather than merely referring generally to a prior production.

23. If Debtor contends that responsive documents do not exist, state that fact in writing and identify the person or persons most knowledgeable concerning the subject matter and the circumstances under which the records were created, maintained, lost, destroyed, or discarded.

24. If Debtor withholds any document on the basis of privilege, provide a privilege log identifying the date, author, recipients, general subject matter, nature of the privilege asserted, and all persons who received or reviewed the document. Nothing in these requests seeks privileged communications between Debtor and his bankruptcy counsel concerning legal advice concerning this bankruptcy case. The Trustee reserves all rights concerning waiver, crime-fraud, fiduciary, or other applicable exceptions.

25. These requests are continuing in nature. Debtor shall supplement his production if additional responsive documents or ESI are located or created.

**DOCUMENTS TO PRODUCE BY THE DATE SET FORTH ABOVE:**

**Part 1. Financial History**

1. All documents reflecting Debtor's financial condition, assets, liabilities, income, expenditures, and net worth from January 1, 2019 through the present, including personal financial statements, net-worth statements, balance sheets, financial questionnaires, loan applications, credit applications, and personal financial statements provided to any lender, investor, creditor, landlord, insurer, accountant, attorney, business associate, or other person.
2. To the extent not provided in response to request number one, all financial statements, personal net-worth statements, statements of assets and liabilities, borrowing-base certificates, solvency analyses, or similar document prepared by or for Debtor.
3. All documents sufficient to identify and quantify all sources from which Debtor accumulated, received, or controlled funds or property during the Relevant Period, including business income, distributions, capital gains, investment income, loans, gifts, family contributions, settlements, asset sales, and proceeds from the sale of real property.

**Part 2. Bank and Financial Accounts**

4. Complete monthly statements, including all pages, transaction detail, cancelled checks, deposit items, wire information, ACH information, images of deposited checks, and account-opening/closing records for every bank, credit-union, fintech, payment-processing, or other financial account over which Debtor had legal or beneficial ownership, signatory authority, withdrawal authority, or control.
5. To the extent not provided in response to request number four, all documents concerning any account that was closed, transferred, renamed, retitled, moved, or otherwise disposed of during the relevant period.
6. Records for all accounts or services used to send or receive money, including PayPal, Venmo, Zelle, Cash App, Apple Cash, Wise, Revolut, Stripe, Plaid-linked accounts, cryptocurrency exchanges, and comparable services.
7. All documents concerning cash held by Debtor or for Debtor's benefit, including cashier's checks, money orders, safe-deposit contents, stored-value accounts, prepaid cards, and cash withdrawals exceeding $1,000.

**Part 3. Tax Returns and Tax Information**

8. Complete federal, state, and local income-tax returns, including all schedules, attachments, K-1s, Forms 1099, W-2s, Forms 8949, capital-gain schedules, depreciation schedules, amended returns, and supporting workpapers for tax years 2019 through 2025, together with all returns filed after commencement of the bankruptcy case.
9. All IRS and state tax account transcripts, wage-and-income transcripts, records of assessments, notices of deficiency, payment records, installment agreements, offers in compromise, and correspondence concerning Debtor’s federal, New York, Florida, or other state/local tax obligations.

10. All documents concerning any capital gains reported for the Relevant Period, including the identity of each asset sold, acquisition date and cost, sale date, sale price, expenses, closing statements, escrow statements, and disposition of all proceeds.
11. All documents supporting any income from operating businesses for the Relevant Period, including general ledgers, income statements, Forms K-1, distributions, management fees, consulting fees, commissions, and other compensation.

