**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

Case No.: 26-18907-CLC

YOEL GETTER,

Chapter 7

Debtor. /

**DEBTOR'S OBJECTION TO BILYK INVESTMENT GROUP LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR CAUSE UNDER 11 U.S.C. § 362(D)(1)**

Debtor, YOEL GETTER (the "Debtor"), by and through undersigned counsel, objects to *Bilyk Investment Group LLC's Motion for Relief from the Automatic Stay for Cause Under 11 U.S.C. § 362(d)(1)* (the "Motion") [Dkt. No. 48], filed by Bilyk Investment Group LLC ("Bilyk"), and states:

**RELEVANT BACKGROUND**

1. On May 4, 2026, Bilyk commenced the action styled *Bilyk Investment Group LLC v. Getter, et al.*, Case No. 1:26-cv-03671-JSR, in the United States District Court for the Southern District of New York (the "SDNY Action"). Motion ¶ 1.

2. The SDNY Action is still in its early pretrial stages. Discovery is ongoing and the deadline to file dispositive motions has not expired.

3. On July 8, 2026, the Debtor commenced this case by filing a voluntary petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date"). [Dkt. No. 1].

4. On July 31, 2026, the Debtor filed his Schedules and Statement of Financial Affairs (the "Schedules") [Dkt. No. 28].

5. On August 20, 2026, Bilyk filed the Motion. The Motion asks the Court to modify the stay so that the SDNY Action may proceed against the Debtor through discovery, motion practice, trial, and entry of judgment, while leaving execution and collection stayed. Motion ¶ 12.

**OBJECTION**

6. The Motion should be denied because Bilyk has failed to demonstrate cause. In fact, Bilyk's only argument for cause is judicial economy, but the request would actually do the opposite. The SDNY Action was two months old on the Petition Date. Its venue is contested and undecided. Discovery is not complete, and Bilyk concedes the case is not trial ready. What the Motion would accomplish is to require an individual Chapter 7 debtor to fund a defense in a distant forum on a schedule that closes discovery within weeks.

7. Section 362(d)(1) permits relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such creditor." 11 U.S.C. § 362(d)(1). The movant carries the initial burden of establishing compelling grounds for lifting the stay. *In re Makarewicz*, 121 B.R. 262, 264-65 (Bankr. S.D. Fla. 1990). That burden is not insignificant. "[T]he automatic stay protects [a debtor] from expending energy and resources litigating claims in other forums, and this protection should not be casually viewed," *In re Video Cassette Games, Inc.*, 108 B.R. 347, 349 (Bankr. N.D. Ga. 1989).

8. Unsecured creditors are generally entitled to relief from the automatic stay only in extraordinary circumstances. *In re Feingold*, 730 F.3d 1268, 1277 (11th Cir. 2013). The general principle is that "unsecured claims should not be granted relief from the stay because to do so would result in a violation of one of the fundamental concepts of bankruptcy law; that there should be an equality of distribution among creditors." *In re R.F. Cunningham & Co., Inc.*, 355 B.R. 408, 413 (Bankr. E.D.N.Y. 2006) (*quoting In re Leibowitz*, 147 B.R. 341, 345 (Bankr.S.D.N.Y.1992)).

9. Cause is decided on the totality of the circumstances, and no fixed list of factors controls. Courts weigh case-specific considerations, including whether the debtor has acted in bad faith, the hardships imposed on the parties measured against the overall goals of the Bankruptcy Code, and pending litigation in another forum. *Disciplinary Bd. v. Feingold (In re Feingold)*, 730 F.3d 1268, 1277 (11th Cir. 2013). The decision rests in this Court's discretion. *Id.* at 1273 n.2. Bilyk does not allege bad faith, so its request stands or falls on the balance of hardships and judicial economy.

10. There are no extraordinary circumstances present in this case. In fact, the basis for the Motion – a pending litigation in another forum – is one of the most common circumstances in a bankruptcy case and certainly does not provide cause for modifying the automatic stay.

11. A court weighs the prejudice to the debtor against the hardship to the movant if the stay remains and considers the efficient use of judicial resources and the location of witnesses, documents, and necessary parties. *In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001); Motion ¶ 14.

