# EXHIBIT A

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Deerfield Capital, LLC
16 Deerfield Road, Lancaster, PA 17603

(b) County of Residence of First Listed Plaintiff: Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Albert A. Ciardi, III, Esquire Ciardi Ciardi & Astin
1905 Spruce St., Phila., PA 19103 (215) 557-3550

## DEFENDANTS

Yoel Getter aka Joel Geta; Gold Capital and Madison Group
56 Bal Bay Drive, Miami, Florida 33154

County of Residence of First Listed Defendant: Miami-Dade
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [X] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
fraud

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 12/23/25

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**CIARDI CIARDI & ASTIN**
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
1905 Spruce Street
Philadelphia, Pa 19103
215-557-3550
215-557-3551 (fax)
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DEERFIELD CAPITAL, LLC**<br>**16 Deerfield Road**<br>**Lancaster, PA 17603**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**YOEL GETTER a/k/a JOEL GETA;**<br>**GOLD CAPITAL and MADISON GROUP**<br>**56 Bal Bay Drive**<br>**Miami, Florida 33154**<br><br>**Defendants.** | : **CIVIL ACTION**<br>:<br>: **No.**<br>:<br>:<br>:<br>:<br>:<br>: **JURY DEMAND**<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**

Deerfield Capital, LLC, Plaintiff, bring this Complaint against Yoel Getter a/k/a Joel Geta, Gold Capital and Madison Group and avers as follows:

1. Deerfield Capital, LLC, Plaintiff or Deerfield is a Pennsylvania Limited Liability Company with an address at 16 Deerfield Road, Lancaster, PA 17603.

2. Yoel Getter a/k/a Joel Geta ("Getter") is an individual with an address at 56 Bal Bay Drive, Miami, Florida 33154.

3. Gold Capital is an entity owned by Defendant Getter or a trade name of Defendant Getter with an alleged address of 56 Bal Bay Drive, Miami, Florida 33154.

4. Madison Group is an entity owned by Defendant Getter or a trade name of Defendant Getter with an alleged address of 56 Bal Bay Drive, Miami, Florida 33154.

5. The acts at issue took place in Lancaster County, Pennsylvania, which is in the Eastern District of Pennsylvania.

6. The amount in contrary exceeds $75,000 and the Plaintiff and Defendants are citizens of different states.

7. Jurisdiction is proper under 28 U.S.C. § 1332.

8. Venue is proper under 28 U.S.C. § 1391.

## FACTS

9. On or about April 10, 2024, Defendant Getter and non-party, Daryl Heller, agreed to a series of transactions whereby Daryl Heller would satisfy an alleged note to Gold Capital for $5,292,500 and Defendant Getter would cause Madison Group to fund Daryl Heller/Heller Capital Group $15,000,000.

10. Daryl Heller arranged for Plaintiff to fund the alleged Gold Capital payoff in exchange for repayment from the Madison Group loan proceed.

11. As part of Plaintiff's diligence, Paul Miller and Eric Warfel of Plaintiff communicated with Defendant Getter over interstate communications that Defendant Madison Group was prepared to wire $15,000,000 to Heller Capital Group once Gold Capital received its payoff, Exhibit A.

12. Defendant, Getter also provided the executed Merchant Cash Advance Agreement of Madison Group, Exhibit B.

13. Based upon representation of Defendant Getter and documents provided by Defendant Getter all of which occurred through interstate commerce, Plaintiff wired Gold Capital $5,292,500 on behalf of Heller, Exhibit C.

14. Subsequent to the wire by Plaintiff, Getter, Gold and Madison ceased communication and failed to fund Heller who then defaulted on obligations with Plaintiff.

15. But for the statements of Defendant Getter, documents provided by Defendant Getter, and promise of Defendant Getter to have Madison Group fund $15,000,000, Plaintiff would not have loaned Heller funds to pay Gold Capital and Defendant Getter.

16. Plaintiff reasonably relied upon the statement by Defendant Getter.

17. Defendant Getter's statements were materially false when made and were made with fraudulent intent to cause Plaintiff to rely.

