# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

GOLD CAP LLC
164 20th Street
Brooklyn, NY 11232,

*Plaintiff,*

-against-

LKO TECHNOLOGIES INC.
920 Hillview Court, Suite 250
Milpitas, CA 95035,

IDC TECHNOLOGIES, INC.
642 Troon Court
Milpitas, CA 95035

PRATEEK GATTANI
642 Troon Court
Milpitas, CA 95035

VSTOCK TRANSFER, LLC
18 Lafayette Place
Woodmere, NY 11598

and

VERIFY MY SIGNATURE
800 East Cypress Creek Road, Suite 204
Fort Lauderdale, FL 33334,

*Defendants.*

Index No.:

**SUMMONS**

To the above-named Defendant(s):

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorney an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the annexed complaint.

Plaintiff designates KINGS COUNTY as the place of trial. The basis of the venue is designated in the Agreement between the parties.

Dated: Lancaster, New York
January 3, 2025

Respectfully Submitted,

**WELLS LAW P.C.**

By: */s/Steven W. Wells*
Steven W. Wells
229 Warner Road
Lancaster, New York 14086
Tel.: (716) 983-4750
Email: steve@wellspc.com

TO DEFENDANT(S):

LKO TECHNOLOGIES INC.
920 Hillview Court, Suite 250
Milpitas, CA 95035,

IDC TECHNOLOGIES, INC.
642 Troon Court
Milpitas, CA 95035

PRATEEK GATTANI
642 Troon Court
Milpitas, CA 95035

VSTOCK TRANSFER, LLC
18 Lafayette Place
Woodmere, NY 11598

and

VERIFY MY SIGNATURE
800 East Cypress Creek Road, Suite 204
Fort Lauderdale, FL 33334

FILED: KINGS COUNTY CLERK 01/03/2025 12:51 PM INDEX NO. 500204/2025
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 01/03/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

**GOLD CAP LLC**
164 20th Street
Brooklyn, NY 11232,

*Plaintiff,*

-vs-

**LKO TECHNOLOGIES INC.**
920 Hillview Court, Suite 250
Milpitas, CA 95035,

**IDC TECHNOLOGIES, INC.**
642 Troon Court
Milpitas, CA 95035,

**PRATEEK GATTANI**
642 Troon Court
Milpitas, CA 95035,

**VSTOCK TRANSFER, LLC**
18 Lafayette Place
Woodmere, NY 11598,

and

**VERIFY MY SIGNATURE**
800 East Cypress Creek Road, Suite 204
Fort Lauderdale, FL 33334,

*Defendants.*

**VERIFIED COMPLAINT**

INDEX NO:

NOW COMES the above-named Plaintiff, by and through undersigned counsel, and for its Complaint against the above-named Defendants, hereby states and alleges as follows:

**PARTIES**

1. Plaintiff GOLD CAP LLC ("Plaintiff" or "GCU") is a New York limited liability company domiciled at the address set forth above.

2. Defendant LKO TECHNOLOGIES INC. ("LKO") is a California corporation domiciled at the address set forth above.

3. Defendant IDC TECHNOLOGIES INC. ("IDC") is a California corporation domiciled at the address set forth above.

4. Defendant PRATEEK GATTANI ("Mr. Gattani") is an individual of full age and majority residing at the address set forth above.

5. Defendant VSTOCK TRANSFER LLC ("VStock") is a a New York limited liability company domiciled at the address set forth above. As detailed herein, VStock is only being named in this action as a necessary and interested party. No affirmative claims for damages are being asserted against VStock at this time.

6. Upon information and belief, Defendant VERIFY MY SIGNATURE ("VMS") is a Florida entity domiciled at the address set forth above. Upon further information and belief, VMS does business throughout all 50 states.

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction over this action because Plaintiffs' claims arise under the laws of the state of New York and Plaintiffs' damages are above and beyond the jurisdictional minimum for this Court.

8. This Court has jurisdiction over the Defendants pursuant to CPLR 301 based upon the consent to jurisdiction and venue provisions the agreements between the parties, the domiciles of the other Defendants, and, with respect to VMS, CPLR 302 based upon VMS' transaction of business within the state to supply goods and services.

9. Venue in this Court is appropriate pursuant to CPLR 501 based upon the venue provision in the agreements between the parties.

## STATEMENT OF FACTS

10. GCU is a merchant cash advance (MCA) business. Among other things, GCU provides its customers with working capital in exchange for the right to receive a specified percentage of its customers' total future revenue up to a certain purchased amount in exchange for a discounted, upfront purchase price. The rights to the receipts are purchased by GCU in exchange for supplying working capital to the customer. These transactions are not loans.

11. On or about May 28, 2024, GCU and LKO entered into a *Purchase and Sale of Future Receivables* Agreement (the "MCA Agreement") pursuant to which GCU purchased 30% of LKO's future receivables up to the sum of $12,750,000 in exchange for a discounted upfront purchase price of $10,200,000. A true and accurate copy of the MCA Agreement is attached as Ex. 1.

