**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re: Case No. 26-18907-CLC

YOEL GETTER, Chapter 7

Debtor.
_______________________________________/

**MOTION TO COMPEL ACCESS TO PROPERTY AND DEBTOR'S COOPERATION**

> Trustee Mukamal respectfully requests that the Court set this Motion for hearing on October 22, 2026, at 10:00 a.m. when this Court is set to hear two other pending matters in this case. Doing so will afford the Debtor (and other parties in interest) at least 14 days notice of the relief requested, and Trustee Mukamal and the Debtor additional time to resolve the disputes without Court intervention.

Barry E. Mukamal, duly appointed, qualified and acting Chapter 7 Trustee ("Trustee Mukamal") the bankruptcy estate of Yoel Getter ("Debtor"), by and through undersigned counsel, respectfully moves (the "Motion"), pursuant to 11 U.S.C. §§ 521, 541 and 704, Rule 9014, Fed. R. Bankr. P., and Local Rules 9014-1 and 9014-2, for the entry of an Order compelling access to certain real property scheduled by the Debtor and cooperation from the Debtor in Trustee Mukamal's efforts to investigate and, if appropriate, administer the Property, and in support thereof, respectfully states as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 §§ 1408 and 1409. The statutory predicate for the relief sought is section 542 of the Bankruptcy Code.

## II. BACKGROUND

2. Mr. Getter voluntarily commenced this case upon the filing of his petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on July 7, 2026 [Dkt. No. 1].

3. As previewed at an earlier hearing, Mr. Getter successfully owns and operates several merchant cash advance businesses which, according to public records, yielded the Debtor substantial wealth, including an eight figure mansion, private jet, and at least a half million dollars worth of luxury automobiles. Yet, his schedules list a sole asset: the property subject of this motion.

4. Schedule A discloses real property located at 564 East 9th Street, Brooklyn, NY 11218 (the "Property") with a scheduled value of $808,000.00.

5. In connection with his investigation under section 704 of the Bankruptcy Code, Mr. Mukamal inquired of the Debtor regarding that scheduled valuation on September 25, 2026, but has not had the benefit of a response.

6. Mr. Mukamal has also demanded cooperation from the Debtor on two separate occasions to gain access to the real property for purposes of investigating its condition and performing his own valuation.

7. Unfortunately, the Debtor has not complied with Mr. Mukamal's demands, to date.

## III. RELIEF REQUESTED

8. By this Motion, Trustee Mukamal requests entry of an order compelling Debtor to grant Mr. Mukamal and his agents access to the Property and cooperate with his efforts to investigate this asset and, if appropriate, administer the asset for the benefit of the estate.

## IV. BASIS FOR RELIEF

9. Section 521 of the Bankruptcy Code sets forth the Debtor's duties. It requires, among other things, to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." 11 U.S.C. § 521(a)(3). Here, with respect to the Property, Trustee Mukamal is attempting to perform his duties under section 704(a) of the Bankruptcy Code to "collect and reduce to money the property of the estate for which the trustee serves," and "investigate the financial affairs of the debtor." 11 U.S.C. § 704(a)(1) and (4). The Property is property of the chapter 7 bankruptcy estate pursuant to section 541 of the Bankruptcy Code that Trustee Mukamal is attempting to investigate and, if appropriate, administer for the benefit of all stakeholders of this chapter 7 bankruptcy estate. Unfortunately, the Debtor has not complied with his duties under section 521 and has caused harm to the estate by (a) increasing the administrative expenses of the estate, including the filing and prosecution of this Motion, (b) impairing Trustee Mukamal's efforts to administer the Property, and (c) delaying the resolution of the estate's dispute with the secured creditor alleging a lien on the Property [see Dkt. Nos. 73 and 93].

10. While not ripe for this Motion, Trustee Mukamal anticipates (but hope springs eternal otherwise) that this may be a theme developing in this case as Mr. Getter has objected to Trustee Mukamal's efforts to investigate and evaluate the Debtor's MCA businesses and has otherwise been non-compliant with discovery requests, to date. Trustee Mukamal is attempting to meet and confer with Debtor's counsel in an effort to avoid further court intervention, but if not forthcoming, he does expect to file an additional motion to compel.

**WHEREFORE**, Trustee Mukamal respectfully requests the Court to enter an Order: (i) granting the Motion; (ii) compelling Mr. Getter to provide Trustee Mukamal with access to the Property and to cooperate with Trustee Mukamal's efforts to investigate the Proeprty and, if

appropriate, administer the Property for the benefit of the chapter 7 bankruptcy estate; and (iii) granting such further relief as the Court deems just and proper under the circumstances.

Dated: October 8, 2026.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: */s/ Eric J. Silver*
ERIC J. SILVER
Florida Bar No. 057262
esilver@stearnsweaver.com
*Counsel to Trustee Mukamal*