**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION**

**Case No. 26-18907-CLC Chapter 7**

**In re:**
**YOEL GETTER, aka Yoel Elimelech Getter,**
**aka Yoel C. Getter,**
**Debtor.**
______________________________________________/

**JUDGMENT CREDITORS' MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY SKYTOP GRP, LLC AND YOEL GETTER, AS ITS MANAGING MEMBER, SHOULD NOT BE HELD IN CIVIL CONTEMPT, AND INCORPORATED MEMORANDUM OF LAW**

Judgment Creditors FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC (collectively, the "Judgment Creditors"), by and through undersigned counsel, respectfully move this Court, pursuant to 11 U.S.C. § 105(a), Federal Rules of Bankruptcy Procedure 9020, 9014, and 9016, and Federal Rule of Civil Procedure 45(g), for entry of an Order to Show Cause directing non-party Skytop GRP, LLC ("Skytop") and Yoel Getter ("Getter"), as Skytop's sole manager and managing member, to appear and show cause why each should not be adjudged in civil contempt for failing to comply with this Court's Order Granting Judgment Creditors' Motion to Compel Non-Party Skytop GRP, LLC's Compliance with Subpoena, signed October 13, 2026, and entered on the docket October 14, 2026 [ECF No. 112] (the "Compliance Order"). In support, the Judgment Creditors state:

**PRELIMINARY STATEMENT**

1. This Court ordered Skytop to produce the subpoenaed records within seven days. Skytop produced nothing. The Court expressly "retain[ed] jurisdiction to enforce this Order, including by the imposition of sanctions for any failure to comply." The

time for compliance has passed, and the Judgment Creditors now ask the Court to exercise that retained authority.

2. Because a limited liability company can act only through the human beings who control it, the command in the Compliance Order ran not only to Skytop but to Getter, its sole manager, managing member, and registered agent — the one person with the authority to produce the records and the power to prevent their production. Under the century-old rule of *Wilson v. United States,* 221 U.S. 361, 31 S. Ct. 538, 55 L. Ed. 771 (1911)**,** reaffirmed by the Supreme Court and the Eleventh Circuit, a command to an entity "is in effect a command to those who are officially responsible for the conduct of its affairs," who "may be punished for contempt" if they fail to take action within their power to secure compliance. *Id.* at 376–77. The Judgment Creditors therefore seek an order to show cause directed to both Skytop and Getter.

## BACKGROUND

### The underlying judgment and post-judgment discovery

3. The Judgment Creditors hold a judgment against the Debtor, Yoel Getter, and have pursued discovery in aid of execution to identify assets available to satisfy that judgment, including in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (Case No. CACE-2022-005125).

4. Getter formed Skytop, a Florida limited liability company, on June 19, 2025. In Skytop's Articles of Organization, Getter listed himself as the incorporator, the registered agent, and the sole person "authorized to manage" the Company, and he signed the Articles as the member or authorized representative. Public records and corporate filings reflect that Getter incorporated Skytop, "listed himself as the incorporator, the resident agent, and manager of Skytop, and used the same address that he leased for himself."

**The subpoena**

5. On August 11, 2026, the Judgment Creditors served on Skytop a Subpoena to Produce Documents, Information, or Objects in a Bankruptcy Case (the "Subpoena"), issued in this bankruptcy case and directed to "SKYTOP GRP, LLC, a Florida limited liability company c/o Yoel Getter, Registered Agent." The Subpoena commanded Skytop to produce records concerning its ownership and control, Getter's role with the Company, its bank records, and payments to or for the benefit of Getter and Getter-related entities, with compliance due September 15, 2026. The Subpoena incorporated Federal Rule of Civil Procedure 45, made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9016, including the Rule 45(g) notice that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

**The Compliance Order**

6. Skytop moved in the state court to quash the subpoena and for a protective order; the Judgment Creditors opposed, establishing Getter's control of and nexus to Skytop. The Court denied the motion to quash and for a protective order.

