**ORDERED in the Southern District of Florida on October 26, 2026.**

**Corali Lopez-Castro, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re: Case No. 26-18907-CLC

YOEL GETTER, Chapter 7

Debtor.
_______________________________________/

**ORDER CONTINUING HEARING ON EMERGENCY MOTION TO COMPEL ACCESS TO DEBTOR'S BUSINESS RECORDS AND IMAGING OF DEVICE**

THIS MATTER came before the Court for a preliminary hearing on October 22, 2026, at 10:00 a.m. (the "Hearing") upon the *Motion to Compel Access to Debtor's Business Records and Imaging of Device* [Dkt. No. 122] (the "Motion") filed by Barry E. Mukamal, ("Trustee Mukamal") the trustee for the chapter 7 bankruptcy estate of Yoel Getter (the "Debtor"). The Court, for the reasons set forth on the record, which are incorporated here by reference, finds it appropriate to set an evidentiary hearing on the Motion as set forth below. Therefore, it is –

ORDERED as follows:

1. The Debtor shall produce all responsive information to Trustee Mukamal in native format by no later than **Monday, October 26, 2026, at 5:00 p.m.**

2. The Court will conduct an evidentiary hearing on the Motion on **Friday, October 30, 2026, at 11:00 a.m.** at the C. Clyde Atkins, U.S. Courthouse, 201 North Miami Ave, Courtroom 7, Miami, Florida 33128, at which the Debtor shall appear and testify.

3. Pending the outcome of the evidentiary hearing and any further order of the Court, the Debtor shall preserve, and shall not destroy, delete, alter, overwrite, encrypt, wipe, reset, discard, transfer, or otherwise make unavailable or render unreadable, all documents, communications, and electronically stored information ("ESI"), together with all associated metadata, that relate to the Debtor's property, business records, or financial affairs, or to property of the estate, whether such information is in the Debtor's possession, custody, or control or is accessible to the Debtor, and regardless of the device, account, application, platform, or medium on which it is stored (including, without limitation, computers, mobile devices, external and cloud storage, email and messaging accounts, and accounting or business-management software). In connection therewith, the Debtor shall immediately suspend or disable any automatic or routine process that deletes, purges, overwrites, or alters any information described above — including auto-delete settings on email or messaging applications and any practice of overwriting backups — or, where a process cannot be suspended, shall preserve the at-risk information by collecting and securely storing it. The Debtor shall preserve each device identified in the Motion in its current state and in forensically sound condition, and shall not use, access, modify, factory-reset, repair, or dispose of any such device in any manner that could alter, delete, or impair the data stored on it or its metadata, pending the forensic imaging sought in the Motion. Nothing in the Debtor's production obligation under paragraph 1 relieves the Debtor of the obligation to preserve the

original, native-format source files and their metadata; the Debtor shall retain the native sources from which any production is made.

###

**Submitted by**:
Eric J. Silver, Esq.
Florida Bar No. 57262
esilver@stearnsweaver.com
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

(Attorney Silver must serve a copy of this order on all parties entitled to notice thereof and file a certificate of service as required by Local Rule 9036-2.)