**ORDERED in the Southern District of Florida on October 30, 2026.**

Corali Lopez-Castro, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re: Case No. 26-18907-CLC

YOEL GETTER, Chapter 7

Debtor.
_______________________________________/

**AGREED ORDER GRANTING MOTION TO COMPEL**
**ACCESS TO DEBTOR'S BUSINESS RECORDS AND IMAGING OF DEVICE**

THIS MATTER came before the Court upon the *Motion to Compel Access to Debtor's Business Records and Imaging of Device* [Dkt. No. 122] (the "Motion") filed by Barry E. Mukamal, ("Trustee Mukamal") the trustee for the chapter 7 bankruptcy estate of Yoel Getter (the "Debtor"). The Court, noting the agreement of Trustee Mukamal and the Debtor, finds it appropriate to grant the Motion as set forth below. Therefore, it is –

ORDERED as follows:

1. **Production**. Within 3 business days of entry of the Order, the Debtor shall surrender to the Court-approved examiner each Apple iPhone (any other mobile device) he has

used since January 1, 2021, including the devices associated with the numbers 917-586-5739 and 929-302-0745, together with all passcodes, biometrics, and credentials necessary to access the devices and any linked iCloud account.

2. **Neutral examiner.** Epiq shall serve as the independent digital forensic analyst retained as an officer of the Court.

3. **Confidentiality.** The examiner (and any support personnel) shall execute a confidentiality undertaking under a protective order before receiving any device.

4. **Imaging.** The examiner shall create a forensic (mirror) image of each device and promptly return the device to the Debtor; if a full image is not feasible due to device security, the examiner shall acquire as much data as possible.

5. **Search terms.** The parties shall confer on search terms directed to the Debtor's entities and the transactions under investigation (e.g., the entity names, counterparties, financial institutions, and the merchant-cash-advance transactions); absent agreement, the Court will set the terms. The examiner shall run the agreed terms against the image.

6. **Privilege review and production.** The examiner shall deliver the search-term results to the Debtor's counsel first; the Debtor's counsel shall, within twenty (20) days, produce responsive, non-privileged materials to the Trustee and serve a privilege log, compliant with the Local Rules, for anything withheld.

7. **Certification.** The examiner shall provide a signed affidavit describing the imaging and search steps taken.

8. **Costs.** The Debtor shall pay the examiner's reasonable fees to create a forensic image of the devices. The Trustee and the Debtor shall discuss the payment of any further fees

and costs. If an agreement cannot be reached regarding the payment of additional fees and costs, the Court shall determine the issue.

9. **Entity electronic mail.** The foregoing protocol regarding search terms and privilege review and production shall not apply to the business electronic mail accounts identified by the Debtor in his Rule 2004 examination (joel@citycapitalny.com and joel@riversidecapitalny.com) which contents shall be produced to Trustee Mukamal, *en toto*. In connection with these accounts, the Debtor shall provide Trustee Mukamal with administrator credentials (including login, password, and any 2 factor authentication necessary to access the accounts) by no later than **Friday, October 30, 2026, at 10:30 a.m.**; *provided, however*, that while Trustee Mukamal shall have full access to these accounts, the Debtor reserves the right to claim any information in the accounts as privileged; *provided further*, *however*, that Trustee Mukamal agrees to keep all information in the accounts confidential pursuant to a confidentiality agreement executed by and between the parties.

10. **Order to Show Cause**. Upon Trustee Mukamal's filing of a notice of non-compliance, the Court will enter an Order to show cause why the Debtor should not be held in contempt of Court for failure to abide by any of the terms of this Order.

**11. Compliance; Default; and Consequences of Non-Compliance.**

a. Time for compliance. Time is of the essence. The Debtor shall perform each obligation under this Order by the deadline stated for it, including surrender of the devices, passcodes, biometrics, and credentials within three (3) business days of entry of this Order, provision of the business-email administrator credentials by October 30, 2026, at 10:30 a.m., payment of the examiner's fees, and preservation of all devices, accounts, and data with auto-deletion disabled.

b. Notice and cure. If the Debtor fails to comply with any term, Trustee Mukamal may file and serve a notice of non-compliance specifying the term at issue. The Debtor shall have three (3) business days from service to fully cure the specified non-compliance and to file proof of cure.

c. Expedited show cause. If the Debtor does not timely cure, the Court will, upon the Trustee's certification of continued non-compliance, enter an order directing the Debtor to appear at an expedited hearing, on no fewer than three (3) business days' notice, to show cause why the Debtor should not be held in civil contempt and why the relief in subparagraph (d) should not issue.

d. Coercive and compensatory relief. Upon a finding of non-compliance, the Court may impose any relief necessary or appropriate under 11 U.S.C. § 105(a), including: (i) a coercive per diem fine for each day of continued non-compliance, which the Debtor may avoid or purge by complying; (ii) the Debtor's payment of the reasonable attorney's fees and costs the Trustee incurs in enforcing this Order; (iii) an order authorizing and directing the examiner to take all lawful steps to access, image, and search the devices and accounts, with the Debtor's continued cost responsibility under the provisions of this Order; and (iv) such further relief as the Court deems just, up to and including incarceration until the Debtor purges the contempt.

e. Burden of proving inability. The Debtor bears the burden of establishing, by competent evidence, any claimed inability to comply, including any inability to produce a device, passcode, biometric, or credential, and must show that the Debtor has made all reasonable efforts to comply.

f. Effect on discharge. The Debtor is advised that the failure or refusal to obey this Order, and the concealment, destruction, or alteration of any device, account, or data subject to it, may constitute grounds for denial or revocation of the Debtor's discharge under 11 U.S.C. § 727, in addition to any sanction for contempt.

12. **Retention of jurisdiction**. The Court retains jurisdiction to interpret and enforce this Order and to adjudicate any dispute arising under it.

###

**Submitted by**:
Eric J. Silver, Esq.
Florida Bar No. 57262
esilver@stearnsweaver.com
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

(Attorney Silver must serve a copy of this order on all parties entitled to notice thereof and file a certificate of service as required by Local Rule 9036-2.)