**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re: Case No. 26-18907-CLC

YOEL GETTER, aka Yoel Elimelech Getter, aka Yoel C. Getter, Chapter 7

Debtor.
_______________________________/

**JUDGMENT CREDITORS' NOTICE OF CORRECTION TO THEIR MOTION TO COMPEL NON-PARTY SKYTOP GRP, LLC'S COMPLIANCE WITH SUBPOENA [ECF No. 80] AND TO THEIR MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE [ECF No. 132]**

Judgment Creditors FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC (collectively, the "Judgment Creditors"), by and through undersigned counsel, respectfully file this Notice of Correction to their Motion to Compel Non-Party Skytop GRP, LLC's Compliance with Subpoena and Incorporated Memorandum of Law (the "Motion") [ECF No. 80], and to paragraph 2 of their Motion for Entry of an Order to Show Cause Why Skytop GRP, LLC and Yoel Getter, as Its Managing Member, Should Not Be Held in Civil Contempt, and Incorporated Memorandum of Law (the "Show Cause Motion") [ECF No. 132]. The Judgment Creditors file this Notice to correct factual characterizations in the Motion and the Show Cause Motion concerning the ownership of non-party Skytop GRP, LLC ("Skytop") and the debtor's role in it, to conform the record to Skytop's Operating Agreement, and to confirm that the correction does not affect the relief requested in either motion. In support, the Judgment Creditors state:

**1. The statements being corrected.** The Motion states, in its Preliminary Statement, that Skytop is "wholly owned, managed, and controlled by the debtor, Yoel Getter," and states, at paragraph 6 of its Factual Background, that "Getter has admitted under oath that he owns Skytop." To the extent those statements assert that the debtor, Yoel Getter, is the record owner or member of Skytop, the Judgment Creditors correct them as set forth below.

**2. The corrected fact.** Under Skytop's Operating Agreement, effective June 19, 2025, Aron Getter, not the debtor Yoel Getter, is the sole member of Skytop GRP, LLC and holds 100% of its membership interests. The Operating Agreement was entered into "by ARON GETTER, an individual and resident of the state of New York (the 'Member'), for the purposes of forming SKYTOP GRP LLC," provides that "[t]he Member shall own 100% of the Membership Interests of the Company," and is executed by Aron Getter as Member. The debtor, Yoel Getter, is Skytop's **Manager**, not its member of record.

**3. Paragraph 4 of the Motion is correct and is unchanged.** Paragraph 4 of the Motion's Factual Background, which states that Skytop's registered agent is "Getter himself, who is also Skytop's manager and the signatory of its Articles of Organization," is accurate and remains unchanged. Section 5.2 of the Operating Agreement provides: "The Member appoints Yoel Getter as the initial Manager." Skytop's Articles of Organization likewise identify Yoel Getter as the manager and were signed by him.

**4. The Judgment Creditors do not concede that the debtor lacks a beneficial interest in Skytop.** This correction conforms to Skytop's governing document; it is not a concession that the debtor has no interest in Skytop GRP, LLC. The Judgment Creditors reserve all rights on that issue.

**5. The debtor, as Manager, remains the person obligated to produce Skytop's records.** This correction does not alter the relief sought because the subpoena is directed to the entity Skytop, and the debtor, as Skytop's sole Manager, has complete authority over, custody of, and control of Skytop's records. Under the Operating Agreement:

- **Full control of the Company (§ 5.1).** The Manager "shall have full and complete authority, power, and discretion to manage and control the business, affairs, and properties of the Company," and to "perform any and all other acts or activities customary or incident to the management of the Company's business," including opening "bank accounts, credit card accounts, and other accounts in Company's name." (OPERATING AGREEMENT at 6)
- **Officers (§§ 5.1, 5.8, 5.9).** The Manager appoints the President, General Manager, Vice Presidents, Secretary, and any other officers, defines their powers, removes

any officer with or without cause, and approves officer compensation. (OPERATING AGREEMENT at 7; OPERATING AGREEMENT at 8)

- **Authority to bind the Company (§ 5.5).** No officer, employee, or agent may bind Skytop outside the ordinary course unless the Manager authorizes it. (OPERATING AGREEMENT at 7)
- **Books and records (§§ 5.8(d), 5.10).** The Manager designates the person who keeps Skytop's books and records, which are kept at the principal place of business the Manager selects. (OPERATING AGREEMENT at 8)
- **Distributions and reserves (§§ 1.1(i)(iii), 7.2).** The Manager sets cash reserves and determines when and how much is distributed. (OPERATING AGREEMENT at 9; OPERATING AGREEMENT at 2)
- **Capital and loans (§§ 6.2, 6.3).** The Manager decides whether additional funds are needed and may lend money to, borrow money from, act as surety or guarantor for, and transact other business with Skytop. (OPERATING AGREEMENT at 9)
- **Scope of business (§ 3.1(c)–(d)).** The Manager exercises "all powers" connected with the business "as the Manager may determine in its sole discretion," and may take Skytop into "any other lawful business." (OPERATING AGREEMENT at 5)
- **Name, office, and filings (§§ 2.2, 2.3, 2.6).** The Manager selects fictitious names, sets the principal place of business, and makes all filings needed to maintain the Company. (OPERATING AGREEMENT at 3; OPERATING AGREEMENT at 4)
- **Certificates of Interest (§ 8.5(a)).** The Manager sets the form of membership certificates and signs them on the Company's behalf. (OPERATING AGREEMENT at 12)
- **Winding up (§ 9.2).** On dissolution, the Manager is the default Liquidating Trustee, who collects and marshals Skytop's assets, sells them, pays creditors, and distributes the remainder. (OPERATING AGREEMENT at 13)

