**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

YOEL GETTER, Case No. 26-18907-CLC

Debtor. Chapter 7

_______________________________/

**NOTICE OF RULE 2004 EXAMINATION**

☒ **Production:** Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, Barry E. Mukamal, chapter 7 trustee (the "Trustee"), by and through undersigned counsel, requests that **Axiom Bank, N.A.** produce the documents, electronically stored information, or objects described in the attached subpoena and permit inspection, copying, testing, or sampling of those materials on Thursday, November 19, 2026, at or before 4:00 p.m., at Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, 150 West Flagler Street, Suite 2200, Miami, Florida 33130. Axiom Bank, N.A. may produce the materials electronically to esilver@stearnsweaver.com and mfernandez@stearnsweaver.com or through a secure electronic-download link. Under Local Rule 2004-1(d), subsections (b)(2)(B)–(E) of Federal Rule of Civil Procedure 34 apply to responses and objections to this request.

If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1, no order is necessary. Because the examination is of a witness other than the Debtor, a subpoena is attached to this notice.

Dated: November 5, 2026

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: */s/ Eric J. Silver, Esq.*____________
ERIC J SILVER
Florida Bar Number 57262
esilver@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Counsel to Trustee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Notice is being filed electronically via the Court's CM/ECF website on November 5, 2026. I further certify that this document is being furnished (a) electronically via Notice of Electronic Filing ("NEF") to those persons registered to receive NEF in this case, listed below, on the date that the document is entered on the Court's docket, and (b) by First Class Mail on November 5, 2026, to those parties who are not registered to receive NEF in this case, as indicated on the Service List below.

*/s/ Eric J. Silver, Esq.*
ERIC J. SILVER, ESQ.

## SERVICE LIST

(a) The following parties are registered to receive Notice of Electronic Filing and should have been served through CM/ECF:

Jerrell A Breslin
jb@jsjb.law
eservice@jsjb.law

Albert Anthony Ciardi
aciardi@ciardilaw.com
sfrizlen@ciardilaw.com
dtorres@ciardilaw.com

Jesse R Cloyd
jrc@agentislaw.com
bankruptcy@agentislaw.com
nsocorro@agentislaw.com
bankruptcy.ecc@ecf.courtdrive.com

Patrick R Dorsey
pdorsey@slp.law dwoodall@slp.law
pmouton@slp.law
pdorsey@ecf.courtdrive.com
mortman@slp.law

Christopher R Evans
cevans@mwc-law.com
lisa.hagan@lockelord.com

Lindsay Karten
lindsay@kartenlegal.com

Barry E Mukamal
bemtrustee@kapilamukamal.com
FL64@ecfcbis.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Eric J Silver
esilver@stearnsweaver.com ,
fsanchez@stearnsweaver.com;
cgraver@stearnsweaver.com;
mfernandez@stearnsweaver.com

Jaitegh Singh
jsingh@singhfirm.com
pacer@singhfirm.com

Robert A. Stok
rstok@stoklaw.com
service@stoklaw.com
ssolis@stoklaw.com
fcarmona@stoklaw.com

Charles M Tatelbaum
cmt@trippscott.com
aaa@trippscott.com
eservice@trippscott.com
bankruptcy@trippscott.com

(b) The following party were served via U.S. Mail on November 5, 2026:

Yoel Getter
9705 Collins Ave, Unit 2403
Miami Beach, FL 33154-2275
*Debtor*

Axiom Bank, N.A.
c/o Ross Breunig, Chief Executive Officer
258 Southhall Lane
Maitland, FL 32751
*Examinee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

YOEL GETTER, Case No. 26-18907-CLC

Debtor. Chapter 7

_________________________________/

**SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM***
**(*Documents only*)**

To: Axiom Bank, N.A.
c/o Ross Breunig, Chief Executive Officer
258 Southhall Lane
Maitland, FL 32751

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above jointly administered cases.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method:

[ **X** ] YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed on **Exhibit B** at the place, date, and time specified below:

| PLACE | DATE AND TIME: |
|---|---|
| **Stearns Weaver, et al.**<br>**150 West Flagler Street, Suite 2200**<br>**Miami, Florida 33130** | **November 19, 2026 at or before 4:00 p.m.** |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Civ. P. 9016, are attached – Rule 45(c) relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE<br>*/s/ Eric Silver* | TITLE<br>Counsel for Trustee |
|---|---|
| ISSUING OFFICER'S NAME (PRINT):<br>ERIC J. SILVER<br>Florida Bar Number 57262 | PHONE: 305-789-3200<br>EMAIL: esilver@stearnsweaver.com<br>Documents to: mfernandez@stearnsweaver.com |
| ADDRESS:<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, PA.<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami, FL 33130 | DATE:<br>**November 5, 2026** |

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________________ ______________________________

DATE SIGNATURE OF SERVER

______________________________

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

For the purposes of responding to each of the document requests set forth below, the following definitions and instructions should be followed:

### DEFINITIONS

A. "Account" means any deposit, checking, savings, money market, certificate of deposit, operating, reserve, escrow, custodial, investment, brokerage, merchant services, treasury, credit card, line of credit, or loan account, whether open or closed, held at, maintained by, or processed through You, in the name of, for the benefit of, or subject to the signature, withdrawal, or control authority of any Account Party, in whole or in part, alone or jointly with any other person or entity.