**Part 4. Real Estate**

12. All documents concerning every parcel of real property in which Debtor held any legal, equitable, beneficial, contractual, or contingent interest for the Relevant Period.
13. The closing file for the property located at 100 Bal Bay Drive, Miami Beach, Florida.
14. The closing file for the property located at 56 Bal Bay Drive, Miami Beach, Florida.
15. All leases, rental applications, financial statements, guaranties, security-deposit records, rent payment records, landlord correspondence, and other documents concerning:
    a. 4340 N. Bay Road, Miami Beach;
    b. 9705 Collins Avenue, Unit 2403, Miami Beach; and
    c. every other residence occupied by Debtor during the Relevant Period.
16. To the extent not produced in connection with previous requests, copies of all financial statements, bank statements, tax returns, proof-of-income documents, credit reports, asset statements, guaranties, or other financial information provided to any landlord or prospective landlord in connection with Debtor's residential leases.
17. All documents concerning real property owned, acquired, sold, refinanced, pledged, or otherwise controlled by any entity in which Debtor held, directly or indirectly, any interest.

**Part 5. MSA Related Documents**

18. All documents concerning the MSA, including every draft, amendment, addendum, exhibit, schedule, side agreement, order approving or incorporating the MSA, and all documents concerning its negotiation, execution, interpretation, or enforcement.
19. All financial affidavits, asset schedules, debt schedules, discovery responses, interrogatory answers, document productions, appraisals, valuations, deposition transcripts, mediation materials, and other financial disclosures prepared or exchanged in connection with Debtor's divorce or marital dissolution.
20. All documents concerning every transfer of property or payment made pursuant to, contemplated by, or related to the MSA.
21. For each transfer made pursuant to the MSA, all documents sufficient to establish the fair market value of the property transferred, the consideration received by Debtor, the identity of the recipient, the date of transfer, and the disposition of any consideration received.

**Part 6. Vehicles and Aircraft**

22. All documents concerning every automobile, recreational vehicle, motorcycle, watercraft, aircraft, or other vehicle owned, leased, financed, used, or controlled by Debtor during the Relevant Time Period.

23. All documents sufficient to trace the proceeds of every vehicle sale or trade, including records establishing where the proceeds were deposited or to whom they were paid.
24. All documents concerning Aviation G4, LLC, including its ownership, managers, members, capitalization, bank accounts, financial statements, relationship with Debtor, and any transactions between Debtor and Aviation G4, LLC.
25. All documents concerning the Gulfstream G4, Serial No. 1357, Registration N77FK, including:
    a. purchase agreement;
    b. bill of sale;
    c. registration;
    d. title;
    e. financing documents;
    f. promissory notes;
    g. security agreements;
    h. UCC filings;
    i. payment history;
    j. aircraft valuations;
    k. insurance policies;
    l. maintenance records;
    m. hangar records;
    n. flight records;
    o. communications with Aviation G4, LLC;
    p. repossession notices;
    q. repossession records;
    r. appraisal immediately before repossession;
    s. sale or disposition records following repossession;
    t. sale proceeds;
    u. deficiency calculations;
    v. insurance proceeds; and
    w. documents identifying any person or entity that received value in connection with the aircraft.

**Part 7. Business Entities**

26. All documents sufficient to identify every corporation, LLC, partnership, limited partnership, sole proprietorship, trust, joint venture, investment vehicle, holding company, trade name, DBA, or other entity in which Debtor has ever held, directly or indirectly, any ownership, membership, equity, beneficial, management, control, contractual, or economic interest, including without limitation, the Debtor Entities (as defined above).
27. All financial records for each entity identified in the Debtor's schedules or SOFA, or any affiliate, parent, subsidiary, management company, servicing company, or related entity of any such entity, including without limitation, the Debtor Entities (as defined above).
28. All organizational documents for each entity identified in response to the previous business entity requests, including:
    a. articles/certificates of incorporation or organization;
    b. bylaws and operating agreements;

  c. amendments;
  d. membership certificates and stock certificates;
  e. capitalization tables;
  f. ownership ledgers;
  g. member and shareholder registers;
  h. minutes and written consents;
  i. resolutions;
  j. management agreements;
  k. nominee agreements;
  l. trust agreements;
  m. buy-sell agreements;
  n. subscription agreements;
  o. equity-transfer agreements;
  p. dissolution documents;
  q. merger documents; and
  r. documents identifying all persons who have held ownership or control.