12. The prejudice to the Debtor is material. The Court in *Aloisi*, which is cited by Bilyk in the Motion, denied stay relief to a movant that wanted to resume a pending federal action, because the debtor had minimal income, no assets to liquidate, and did not have the financial wherewithal to defend the action 261 B.R. at 508. Here, requiring the Debtor to defend the SDNY Action is highly prejudicial. As stated above, the SDNY Action is newly filed and would require the Debtor to conduct documentary discovery, take and defend depositions, file and defend dispositive motions, prepare for and attend trial and appellate matters in a distant forum. This is highly prejudicial to the Debtor.

13. The limitation Bilyk offers does not answer that problem. Bilyk agrees not to execute or collect without further order. That promise protects the estate's assets from seizure. It does nothing to cure the cost of the defense, which falls on the Debtor. The defense cost alone is highly prejudicial to the Debtor. Bilyk is an unsecured creditor, and like every other creditor in this case, should be required to file a claim and, if necessary, adjudicate its claim in the Bankruptcy Court.

14. There is no hardship to Bilyk if the Motion is denied. Bilyk is entitled to file a claim in this bankruptcy case. Additionally, the stay does not prevent Bilyk from litigating against the other defendants in the SDNY Action. In other words, Bilyk may pursue its full recovery from the non-Debtor defendants without stay relief.

15. Accordingly, the Motion should be denied.

**WHEREFORE**, the Debtor requests the entry of an order denying the Motion and granting such other and further relief that the Court may deem just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on September 21, 2026.

AGENTIS PLLC
***Counsel for Debtor***
45 Almeria Avenue
Coral Gables, FL 33134
T. 305.722.2002
www.agentislaw.com

By: */s/ Jesse R. Cloyd*
Jesse R. Cloyd
Florida Bar No: 58388
jrc@agentislaw.com

**26-18907-CLC Notice will be electronically mailed to:**

Jerrell A Breslin on behalf of Creditor FVP Servicing LLC
jb@jsjb.law, eservice@jsjb.law

Jerrell A Breslin on behalf of Plaintiff FVP Investments LLC
jb@jsjb.law, eservice@jsjb.law

Jerrell A Breslin on behalf of Plaintiff FVP Opportunity Fund III, LP
jb@jsjb.law, eservice@jsjb.law

Jerrell A Breslin on behalf of Plaintiff FVP Servicing LLC
jb@jsjb.law, eservice@jsjb.law

Albert Anthony Ciardi, III on behalf of Creditor Deerfield Capital, LLC
aciardi@ciardilaw.com, sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

Jesse R Cloyd on behalf of Debtor Yoel Getter
jrc@agentislaw.com,
bankruptcy@agentislaw.com;nsocorro@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com

Jesse R Cloyd on behalf of Defendant Yoel Getter
jrc@agentislaw.com,
bankruptcy@agentislaw.com;nsocorro@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com

Patrick R Dorsey on behalf of Creditor Franklin Capital Funding, LLC
pdorsey@slp.law,
dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com;mortman@slp.law

Lindsay Karten on behalf of Creditor FVP Servicing LLC
lindsay@kartenlegal.com

Lindsay Karten on behalf of Plaintiff FVP Investments LLC
lindsay@kartenlegal.com

Lindsay Karten on behalf of Plaintiff FVP Opportunity Fund III, LP
lindsay@kartenlegal.com

Lindsay Karten on behalf of Plaintiff FVP Servicing LLC
lindsay@kartenlegal.com

Barry E Mukamal
bemtrustee@kapilamukamal.com, FL64@ecfcbis.com

Barry E Mukamal on behalf of Trustee Barry E Mukamal
bemtrustee@kapilamukamal.com, FL64@ecfcbis.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Eric J Silver on behalf of Trustee Barry E Mukamal
esilver@stearnsweaver.com,
jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernand ez@stearnsweaver.com

Jaitegh Singh on behalf of Creditor Bilyk Investment Group LLC
jsingh@singhfirm.com, pacer@singhfirm.com

Robert A. Stok, Esq. on behalf of Creditor M&M Structural Construction, LLC
rstok@stoklaw.com, service@stoklaw.com;ssolis@stoklaw.com;fcarmona@stoklaw.com

Charles M Tatelbaum on behalf of Creditor Volvo Car Financial Services
cmt@trippscott.com, aaa@trippscott.com;eservice@trippscott.com;bankruptcy@trippscott.com