18. Plaintiff has been damaged in excess of $5,292,500, the amount advanced to Heller based upon the materially false and fraudulent statements of Defendant Getter on behalf of Defendant Getter and all Defendants.

19. Defendants made these false and fraudulent statements over the telephone and internet and through interstate commerce.

20. Upon information and belief, the statements of Defendant Getter were materially and intentionally false because:

1. Madison Group did not exist, did not have funds and never intended to loan Heller $15,000,000 million dollars;
2. Gold Capital's loan was non-existent and/or fraudulent;
3. Getter and Heller had an undisclosed deal through which Getter was to return over $1,000,000 million to Heller from the funds wired by Plaintiff Exhibit D.
4. Getter, Heller, Gold and Madison conspired to hide that Madison did not exist, did not have funds or had no intentions of loaning Heller money.

21. Plaintiff reasonably relied upon all Defendants' statements that Madison intended to loan Heller $15,000,000 or Plaintiff would never have made its loan to Heller.

**COUNT I - FRAUD**

22. Plaintiff incorporates the allegations contained in Paragraph 1 through 21, as if fully set forth herein.

23. Defendant made a series of false and fraudulent statements to Plaintiff on April 10 – 12, 2024.

24. Defendants made these statements knowing the statements were false and Plaintiff would rely on the statements.

25. Plaintiff reasonably relied on the false statements of Defendants to its detriment.

26. Plaintiff was damaged in excess of $5,292,500.

27. Plaintiff avers that discovery may disclose other parties or causes of action and reserves the right to amend the complaint.

**WHEREFORE,** Plaintiff requests judgment in its favor and against Defendants, jointly and severally for:

(a) Money damages in excess of $5,292,500;
(b) Attorneys fees and costs;
(c) Punitive damages.

**CIARDI CIARDI & ASTIN**

Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
1905 Spruce Street
Philadelphia, Pa 19103
215-557-3550
215-557-3551 (fax)
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
Attorney for Plaintiff

Date: December 23, 2025

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Lancaster County PA

***RELATED CASE IF ANY:*** Case Number:________ Judge:________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☐ is not related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________
- ☐ 7. Products Liability
- ☒ 8. All Other Diversity Cases: *(Please specify)* Fraud

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Deerfield Capital, LLC | : | CIVIL ACTION |
| v. | : | |
| Yoel Getter et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 12/23/25 | Albert A Ciardi, III | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)557-3550 | (215) 557-3551 | aciardi@ciardilaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

American LegalNet, Inc.
www.FormsWorkFlow.com

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

American LegalNet, Inc.
www.FormsWorkFlow.com

# Exhibit "A"

**Dorene Torres**

| | |
|---|---|
| **From:** | Eric Warfel <eric.warfel@outlook.com> |
| **Sent:** | Wednesday, January 29, 2025 10:16 AM |
| **To:** | Albert A. Ciardi III |
| **Cc:** | Daniel Siedman; Ron Fink; Rolland King III; Ron Fink |
| **Subject:** | Re: Disbursement schedule |

Here is the string from Joel

---

**From:** Eric Warfel <eric.warfel@outlook.com>
**Sent:** Tuesday, December 10, 2024 3:10 PM
**To:** Albert A. Ciardi III <Aciardi@ciardilaw.com>
**Cc:** Daniel Siedman <dSiedman@ciardilaw.com>; Ron Fink <rcfink1@icloud.com>; Rolland King III <rolland@coastlinecapitalllc.com>; Ron Fink <rcfink1@icloud.com>
**Subject:** FW: Disbursement schedule

Here is the email that Joel replied to me directly the day of settlement

**From:** Joel Geta <joel@riversidecapitalny.com>
**Sent:** Thursday, April 11, 2024 11:35 AM
**To:** Eric Warfel <eric.warfel@outlook.com>
**Cc:** Daryl Heller <dheller@hellercg.com>; adj@blakingerthomas.com; ADH@blakingerthomas.com
**Subject:** Re: Disbursement schedule

Hi Eric,

No problem will set it up like this.