12. IDC is an additional guarantor of the MCA Agreement as set forth in the Addendum thereto.

13. LKO defaulted under the MCA Agreement by not making any remittances of the purchase amount of receipts to GCU.

14. As a result, GCU exercised certain default rights and remedies under the MCA Agreement.

15. In and around August of 2024, the parties began discussing and negotiating new terms aimed at resolving the various defaults under the MCA Agreement.

16. On August 23, 2024, the parties memorialized a new deal that supplanted the MCA Agreement. The new deal (the "Loan") was memorialized with the following:

a. A *Promissory Note* executed by LKO in the principal amount of $11,400,00.00 in favor of GCU (the "Note"). (*See* Ex. 2 attached hereto.)

b. A *Limited Guaranty and Pledge Agreement* executed by IDC in favor of GCU (the "Pledge Agreement"). (*See* Ex. 3 attached hereto.)

c. A *Personal Guaranty* executed by Mr. Gattani on August 27, 2024 wherein he guaranteed all obligations of IDC under the Note (the "Personal Guaranty"). (*See* Ex. 4 attached hereto.)

d. A *Securities Escrow Agreement* executed by IDC in favor of GCU (the "Escrow Agreement"). (*See* Ex. 5 attached hereto.) The Escrow Agreement was executed by VStock (the escrow agent) on September 20, 2024.

17. The Note, Pledge Agreement, Personal Guaranty and Escrow Agreement are collectively referred to herein as the "Loan Documents".

18. Pursuant to paragraph 2 of the Note, LKO was required to remit payment of the $11,400,000 principal balance to GCU on or before September 30, 2024.

19. Pursuant to paragraph 3 of the Note, if LKO was unable to meet the September 30, 2024 deadline, LKO was granted an automatic extension until October 31, 2024 to repay the principal balance in exchange for a $1,000,000 extension fee. In other words, $12,400,000 was due from LKO to GCU on or before October 31, 2024.

20. Pursuant to paragraph 4 of the Note, as security for repayment under the Note, IDC was required to transfer certain shares of ATLN to VStock to be held in escrow pending LKO's performance under the Note. The terms of the collateral stock pledge are set forth in the Pledge Agreement (Ex. 3).

21. Transfer of securities to an escrow company like VStock requires Medallion Signature Guarantees (MSG). An MSG is required whenever stocks or other securities are transferred in physical certificate form; for example, when the stock, as here, is being pledged as collateral for a loan or other obligation. The MSG verifies the authenticity of the transferor's signature.

22. On September 19, 2024, IDC completed the MSG transfer. (*See* Ex. 6 attached hereto.)

23. However, the following day, September 20, 2024, counsel for LKO and IDC sent email correspondence to all parties in an effort to rescind the stock transfer. (*See* Ex. 7 attached hereto.)

24. The alleged basis for the rescission notices related to a separate transaction between a LKO and a non-party to this litigation, Riverside Capital NY LLC.

25. Indeed, as clearly set forth at paragraph 14 of the Note, performance under the Note and Pledge Agreement and other Loan Documents was "not in any way contingent upon the performance of any other loan, promissory note, obligation, and/or contractual relationship between the Parties and/or any of their affiliates."

26. GCU timely objected to the attempted rescission. (*See* Ex. 8 attached hereto.) However, VerifyMySignature and VStock both honored the recission request, which is a breach of their respective obligations to Plaintiff. (*See* Ex. 9 attached hereto.) As such, GCU was left without any collateral for the Note.

27. GCU performed all of its obligations under the Note and related Loan Documents. There was therefore no valid justification for LKO, IDC, and/or Gattani to rescind the ATLN share transfer to VStock required under the Pledge Agreement and Escrow Agreement.

28. October 31, 2024 came and went with no payment or partial payment from LKO to GCU under the Note.

29. LKO is therefore in default of its obligations under the Note.

30. As of the date of this filing, LKO has not made or attempted to make any payments to GCU owed under the Note.

**COUNT 1**
**(Breach of Contract – Promissory Note)**

31. Plaintiff hereby incorporates each and every allegation in this Complaint, whether above or below, as if fully restated herein.

32. The Loan Documents are valid contracts supported by adequate consideration.

33. GCU performed all of its obligations under the Loan Documents.

34. LKO is in breach of its obligations under the Loan Documents for, among other things, failing to make payments when due.

35. As a direct and proximate result of the aforesaid breaches, GCU is entitled to actual damages against LKO in the amount of $12,400,000, plus default interest from October 30, 2024, the date of default, at the rate of 15% per annum (Ex. 2; ¶ 7), attorney's fees (*id.* at ¶ 8), and the costs of suit, the actual amount to be determined at trial.