7. The Judgment Creditors then moved this Court to compel Skytop's compliance. The Court heard the motion on October 1, 2026, and granted it. The Compliance Order directed: "Within seven (7) days of the entry of this Order, Skytop GRP, LLC, a non-debtor, shall produce to the Creditors all documents and electronically stored information responsive to the subpoena." The Court reserved ruling on attorney's fees and costs and retained jurisdiction to enforce the Order, "including by the imposition of sanctions for any failure to comply." The Court signed the Compliance Order on October 13, 2026, and it was entered on the docket on October 14, 2026 [ECF No. 112].

**Service and notice of the Compliance Order**

8. On October 15, 2026, the Judgment Creditors caused the Compliance Order to be served on Skytop, c/o Getter as its registered agent, at 9705 Collins Avenue, Unit

2403, Bal Harbour, Florida 33154, which is also Getter's residence. Finding no one at the door after waiting fifteen minutes, Certified Process Server Roberto Lindsay posted a true copy of the Compliance Order, with the date and hour of service endorsed on it, at the front door of the residence. A true and correct copy of the Verified Return of Service is attached as Exhibit A.

9. Getter also had notice of the Compliance Order in his own right. He is the Debtor in this case; the Compliance Order was entered on the docket of his own bankruptcy case, and notice of its entry was transmitted through CM/ECF to his counsel of record. And the service on Skytop described above was directed to Getter, as Skytop's registered agent, at his own residence.

**The non-compliance**

8. The seven-day production period set by the Compliance Order expired on October 21, 2026, seven days after the Order was entered on the docket. *See* Fed. R. Bankr. P. 9006(a)(1). Even measured from the date of service, the period expired on October 22, 2026. As of the filing of this Motion, Skytop has produced no documents or electronically stored information and has not otherwise responded. To date, neither Skytop nor Getter has produced a single responsive record, sought additional time, or asserted any excuse for non-production.

**RELIEF REQUESTED**

9. The Judgment Creditors request that the Court enter an Order to Show Cause directing Skytop and Getter to appear on a date set by the Court and show cause why each should not be held in civil contempt for violating the Compliance Order, and, absent compliance or adequate excuse, awarding coercive and compensatory sanctions, including the Judgment Creditors' reasonable attorney's fees and costs.

## MEMORANDUM OF LAW

**I. This Court has authority to initiate contempt by order to show cause, and the motion-and-show-cause procedure is the proper vehicle.**

10. A show-cause order is the correct mechanism. In bankruptcy, civil contempt is sought by motion and treated as a contested matter: Federal Rule of Bankruptcy Procedure 9020 provides that Rule 9014 governs a motion for a contempt order filed by the United States trustee or a party in interest. Rule 9014, in turn, requires that relief "be requested by motion" and that "[r]easonable notice and an opportunity to be heard must be given to the party against whom relief is sought." The motion commencing the contested matter must be served in the manner for serving a summons and complaint provided by Rule 7004. Fed. R. Bankr. P. 9014(a)–(b). The Advisory Committee has confirmed that the procedure for civil contempt in the bankruptcy courts follows "[t]he decisional law governing the procedure for imposition of civil sanctions by the district courts," and that bankruptcy judges possess the power to issue civil contempt orders. Fed. R. Bankr. P. 9020 advisory committee's note**.**

11. Consistent with that procedure, the established practice is for the movant to file a motion and a proposed order to show cause, and for the court to adjudicate contempt following an evidentiary "show cause" hearing. The Eleventh Circuit has described civil contempt as proceeding through exactly this device: once the movant makes a prima facie showing, "the burden then shifts to the alleged contemnor to produce evidence explaining his noncompliance at a 'show cause' hearing." *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010). Due process requires only that the alleged contemnor be "afforded notice and an opportunity to be heard," which the motion and a subsequent evidentiary hearing satisfy.