A limited liability company can act only through its managing agents, and its records are therefore within the possession, custody, or control of the person officially responsible for its affairs. *Acosta v. La Piedad Corp.*, 894 F.3d 947, 951–952 (8th Cir. 2018)**;** *Wilson v. United States*, 221 U.S. 361, 374–375, 31 S. Ct. 538, 542, 55 L. Ed. 771

(1911)**.** Because Yoel Getter is Skytop's sole Manager — the person through whom, and only through whom, Skytop can respond- the subpoenaed records are within his control, and he is the responsible person who must cause Skytop to produce them. *Diversified Lenders, LLC v. Amazon Logistics, Inc.,* No. 8:17-MC-37-T-36AEP, 2017 WL 10350672 (M.D. Fla. Dec. 4, 2017)**;** *SE Prop. Holdings, LLC v. Unified Recovery Grp., LLC,* No. MC 14-0008-KD-MU, 2020 WL 3579210 (S.D. Ala. May 29, 2020)

**6. The debtor remains the proper person subject to contempt for Skytop's continued noncompliance.** For the same reason, the correction does not affect the Judgment Creditors' request that the Court hold Skytop — and, should it persist in its refusal, the individual who controls it, in contempt under Rule 45(g). *Acosta v. La Piedad Corp.,* 894 F.3d 947, 950–951 (8th Cir. 2018) A command to an entity "is in effect a command to those who are officially responsible for the conduct of its affairs," and those who, "apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty . . . no less than the corporation itself, are guilty of disobedience, and may be punished for contempt." *Wilson v. United States,* 221 U.S. 361, 376–377, 31 S. Ct. 538, 543, 55 L. Ed. 771 (1911) Courts in this Circuit have applied that rule to hold the managing agents of a non-party LLC personally in contempt for the LLC's failure to obey a Rule 45 document subpoena, reasoning that it is through the manager that the subpoena "can be obeyed." *Diversified Lenders, LLC v. Amazon Logistics, Inc*., No. 8:17-MC-37-T-36AEP, 2017 WL 10350672 (M.D. Fla. Dec. 4, 2017)**;** *SE Prop. Holdings, LLC v. Unified Recovery Grp., LLC,* No. MC 14-0008-KD-MU, 2020 WL 3579210 (S.D. Ala. May 29, 2020) The touchstone is control, not ownership: the required personal connection to the entity's defiance "may arise from the agent's general control over the organization's operations," *United States v. Voss*, 82 F.3d 1521, 1526–1527 (10th Cir. 1996) and while a mere owner is ordinarily not the entity's agent, a person officially responsible for the conduct of a corporation's affairs who prevents compliance may be held in contempt. *Acosta v. La Piedad Corp., 894 F.3d 947, 951–952 (8th Cir. 2018).* Yoel Getter is Skytop's sole Manager, its registered agent, and the signatory of its Articles of Organization, and he alone has the authority to cause Skytop to comply. His control over Skytop, not any equity ownership, makes him answerable for

Skytop's continued noncompliance, and a bare assertion that he lacks some records will not excuse it. *In re Hamrick,* 551 B.R. 860, 862–864 (Bankr. N.D. Fla. 2016)

**7. Relief requested is unchanged.** The Judgment Creditors reaffirm the relief requested in the Motion: entry of an Order (i) overruling any objections of Skytop and compelling Skytop to produce all documents responsive to the subpoena; (ii) directing that production be made within seven (7) days of the Order; and (iii) awarding the Judgment Creditors their reasonable attorneys' fees and costs incurred in bringing the Motion, together with such other and further relief as the Court deems just and proper.

**8. Correction to paragraph 2 of the Show Cause Motion.** Paragraph 2 of the Show Cause Motion describes the debtor, Yoel Getter, as Skytop's "sole manager, managing member, and registered agent." As set forth in paragraph 2 above, Aron Getter, not the debtor, is Skytop's sole member, and the debtor therefore is not Skytop's managing member. Paragraph 2 of the Show Cause Motion is corrected to state that the command in the Court's order compelling compliance [ECF No. 112] ran "not only to Skytop but to Getter, its sole Manager and registered agent — the one person with the authority to produce the records and the power to prevent their production." The same correction applies to each other reference in the Show Cause Motion to the debtor as Skytop's "managing member," including in its title, its introductory paragraph, the heading of Section III, and paragraphs 16, 22, and 23. As explained in paragraphs 5 and 6 above, this correction does not affect the relief requested in the Show Cause Motion, which rests on the debtor's authority over and control of Skytop as its sole Manager, not on any membership interest.

WHEREFORE, the Judgment Creditors respectfully request that the Court treat the Motion and the Show Cause Motion as corrected by this Notice and grant the relief requested in each.

Respectfully submitted,

By: */s/ Lindsay Karten*

Lindsay Karten, Esq.
Fla. Bar No. 30869
LINDSAY KARTEN, P.A.
Co-Counsel for FVP Servicing, LLC,
FVP Opportunity Fund III, LP, and
FVP Investments LLC

3386 Churchill Drive
Boynton Beach, Florida 33435
Tel.: 561-839-3223
**Lindsay@kartenlegal.com**

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel and parties of record, and that a true and correct copy was served on non-party Skytop GRP, LLC by U.S. Mail to its registered agent, Yoel Getter, at 9705 Collins Avenue, Unit 2403, Bay Harbour, Florida 33154, and by electronic mail to Yoel3514@aol.com.

*/s/ Lindsay Karten*
Lindsay Karten, Esq.