B. "Account Party" or "Account Parties" means, individually and collectively, the Debtor and any of the Debtor Entities.

C. "Bankruptcy Case" means the chapter 7 bankruptcy case styled *In re Yoel Getter,* Case No. 26-18907-CLC.

D. "Communications" means every transmission of information by oral, written, electronic, digital, or other means, including email, text message, messaging application, social-media message, letter, memorandum, telephone record, and recorded communication.

E. "Concerning" means, directly or indirectly, in whole or in part, containing, constituting, contradicting, controverting, corroborating, demonstrating, describing, discussing, disputing, embodying, evidencing, identifying, memorializing, mentioning, pertaining to, proving, rebutting, recording, refuting, referring to, reflecting, relating to, showing, substantiating,

summarizing, supporting, arising out of or in connection with, or in any way legally, logically, or factually connected with.

F. "Debtor" means Yoel Getter and includes his agents, representatives, employees, accountants, bookkeepers, nominees, any person acting on his behalf, and any of the Debtor's aliases including but not limited to:

1. Yoel Elimelech Getter
2. Yoel C. Getter
3. Joel Getter
4. Joel Geta
5. Joel Getta
6. Yoel Geta
7. Yisroel C. Getter

G. "Debtor Entities" means all entities in which the Debtor scheduled an interest including, but limited to the following businesses:

| **Entity** | **State** | **FEI/EIN/Identification No.** |
|---|---|---|
| 56 Bal Bay Drive, LLC | NY | 6231361 |
| Ace Recovery Group LLC | FL | 39-2826864 |
| Bay Holdings US, LLC | DE | 7057746 |
| City Capital NY, LLC | NY | 6353295 |
| Funding Solutions, LLC | CT | 2616109 |
| Fundings Solutions, LLC | DE | 4469628 |
| GCR Partners, LLC | NY | 7271348 |
| Gold Cap, LLC | NY | 6007877 |
| Gold Capital USA, LLC | NY | 5991477 |
| Insight Capital, LLC | WY | Unknown |
| MCA Receivables Group, LLC | DE | 7033365 |
| MCA Receivables, LLC | CT | 2635501 |
| MCA Recovery, LLC | NY | 4326315 |
| Quick Capital, Inc. | NY | 84-3666215 |
| Riverside Capital NY, LLC | CT | 2678710 |
| Skytop Group, LLC | DE | 3085188 |
| Sky Top Grp, LLC | FL | None |
| Sky Holdings US, LLC | FL | 92-0501095 |
| Skytop Holdings, LLC | CT | 2946009 |
| Skytop Holdings, LLC | WY | Unknown |
| Speed Fundings Solutions, LLC | DE | 6961944 |
| TVPX Aircraft Solutions Inc. | FL | 87-1954106 |
| Wave Advance, Inc. | FL | 88-4380823 |

H. "Document" means any writing, recording, electronically stored information, photograph, or other tangible or intangible thing from which information may be obtained or derived, including, without limitation: original or exact copies of any tangible written, typed, printed, electronic, photographed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostatted, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "document" shall include communications, correspondence, letters, telegrams, telexes, mailgrams, e-mails, text messages, instant messaging records or logs, calendars, diaries, memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations), notes or notations, minutes, booklets, books, drawings, graphs, charts, telephone records, telephone messages, voicemail messages, video cassettes, electronic tapes, microfilms, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the original, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents. The term also refers to and includes all metadata associated with the subject document.

I. "Person" means the singular or plural natural person, corporation, partnership, association, organization, government (including all instrumentalities, officers, agents, and subdivisions thereof), and all other business, legal, or artificial entities.

J. "Petition Date" means July 7, 2026.

K. "Request" means a request contained in the SPECIFIC REQUESTS section, *infra*.

L. "You," "Your," or "Axiom Bank, N.A." means the party to whom this subpoena is issued or directed, including your divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on your behalf.

INSTRUCTIONS

A. The documents covered by the Requests include all documents in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your professionals, advisors, directors, officers, partners, associates, subsidiaries, affiliates, successors, accountants, investigators, managers, members, shareholders, representatives, employees, attorneys, agents, third party cloud providers, and any other persons or entities acting on your behalf or under your control.

B. Each Request shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to the Requests is required.

C. Documents shall be produced in the manner in which they are maintained in the usual course of the business. The documents shall be organized and labeled to correspond with the categories in the Requests. Each Request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

D. Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession

it was found and the business address of each document's custodian(s). Each page produced in response to these Requests shall be stamped with a unique prefix, or otherwise identified, such that the source of each page or document produced is apparent. At a minimum, the entity producing the document shall be apparent.