29. All bank records for each entity identified in response to the previous business entity requests.
30. All accounting records for each entity identified in response to the previous business entity requests, including native QuickBooks files (or other applicable accounting software) that will enable the Trustee to review and evaluate general ledgers, trial balances, balance sheets, profit-and-loss statements, cash flow statements, accounts receivable, accounts payable, journals, check registers, fixed asset schedules, tax returns, K-1s, payroll records, distributions, loans to or from insiders, management fees, consulting fees, and intercompany transactions.

**Part 8. MCA Records**

31. All documents concerning Debtor's involvement in the merchant cash advance, factoring, commercial finance, funding, lending, insurance, servicing, or related industries.
32. All documents sufficient to identify every MCA or related company that Debtor has owned, operated, managed, controlled, financed, advised, funded, or received compensation from, including companies owned through another person or entity.
33. For every MCA-related entity, all documents establishing:
  a. Debtor's ownership percentage;
  b. direct and indirect ownership;
  c. beneficial ownership;
  d. management authority;
  e. signatory authority;
  f. compensation;
  g. distributions;
  h. loans;
  i. profit interests;
  j. options;
  k. warrants;
  l. earn-outs;

   m. servicing rights;
   n. consulting rights;
   o. revenue-sharing arrangements; and
   p. any continuing economic interest.

34. All agreements or documents concerning the sale, transfer, assignment, redemption, cancellation, dilution, pledge, or other disposition of any interest in an MCA or related business during the Relevant Time Period.
35. For every business-interest transfer, all documents sufficient to identify:
    a. the buyer or transferee;
    b. purchase price;
    c. fair market value;
    d. payment terms;
    e. financing;
    f. escrow;
    g. wire transfers;
    h. promissory notes;
    i. earn-outs;
    j. continuing compensation;
    k. ownership retained by Debtor or an affiliate; and
    l. disposition of the consideration.
36. All documents concerning merchant receivables, purchased receivables, MCA portfolios, servicing rights, residual interests, future payment streams, and other receivables in which Debtor or an entity controlled by Debtor had an interest.
37. All documents concerning allegations made against Debtor or any MCA-related business involving fraud, misrepresentation, deceptive practices, unlawful lending, usury, improper ACH withdrawals, breach of contract, tortious conduct, or other alleged misconduct.

**Part 9. Litigation**

38. All documents concerning any claim, counterclaim, crossclaim, cause of action, right of setoff, indemnification claim, insurance claim, reimbursement claim, contribution claim, or other right to payment held by Debtor or an entity in which Debtor held an interest.
39. All documents concerning any settlement (with the exception of the MSA previously requested), judgment, award, recovery, insurance payment, or other payment received by Debtor or for Debtor's benefit during the relevant period.

**Part 10. Transfers**

40. All documents concerning every transfer, sale, assignment, pledge, gift, conveyance, payment, distribution, or other disposition of property or money by Debtor or for Debtor's benefit during the Relevant Time Period.
41. All documents concerning the charitable contributions disclosed in the Debtor's schedules and SOFA.
42. To the extent not already requested and produced, all documents concerning any payments or transfers under the MSA, including child support and alimony.

43. To the extent not already requested and produced, all documents concerning any property transferred to, received by, or retained by Debtor's former spouse under the MSA or any other agreement.
44. All documents and communications concerning "Brother's Assistance" identified in Schedule I, including the identity of the Debtor's brother, every payment, bank records, wire records, checks, written agreements, loan agreements, gifts, repayment obligations, and the source of the brother's funds.

**Part 11. Professionals**

45. All documents concerning Your retention of any tax professionals during the Relevant Time Period, including engagement letters, invoices, payments, retainers, workpapers, communications, tax returns, financial statements, accounting records relating to Debtor or any affiliated entity, and source of funding of any retainer for such professional.
46. All documents concerning Your retention of any legal professionals during the Relevant Time Period, including any engagement letters, invoices, payments, retainers, workpapers, communications, memorandum, or any other records relating to Debtor or any affiliated entity, and source of funding of any retainer for such professional.