Thanks

Sent from my iPhone

> On Apr 11, 2024, at 11:33 AM, Eric Warfel <eric.warfel@outlook.com> wrote:
>
> Joel,
>
> Hello. Nice to meet you.
>
> We will need to make a couple of changes.
>
> The wire will go to our attorney's office, Blakinger Thomas, attached and the note payoff will be $5,900,000 and you would toggle the second wire to $8,500,000.
>
> Can you confirm receipt and accommodate this change.
>
> Eric

Eric Warfel
Deerfield Capital, LLC
717-617-4117

**From:** Daryl Heller <dheller@hellercg.com>
**Sent:** Thursday, April 11, 2024 9:18 AM
**To:** Eric Warfel <eric.warfel@outlook.com>
**Subject:** FW: Disbursement schedule

Here you go on disbursement

<image001.png>

**DARYL** HELLER
CHIEF EXECUTIVE OFFICER

**HELLER** CAPITAL
**E:** DHELLER@HELLERCG.COM
**M:** 717.431.3131

**From:** Joel Geta <joel@riversidecapitalny.com>
**Sent:** Thursday, April 11, 2024 9:12 AM
**To:** Daryl Heller <dheller@hellercg.com>
**Subject:** Disbursement schedule

**EXTERNAL**

Disbursement Schedule from Madison Group:

1. $6,000,000 will be sent to Deerfield Capital LLC (at wiring instruction attached)
2. $8,400,000 will be sent to Heller Capital Group LLC

Thanks

This message may contain confidential or legally privileged information. If you have received in error, please delete.
<IOLTA Wiring Instructions.pdf>

# Exhibit "B"

**Dorene Torres**

| | |
|---|---|
| **From:** | Joel Geta <joel@riversidecapitalny.com> |
| **Sent:** | Thursday, April 11, 2024 12:46 PM |
| **To:** | Daryl Heller |
| **Subject:** | Re: Abundance of clarity email |

**EXTERNAL**

Confirmed
Sent from my iPhone

On Apr 11, 2024, at 12:43 PM, Daryl Heller <dheller@hellercg.com> wrote:

Also confirm that if Madison Group does not wire back within one hour, you will return the wire for $5,292,500 to our account today.

<image001.png>

**DARYL** HELLER
CHIEF EXECUTIVE OFFICER

**HELLER** CAPITAL
E: DHELLER@HELLERCG.COM
M: 717.431.3131

**From:** Daryl Heller
**Sent:** Thursday, April 11, 2024 12:43 PM
**To:** Joel Geta <joel@riversidecapitalny.com>
**Subject:** Abundance of clarity email

Joel –

Please confirm that current Gold Capital note payoff is occurring for $5,292,500 and there will be no outstanding balance after wire hits, no pending defaults, or any claims of default or otherwise now or subsequent to our wire. I need to know this is clear and final amount owed given the challenge that just occurred with Green Tree.

Additionally, this final confirmation that Madison Group will wire the $15M within 30-45 minutes of getting Gold Capital wire.

<image001.png>

**DARYL** HELLER
CHIEF EXECUTIVE OFFICER

**HELLER** CAPITAL
E: DHELLER@HELLERCG.COM
M: 717.431.3131

This message may contain confidential or legally privileged information. If you have received in error, please delete.

# Exhibit "C"

**Dorene Torres**

---

| | |
|---|---|
| **From:** | Joel Geta <joel@riversidecapitalny.com> |
| **Sent:** | Wednesday, April 10, 2024 7:43 PM |
| **To:** | Daryl Heller |
| **Subject:** | FUNDING CONFIRMATION |

EXTERNAL

Daryl,

As per our conversation all documents for the funding from Madison have been signed, all underwriting has been completed, the file is ready to fund as soon as we get a confirmation from Gold Capital that they received the payoff wire.

Madison's wire will trigger within 30min of Gold Capital confirmation.