**COUNT 2**
**(Breach of Contract – Personal Guaranty)**

36. Plaintiff hereby incorporates each and every allegation in this Complaint, whether above or below, as if fully restated herein.

37. Mr. Gattani executed a Personal Guaranty of the obligations of LKO under the Note until such time as IDC transferred 2,300,000 shares of ATLN stock as security for LKO's security for its obligations under the Note.

38. IDC is in breach of its obligations under the Loan Documents, for, among other things, failing to transfer sufficient shares of ATLN stock to VStock as required by the Pledge Agreement and Escrow Agreement.

39. Mr. Gattani is in breach of his Guaranty for failing to perform the obligations of LKO to GCU when LKO failed to do so.

40. Based on the foregoing, Mr. Gattani is liable to GCU in at least the amount of $12,400,000, with the exact amount to be determined at trial.

**COUNT 3**
**(Breach of the Limited Guaranty and Pledge Agreement)**

41. Plaintiff hereby incorporates each and every allegation in this Complaint, whether above or below, as if fully restated herein.

42. As stated in Count 1, GCU performed all of its obligations under the Loan Documents and LKO breached the provisions of the Note by failing to make payments to GCU when due.

43. Pursuant to the terms of the Limited Guaranty and Pledge Agreement, IDC failed to deliver the required shares of ATLN stock to secure the obligations of LKO to GCU pursuant to the Limited Guaranty and Pledge Agreement.

44. Based upon LKO's default under the Note, IDC is required to deliver a total number of ATLN shares in an amount equal to $11,500,000 based on the trading price of ATLN at the close of trading at the date of default.

45. Based upon IDC's default under the Limited Guaranty and Pledge Agreement, Plaintiff is entitled to interim and injunctive relief requiring IDC to transfer to GCU shares of ATLN equal to $11,500,000.

**COUNT 4**
**(Breach of the MCA Agreement)**

46. Pleading in the alternative, and to the extent the Court determines that the Defendants rescinded the Loan Documents, then the relationship between GCU, LKO, IDC and Mr. Gattani reverts back to the MCA Agreement.

47. As set forth above, LKO and IDC have failed to make any remittances to Plaintiff under the MCA Agreement resulting in breaches of sections 3.1(a), (d) (l) and (m) the MCA Agreement.

48. The total indebtedness owed to Plaintiff under the MCA Agreement is $9,824,250.00

49. Accordingly, Plaintiff is entitled to judgment in the amount of at least $9,824,250.00 against LKO and IDC, plus all remedies provided for under the MCA Agreement.

## PRAYER FOR RELIEF

WHEREFORF, Plaintiffs demand judgment for all of the following:

A. On Count 1, a judgment in favor of Plaintiff against LKO in an amount to be determined at trial but at least in the amount of $12,400,000, plus default interest from October 30, 2024, the date of default, at the rate of 15% per annum to the date of entry of judgment herein (Ex. 2; ¶ 7), Plaintiff's reasonable attorney's fees (*id.* @ ¶ 8), plus statutory costs and disbursement, with the actual amount to be determined at trial..

B. On Count 2, a judgment in favor of Plaintiff against Mr. Gattani in an amount to be determined at trial but at least in the amount of $12,400,000 plus all costs and expenses incurred by GCU on account of breaches by other defendants under applicable agreement referenced herein (Ex. 3 @ ¶ 14)

C. On Count 3, interim and injunctive relief against IDC requiring IDC to transfer or place in escrow shares of ATLN in the amount of $11,400 to secure LKO's performance under the Note.

D. In the Alternative, on Count 4, if the Court determines that the binding agreement between the parties is the MCA Agreement, damages against LKO and IDC in the amount of $9,824,250.00, plus statutory interest at the rate of 9% per annum from the date of default to the date of entry of judgment herein, plus attorneys' fees, statutory interest and costs.

E. Attorney's fees and costs; and

F. Any further relief the Court deems proper.

Respectfully submitted,

WELLS LAW P.C.

By: Steven W. Wells
Steven W. Wells, Esq.
William V. Parsons, Esq.
229 Warner Road
Lancaster, New York 14086
(716) 983-4750
steve@wellspc.com
will@wellspc.com

## VERIFICATION

I, Yoel Getter, owner and duly authorized officer of the Plaintiff, Gold Cap LLC, do hereby state under penalty of perjury, that I have thoroughly read the foregoing Verified Complaint. All facts and allegations set forth herein are true and accurate to the best of my knowledge.

______________________________
Yoel Getter, Owner of Gold Cap LLC

SWORN to before me and SUBSCRIBED in my presence this 3rd day of January, 2025.

______________________________
Notary Public
My Commission Expires: October 5 2026

OFELIA BARILLAS
Notary Public - State of Florida
Commission # HH 289247
My Comm. Expires Oct 5, 2026
Bonded through National Notary Assn.