12. The Court's power to impose sanctions is secure. Section 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, 11 U.S.C. § 105(a), and — together with the Court's traditional equitable authority — permits the imposition of civil contempt sanctions. *Taggart v. Lorenzen*, 587 U.S. 554, 559–560, 139 S.

Ct. 1795, 1801, 204 L. Ed. 2d 129 (2019). Civil contempt is a “potent weapon” used to “coerce the defendant into compliance” with the court’s order or to “compensate the complainant for losses” caused by the noncompliance. A bankruptcy court confronting a non-party’s refusal to obey an order compelling production of subpoenaed documents may hold the non-party in contempt and impose sanctions for the violation of that production order. *In re McReynolds*, 166 B.R. 452, 453–54 (Bankr. M.D. Fla. 1994). The Subpoena itself incorporated this consequence through Rule 45(g).

**II. The elements of civil contempt are satisfied.**

13. In the Eleventh Circuit, a finding of civil contempt must be supported by clear and convincing evidence that the allegedly violated order was “valid and lawful,” that the order was “clear and unambiguous,” and that the alleged violator “had the ability to comply with the order.” *Leshin*, 618 F.3d at 1232. Each element is met.

14. **Valid and lawful order.** This Court entered the Compliance Order after a noticed hearing on the Judgment Creditors’ motion, following Skytop’s failure to respond. Its validity is not seriously in doubt.

15. **Clear and unambiguous.** The Compliance Order’s command admits no ambiguity: Skytop “shall produce to the Creditors all documents and electronically stored information responsive to the subpoena” “[w]ithin seven (7) days of the entry of this Order.” It specified both what to produce and when.

16. **Ability to comply.** The subpoenaed records — Skytop’s own ownership, control, banking, and payment records are within Skytop’s possession, custody, or control, and within the reach of its managing member. Getter formed the Company, controls it, and serves as its registered agent. Nothing in the record suggests an inability to produce.

17. The absence of production completes the showing. Skytop produced nothing within the seven-day period and has offered no excuse. Good faith is beside the point: “the absence of willfulness is not a defense to a charge of civil contempt,” and “substantial, diligent, or good faith efforts are not enough; the only issue is

compliance." *Leshin*, 618 F.3d at 1232–33. Once the Judgment Creditors make their prima facie showing, the burden shifts to Skytop and Getter to come forward at the show-cause hearing and establish any inability to comply.

**III. Getter, as Skytop's managing member, may be held in contempt for Skytop's disobedience.**

18. The command in the Compliance Order reached Getter personally. More than a century ago, in *Wilson*, the Supreme Court held that where a subpoena duces tecum is directed to a corporation, "[a] command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs," and those officers, "apprised of the writ directed to the corporation," who "prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty . . . no less than the corporation itself, are guilty of disobedience, and may be punished for contempt." Because an entity "can only act through its agents, the courts will operate upon the agents through the corporation," and "the individual members are punished in their natural capacities for failure to do what the law requires of them as the representatives of the corporation." *Wilson*, 221 U.S. at 376.

19. The Supreme Court reaffirmed *Wilson* in *United States v. Fleischman,* 339 U.S. 349, 70 S. Ct. 739, 94 L. Ed. 906 (1950), holding that one who accepts an office of joint responsibility necessarily assumes an individual responsibility to act, within the limits of his power to do so, to bring about compliance with the order, because any contrary rule would "remove such organizations beyond the reach of legislative and judicial commands." The doctrine turns on control and responsibility, not corporate form. *Fleischman* confirmed that the directing officers of an unincorporated association are "quite as responsible for their production as if they were corporate officers."

20. The Eleventh Circuit has applied this rule to hold individuals in contempt for an entity's disobedience. In *F.T.C. v. Leshin*, 618 F.3d 1221 (11th Cir. 2010), the court affirmed holding corporate officers "individually liable for contempt," explaining that "[t]he Supreme Court long ago held that individuals responsible for the affairs

of a corporation can be individually held in contempt for disobeying a known injunctive order." The court reaffirmed the point in *PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205 (11th Cir. 2019), holding that because "[a] corporation can act only through individuals," it was no abuse of discretion to hold the entity's officers "responsible for the actions that violated the injunction against the corporation."