E. As to any document requested but withheld based on your assertion of any privilege or immunity, please set forth: (i) the title of the document; (ii) the type of document (*e.g.*, letter, note, memorandum, etc.); (iii) the date of the document; (iv) the subject matter of the document; (v) the identities of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared; (vi) the identities of all persons to whom the document was addressed; (vii) the identities of all other persons to whom the document was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof; and (viii) sufficient information regarding the grounds for withholding the document to explain the claim of privilege or immunity.

F. If any document requested herein has been destroyed or lost, provide in lieu of the true and correct copy thereof a description of the document so lost or destroyed, together with the following information: (i) the date of the document; (ii) a brief description of the document; (iii) the author of the document; (iv) the date upon which the document was destroyed or lost; and (v) a brief statement regarding the manner in which the document was lost or destroyed.

G. Documents attached to each other shall not be separated.

H. Any word written herein in the singular shall be construed as plural or vice versa as necessary in order to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

I. The terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

J. The terms "all" and "each" shall be construed as "all and each."

K. If any copy of any document for which production is sought, whether a draft or a final version, is not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, such non-identical copy shall be produced separately.

L. If you consider any term in any Request to be vague or capable of more than one meaning, identify the meaning you are ascribing to such term, then respond to the Request as construed with such word given such meaning.

M. Each Request shall be construed independently. No Request should be construed by reference to any other Request for the purpose of limiting the scope of response to such Request unless stated otherwise.

## RELEVANT TIME PERIOD

Unless otherwise stated, the "Relevant Time Period" for the Requests is **January 1, 2019 through the date of production**.

## ELECTRONICALLY STORED INFORMATION

The Requests call for the production of electronically stored information ("ESI") and ESI shall be produced in native form. In searching for electronic documents responsive to these Requests, you shall search for all such electronic documents regardless of the form in which the document exists or the location in which it is stored. Among other places, you shall search for electronic documents stored on all servers, networks, hard drives, desktop computers, notebook

computers, personal digital devices, all back-up storage tapes, and with any third party cloud providers.

# <u>EXHIBIT B</u>

## SPECIFIC REQUESTS

1. Documents sufficient to identify every Account of each Account Party, and every other Account over which the Debtor had or has legal or beneficial ownership, signatory authority, withdrawal authority, or control, in whole or in part during the Relevant Time Period.

2. All monthly and periodic account statements (and daily ledger or balance reports) for each Account.

3. All signature cards, account opening documents, applications, corporate or LLC resolutions, deposit account agreements, and amendments for each Account.

4. All beneficial ownership and customer due diligence (CDD/KYC) certifications and supporting documents identifying the beneficial owners and control persons of each Account, including any certifications of beneficial ownership for legal entity customers.

5. All wire transfer records for each Account, incoming and outgoing, including wire transfer requests, Fedwire/CHIPS/SWIFT confirmations, and records showing the originator, beneficiary, originating and beneficiary financial institutions, intermediary banks, amount, date, and all reference, memo, and originator to beneficiary information.

6. All ACH records for each Account, origination and receipt, including the originator, receiver, company name and entry description, amount, and date.

7. All deposited items for each Account, including the front and back of every deposited check and all deposit slips and deposit detail, and all cancelled or issued checks drawn on each Account.

8. All Zelle, online transfer, book transfer, and internal transfer records for each Account, including counterparty name, amount, date, and any memo or reference field (including transfers annotated with the word “Getter” or any Account Party name).

9. All debit card and credit card records associated with each Account, including card applications, cardholder identification, and transaction detail.

10. All online and mobile banking records for each Account, including enrollment records, authorized users, and access, login, and IP logs.

11. All loan, line of credit, or credit files associated with any Account Party, including applications, notes, security agreements, UCC filings, disbursement records, and payment histories.

12. All correspondence and Communications between You and any Account Party (or any person purporting to act for an Account Party) concerning any Account, including account opening, authorized signer changes, address changes, and account closure correspondence.

13. The complete loan and mortgage file for any financing extended to or in connection with Aviation G4 LLC relating to the Gulfstream G-IV, FAA Reg. No. N77FK, including the application, underwriting, promissory note, loan and security agreement, mortgage, guaranties, UCC filings, and closing/disbursement records.

14. The complete payment history, payoff statements, and default/collateral records for that loan, and all records concerning the Debtor's role as borrower, guarantor, or pledgor.

15. All Documents reflecting transfers of funds between or among any of the Account Parties, or between any Account and any other account held by or for the Debtor or any Account Party.

16. Documents sufficient to identify any other financial institution to or from which funds were transferred from or to any Account (including beneficiary bank and originating bank identifiers appearing in wire and ACH records), for the purpose of identifying additional accounts of the Account Parties.