**Part 12. Miscellaneous**

47. All insurance policies under which Debtor or any entity in which Debtor held an interest was or is an insured, additional insured, beneficiary, loss payee, or other insured party.
48. All documents concerning any insurance claim, reimbursement, settlement or payment made to Debtor or any affiliated entity under any insurance policy.
49. Each trust instrument, amendment, schedule, statement, tax return, correspondence, and other document concerning any trust in which Debtor is or was a grantor, settlor, beneficiary, trustee, protector, investment adviser, or other person with any power or beneficial interest.
50. All documents concerning any property, bank account, business interest, investment, vehicle, aircraft, residence, or other asset in which Debtor contends that he has no legal ownership but has or had any beneficial, equitable, economic, possessory, or control interest.
51. All records sufficient to identify all cryptocurrency, digital assets, digital wallets, exchange accounts, NFTs, tokens, or other blockchain-based assets owned, controlled, or used by Debtor.
52. All documents sufficient to identify all cloud-storage accounts used by Debtor or his businesses, including Google Drive, Dropbox, OneDrive, iCloud, Box, and comparable services.
53. To the extent not already requested and produced, all communications concerning Debtor's businesses, ownership interests, transfers, financing, asset sales, litigation, creditors, or bankruptcy, including email and text messages.
54. All documents concerning the storage unit identified in the SOFA, including the lease, payment records, access records, inventory, photographs, insurance, and documents identifying all property stored there.

55. All documents concerning property Debtor possesses, stores, controls, or uses that is titled in another person's or entity's name, including the furnishings identified in the SOFA as belonging to Aron Getter.
56. All documents concerning the alleged pledge of Debtor’s interest in 56 Bal Bay Drive, LLC, including the pledge agreement, UCC financing statements, amendments, collateral descriptions, defaults, enforcement actions, payments, and disposition of collateral.
57. All documents concerning the building acquired by 56 Bal Bay Drive, LLC in 2021 and sold in 2022, including purchase and sale documents, financing, closing statements, escrow records, proceeds, distributions, and disposition of all sale proceeds.
58. All documents concerning every person or entity that owes or may owe money or property to Debtor, including loans, promissory notes, receivables, commissions, consulting fees, management fees, distributions, reimbursements, indemnification claims, tax refunds, escrow balances, retainers, and litigation recoveries.
59. To the extent not already requested and produced, every promissory note, loan agreement, guaranty, security agreement, repayment schedule, payment record, and communication concerning any loan or advance made by Debtor or an affiliated entity to any person or entity.
60. All books and records maintained by Debtor concerning his personal and business financial affairs, including:
    a. general ledgers;
    b. journals;
    c. cash receipts;
    d. cash disbursements;
    e. bank reconciliations;
    f. accounts receivable;
    g. accounts payable;
    h. fixed assets;
    i. inventory;
    j. payroll;
    k. tax records;
    l. QuickBooks files;
    m. Excel spreadsheets;
    n. accounting databases;
    o. financial models; and
    p. backups.
61. In connection with the foregoing request, provide the Trustee with the necessary credentials, export files, or other means reasonably necessary to obtain complete copies of Debtor’s accounting and financial records maintained electronically.
62. All documents and ESI reflecting representations made by Debtor concerning his ownership, management, financial condition, net worth, assets, businesses, investments, or sources of income.
63. All records sufficient to identify all websites, domains, social-media accounts, business profiles, and online accounts operated or controlled by Debtor or used in connection with any business.
64. All documents concerning the new business venture identified in Schedule J.

65. All drafts, source documents, questionnaires, worksheets, emails, text messages, financial records, and communications used to prepare Debtor's petition, schedules, Statement of Financial Affairs, means-test forms, declarations, and amendments.
66. All documents and communications concerning the preparation, review, verification, and signing of the declaration that the schedules were true and correct.
67. All documents sufficient to identify all computers, cellular telephones, tablets, external hard drives, cloud accounts, email accounts, accounting systems, servers, databases, and other repositories containing records concerning Debtor's personal or business financial affairs. **Debtor is requested to preserve all such devices, accounts, and ESI pending further order of the Court or written agreement of the parties.**