Thanks

DocuSign Envelope ID: 514B13DF-5527-4120-8F42-AF5532B0F6AE

MADISON GROUP

[redacted] place of business in Connecticut and New York ("MG") and the Merchant listed below ("MERCHANT") and the individual(s) listed below ("Guarantor")

## MERCHANT INFORMATION

Merchant's Legal Name: HELLER CAPITAL GROUP LLC AND ALL ENTITIES LISTED ON THE "EXHIBIT A"

D/B/A: HELLER CAPITAL GROUP AND ALL ENTITIES LISTED ON THE "EXHIBIT A" State of Incorporation / Organization: PA

Type of Entity: LLC Cellphone Number: ______ Email Address: ______

Physical Address: 415 NORTH PRINCE STREET LANCASTER PA 17603

Guarantor Name: DARYL FRED HELLER Cellphone Number: ______ Email Address: ______

Mailing Address: 415 NORTH PRINCE STREET LANCASTER PA 17603

Purchase Price: $ 15,000,000.00 Purchased Percent: 20 % Purchased Amount: $ 19,500,000.00

Payment Frequency: WEEKLY Remittance $ 487,500.00

## PURCHASE AND SALE OF FUTURE RECEIVABLES

*Merchant hereby sells, assigns and transfers to MG (making MG the absolute owner) in consideration of the "Purchase Price" specified above, the Purchased Percentage of all of Merchant's Future Receipts, contract rights and other entitlements arising from or relating to the payment of monies from Merchant's customers' and/or other third party payors (the " Future Receipts" defined as all payments made by cash, check, electronic transfer or other form of monetary payment deposited into Merchants Bank Account), for the payments to Merchant as a result of Merchant's sale of goods and/or services (the "Transactions") until the "Purchased Amount has been delivered by or on behalf of Merchant to MG*

*Merchant is selling a portion of a future revenue stream to MG at a discount, not borrowing money from MG, therefore there is no interest rate or payment schedule and no time period during which the Purchased Amount must be collected by MG The Remittance is a good faith estimate of Purchased Percentage multiplied by revenues of Merchant Merchant going bankrupt or going out of business, or experiencing a slowdown in business, or a delay in collecting its receivables, in and of itself, does not constitute a breach of this Agreement MG is entering this Agreement knowing the risks that Merchant's business may slow down or fail, and MG assumes these risks based on Merchant's representations, warranties and covenants in this Agreement, which are designed to give MG a reasonable and fair opportunity to receive the benefit of its bargain Merchant and Guarantor are only guaranteeing their performance of the terms of this Revenue Purchase Agreement and are not guaranteeing the payment of the Purchased Amount The initial Remittance shall be as described above. The Remittance is subject to adjustment as set forth in Paragraph 1 4 and Paragraph 1.5.*

*MG will debit the Remittance each business day from only one depositing bank account, which account must be acceptable to, and pre-approved by MG (the "Account") into which Merchant and Merchant's customers shall remit the Receipts from each Transaction, until such time as MG receives payment in full of the Purchased Amount. Merchant hereby authorizes MG to ACH debit the initial Remittance from the Account on the agreed upon Payment Frequency; a daily basis means any day that is not a United States banking holiday MG's payment of the Purchase Price shall be deemed the acceptance and performance by MG of this Agreement. Merchant understands that it is responsible for ensuring that the initial Remittance to be debited by MG remains in the Account and will be held responsible for any fees incurred by MG resulting from a rejected ACH attempt or an Event of Default MG is not responsible for any overdrafts or rejected transactions that may result from MG's ACH debiting the Agreed Remittance under the terms of this Agreement Notwithstanding anything to the contrary in this Agreement or any other agreement between MG and Merchant, upon the occurrence of an Event of Default of the MERCHANT AGREEMENT TERMS AND CONDITIONS the Purchased Percentage shall equal 100%. A list of all fees applicable under this Agreement is contained in Appendix A and are hereby agreed to by Merchant*