21. Courts applying *Wilson* have extended it squarely to the managing member of a non-party limited liability company that defies a judgment creditor's document subpoena and the court's compliance orders — the precise situation here. In *Diversified Lenders, LLC vAmazon Logistics, Inc.*, No. 8:17-MC-37-T-36AEP, 2017 WL 10350672 (M.D. Fla. Dec. 4, 2017)**,** the court held that the managing members and registered agent of a non-party LLC, who "maintain authority to comply or prevent compliance with the subpoena," had "prevented compliance or failed to take appropriate action within their power for the performance of the corporate duty, and thus are guilty of disobedience, so may be punished for contempt." *Id*. Likewise, in *SE Prop. , LLC. Holdings, LLC v. Unified Recovery Grp.*, No. MC 14-0008-KD-MU, 2020 WL 3579210 (S.D. Ala. May 29, 2020), the court held the managing member of a non-party LLC in civil contempt for the LLC's failure to comply with a judgment creditor's post-judgment document subpoena and the court's orders, reasoning that as managing member he "can act on behalf of" the LLC and "maintains the authority to comply or prevent compliance," so he "failed to take appropriate action within his power for performance of the corporate duty."

22. Getter stands in the same position. He is Skytop's sole manager, its managing member, and its registered agent — the only person through whom Skytop can act. By failing to cause Skytop to produce the records the Compliance Order required, Getter "fail[ed] to take appropriate action within [his] power for the performance of the corporate duty" and is therefore subject to contempt in his individual capacity, no less than Skytop itself. Getter was also "apprised of the writ directed to the corporation." *Wilson*, 221 U.S. at 376. The Compliance Order was served at

his residence, directed to him as Skytop's registered agent, and entered on the docket of his own bankruptcy case with notice to his counsel. *See* supra ¶¶ 8–9.

**CONCLUSION**

23. For these reasons, the Judgment Creditors respectfully request that the Court: (a) enter an Order to Show Cause directing Skytop GRP, LLC and Yoel Getter, as its managing member, to appear and show cause why each should not be held in civil contempt for violating the Compliance Order; (b) upon a failure to show cause, hold Skytop and Getter in civil contempt and order compliance by a date certain; (c) impose coercive sanctions, including a per diem fine, until production is complete, and, as a last resort for continued defiance, the coercive incarceration of Getter; (d) award the Judgment Creditors their reasonable attorney's fees and costs incurred in enforcing the Compliance Order, including the fees and costs reserved in the Compliance Order; and (e) grant such further relief as the Court deems just and proper.

Respectfully submitted,

**KARTEN LEGAL**
Co-Counsel for FVP
3386 Churchill Dr
Boynton Beach, FL 33435
Telephone: (561) 839-3223
Email: Lindsay@KartenLegal.com

By: */s/ Lindsay Karten*
Lindsay Karten, Esq.
Florida Bar No. 30869

**CERTIFICATE OF ADMISSION**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

*/s/ Lindsay Karten*
Lindsay Karten, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2026, a true and correct copy of the foregoing, together with its exhibit, was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel and parties registered to receive electronic notice in this case, including Jesse R. Cloyd, Esq., Agentis PLLC, counsel for the Debtor (see Fed. R. Bankr. P. 7004(g)), and the Chapter 7 Trustee; and that on the same date a true and correct copy was served by first-class United States Mail, postage prepaid, pursuant to Federal Rules of Bankruptcy Procedure 9014(b) and 7004(b), on the following:

Skytop GRP, LLC
Attn: Yoel Getter, Registered Agent and Managing Member
9705 Collins Avenue, Unit 2403
Bal Harbour, Florida 33154

Yoel Getter
9705 Collins Avenue, Unit 2403
Bal Harbour, Florida 33154

*/s/ Lindsay Karten*
Lindsay Karten, Esq.