**THE MERCHANT AGREEMENT "TERMS AND CONDITIONS", THE "SECURITY AGREEMENT AND GUARANTY" AND THE "ADMINISTRATIVE FORM HEREOF, ARE ALL HEREBY INCORPORATED IN AND MADE A PART OF THIS MERCHANT AGREEMENT.**

FOR THE MERCHANT (#1) By DARYL FRED HELLER (Print Name and Title) — DocuSigned by: DARYL FRED HELLER (Signature)

FOR THE MERCHANT (#2) By ______ (Print Name and Title) ______

BY OWNER/GUARANTOR (#1) By DARYL FRED HELLER (Print Name and Title) — DocuSigned by: DARYL FRED HELLER (Signature)

BY OWNER/GUARANTOR (#2) By ______ (Print Name and Title) ______ (Signature)



Initials DS DFH

DocuSign Envelope ID: 514B13DF-5527-4120-8F42-AF5532B0F6AE

# MADISON GROUP

## PREPAYMENT DISCOUNT ADDENDUM

This is an addendum for your contract dated **04/10/2024** for **HELLER CAPITAL GROUP LLC.** This addendum stipulates the following:

- If paid within 3 months factor rate will be at a 1.20% with a $18,000,000.00 payoff
- If paid within 4 months factor rate will be at a 1.24% with a $18,600,000.00 payoff
- If paid within 5 months factor rate will be at a 1.27% with a $19,050,000.00 payoff
-

This addendum will only be considered if the following conditions are met:

- No Missed Payment
- No additional Positions are added.

Merchant Signature:

DocuSigned by:
DARYL FRED HELLER
B823BE583DC74C1

Title: ______________

Date: ______________

**Note**

**MADISON GROUP Approval** is good if only paid directly by " business name"

DocuSign Envelope ID: 514B13DF-5527-4120-8F42-AF5532B0F6AE

# *GOLD CAPITAL USA*

## *BALANCE LETTER*

04/10/2024

DARYL FRED HELLER OWNER OF HELLER CAPITAL GROUP,

This letter is to confirm that HELLER CAPITAL GROUP LLC. has a balance of $5,292,500.00 with GOLD CAPITAL USA in reference to the merchant Agreement entered into on or about 04/08/2024.

Receipt of final payment will conclude the Agreement, reflecting a zero balance, and GOLD CAPITAL USA security interest in HELLER CAPITAL GROUP LLC will be released.

Thank you for counting on GOLD CAPITAL USA to help your business succeed!

Regards,
*GOLD CAPITAL USA*

*Wire Instruction*

| | |
|---|---|
| *Bank Name* | *OPTIMUM BANK* |
| *Bank Address* | *2929 EAST COMMERICAL BLVD SUITE 101 FORT LAUNDERDALE FL 33308* |
| *Beneficiary Name* | *GOLD CAPITAL* |
| *Beneficiary Address* | *1135 KANE CONCOURSE BAY HARBOR ISLANDS FL 33154* |
| *Account Routing #* | [redacted] |
| *Account #* | [redacted] |

# Exhibit “D”

**Dorene Torres**

**From:** Joel Geta <joel@riversidecapitalny.com>
**Sent:** Wednesday, April 10, 2024 3:39 PM
**To:** Daryl Heller
**Subject:** Re: confidential

**EXTERNAL**

Sent from my iPhone

On Apr 10, 2024, at 3:31 PM, Daryl Heller <dheller@hellercg.com> wrote:

Within two hours of payoff

<image001.png>

**DARYL** HELLER
CHIEF EXECUTIVE OFFICER

**HELLER** CAPITAL
E: DHELLER@HELLERCG.COM
M: 717.431.3131

**From:** Joel Geta <joel@riversidecapitalny.com>
**Sent:** Wednesday, April 10, 2024 3:28 PM
**To:** Daryl Heller <dheller@hellercg.com>
**Subject:** confidential

**EXTERNAL**

$1,146,000
will be wired to heller capital

--
Joel Geta
P: 929-302-0745
E: joel@riversidecapitalny.com
W: www.riversidecapital.co

<image002.gif>

This message may contain confidential or legally privileged information. If you have received in error, please delete.