**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

YOEL GETTER, Case No. 26-18907-CLC

Debtor. Chapter 7

______________________________/

# NOTICE OF RULE 2004 EXAMINATION

☒ **Testimony:** Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, Barry E. Mukamal, chapter 7 trustee (the "Trustee") will examine **Sarah Getter** under oath on Wednesday, December 9, 2026 at 9:00 a.m. The examination will be conducted at Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, 150 West Flagler Street, Suite 2200, Miami, Florida 33130 and will be recorded by a stenographer. The examination may continue from day to day until completed.

☒ **Production:** Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, the Trustee, by and through undersigned counsel, requests that **Sarah Getter** produce the documents, electronically stored information, or objects described in the attached subpoena and permit inspection, copying, testing, or sampling of those materials on Tuesday, November 24, 2026 by 4:00 p.m., at Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, 150 West Flagler Street, Suite 2200, Miami, Florida 33130. Sarah Getter may produce the materials electronically to esilver@stearnsweaver.com and mfernandez@stearnsweaver.com or through a secure electronic-download link. Under Local Rule 2004-1(d), subsections (b)(2)(B)–(E) of Federal Rule of Civil Procedure 34 apply to responses and objections to this request.

If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1, no order is necessary. Because the examination is of a witness other than the Debtor, a subpoena is attached to this notice.

Dated: November 10, 2026

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: *<u>/s/ Eric J. Silver, Esq.</u>*
ERIC J SILVER
Florida Bar Number 57262
esilver@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Counsel to Trustee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Notice is being filed electronically via the Court's CM/ECF website on November 10, 2026. I further certify that this document is being furnished (a) electronically via Notice of Electronic Filing ("NEF") to those persons registered to receive NEF in this case, listed below, on the date that the document is entered on the Court's docket, and (b) by First Class Mail on November 10, 2026, to those parties who are not registered to receive NEF in this case, as indicated on the Service List below.

*/s/ Eric J. Silver, Esq.*
ERIC J. SILVER, ESQ.

## SERVICE LIST

(a) The following parties are registered to receive Notice of Electronic Filing and should have been served through CM/ECF:

Jerrell A Breslin
jb@jsjb.law
eservice@jsjb.law

Albert Anthony Ciardi
aciardi@ciardilaw.com
sfrizlen@ciardilaw.com
dtorres@ciardilaw.com

Jesse R Cloyd
jrc@agentislaw.com
bankruptcy@agentislaw.com
nsocorro@agentislaw.com
bankruptcy.ecc@ecf.courtdrive.com

Patrick R Dorsey
pdorsey@slp.law dwoodall@slp.law
pmouton@slp.law
pdorsey@ecf.courtdrive.com
mortman@slp.law

Christopher R Evans
cevans@mwc-law.com
lisa.hagan@lockelord.com

Lindsay Karten
lindsay@kartenlegal.com

Barry E Mukamal
bemtrustee@kapilamukamal.com
FL64@ecfcbis.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Eric J Silver
esilver@stearnsweaver.com ,
fsanchez@stearnsweaver.com;
cgraver@stearnsweaver.com;
mfernandez@stearnsweaver.com

Jaitegh Singh
jsingh@singhfirm.com
pacer@singhfirm.com

Robert A. Stok
rstok@stoklaw.com
service@stoklaw.com
ssolis@stoklaw.com
fcarmona@stoklaw.com

Charles M Tatelbaum
cmt@trippscott.com
aaa@trippscott.com
eservice@trippscott.com
bankruptcy@trippscott.com

(b) The following party were served via U.S. Mail on November 10, 2026:

Yoel Getter
9705 Collins Ave, Unit 2403
Miami Beach, FL 33154-2275
*Debtor*

Sarah Getter
9499 Collins Ave, Apt 206
Surfside, FL 33154
*Examinee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

YOEL GETTER, Case No. 26-18907-CLC

Debtor. Chapter 7

_______________________________/

**SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM***

To: Sarah Getter
9499 Collins Ave, Apt 206
Surfside, FL 33154

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above jointly administered cases.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ **X** ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Stearns Weaver, et al.**<br>**150 West Flagler Street, Suite 2200**<br>**Miami, Florida 33130** | **Wednesday, December 9, 2026 at 9:00 a.m.** |

The examination will be recorded by this method:

[ **X** ] YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed on **Exhibit B** at the place, date, and time specified below:

| PLACE | DATE AND TIME: |
|---|---|
| **Stearns Weaver, et al.**<br>**150 West Flagler Street, Suite 2200**<br>**Miami, Florida 33130** | **Tuesday, November 24, 2026 by 4:00 p.m.** |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Civ. P. 9016, are attached – Rule 45(c) relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE<br>*/s/ Eric Silver* | TITLE<br>Counsel for Trustee |
|---|---|
| ISSUING OFFICER'S NAME (PRINT):<br>ERIC J. SILVER<br>Florida Bar Number 57262 | PHONE: 305-789-3200<br>EMAIL: esilver@stearnsweaver.com<br>Documents to: mfernandez@stearnsweaver.com |
| ADDRESS:<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, PA.<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami, FL 33130 | DATE:<br><br>**November 10, 2026** |

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________________ ______________________________

DATE SIGNATURE OF SERVER

______________________________

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

For the purposes of responding to each of the document requests set forth below, the following definitions and instructions should be followed:

### DEFINITIONS

A. "Account" means any deposit, checking, savings, money market, certificate of deposit, operating, reserve, escrow, custodial, investment, brokerage, merchant services, treasury, credit card, line of credit, or loan account, whether open or closed, held at, maintained by, or processed through You, in the name of, for the benefit of, or subject to the signature, withdrawal, or control authority of any Account Party, in whole or in part, alone or jointly with any other person or entity.

B. "Account Party" or "Account Parties" means, individually and collectively, the Debtor and any of the Debtor Entities.

C. "Bankruptcy Case" means the chapter 7 bankruptcy case styled *In re Yoel Getter,* Case No. 26-18907-CLC.

D. "Communications" means every transmission of information by oral, written, electronic, digital, or other means, including email, text message, messaging application, social-media message, letter, memorandum, telephone record, and recorded communication.

E. "Concerning" means, directly or indirectly, in whole or in part, containing, constituting, contradicting, controverting, corroborating, demonstrating, describing, discussing, disputing, embodying, evidencing, identifying, memorializing, mentioning, pertaining to, proving, rebutting, recording, refuting, referring to, reflecting, relating to, showing, substantiating,

summarizing, supporting, arising out of or in connection with, or in any way legally, logically, or factually connected with.

F. "Debtor" means Yoel Getter and includes his agents, representatives, employees, accountants, bookkeepers, nominees, any person acting on his behalf, and any of the Debtor's aliases including but not limited to:

1. Yoel Elimelech Getter
2. Yoel C. Getter
3. Joel Getter
4. Joel Geta
5. Joel Getta
6. Yoel Geta
7. Yisroel C. Getter

G. "Debtor Entities" means all entities in which the Debtor scheduled an interest including, but limited to the following businesses:

| Entity | State | FEI/EIN/Identification No. |
|---|---|---|
| 56 Bal Bay Drive, LLC | NY | 6231361 |
| Ace Recovery Group LLC | FL | 39-2826864 |
| Bay Holdings US, LLC | DE | 7057746 |
| City Capital NY, LLC | NY | 6353295 |
| Funding Solutions, LLC | CT | 2616109 |
| Fundings Solutions, LLC | DE | 4469628 |
| GCR Partners, LLC | NY | 7271348 |
| Gold Cap, LLC | NY | 6007877 |
| Gold Capital USA, LLC | NY | 5991477 |
| Insight Capital, LLC | WY | Unknown |
| MCA Receivables Group, LLC | DE | 7033365 |
| MCA Receivables, LLC | CT | 2635501 |
| MCA Recovery, LLC | NY | 4326315 |
| Quick Capital, Inc. | NY | 84-3666215 |
| Riverside Capital NY, LLC | CT | 2678710 |
| Skytop Group, LLC | DE | 3085188 |
| Sky Top Grp, LLC | FL | None |
| Sky Holdings US, LLC | FL | 92-0501095 |
| Skytop Holdings, LLC | CT | 2946009 |
| Skytop Holdings, LLC | WY | Unknown |
| Speed Fundings Solutions, LLC | DE | 6961944 |
| TVPX Aircraft Solutions Inc. | FL | 87-1954106 |
| Wave Advance, Inc. | FL | 88-4380823 |

H. "Document" means any writing, recording, electronically stored information, photograph, or other tangible or intangible thing from which information may be obtained or derived, including, without limitation: original or exact copies of any tangible written, typed, printed, electronic, photographed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostatted, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "document" shall include communications, correspondence, letters, telegrams, telexes, mailgrams, e-mails, text messages, instant messaging records or logs, calendars, diaries, memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations), notes or notations, minutes, booklets, books, drawings, graphs, charts, telephone records, telephone messages, voicemail messages, video cassettes, electronic tapes, microfilms, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the original, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents. The term also refers to and includes all metadata associated with the subject document.

I. "Person" means the singular or plural natural person, corporation, partnership, association, organization, government (including all instrumentalities, officers, agents, and subdivisions thereof), and all other business, legal, or artificial entities.

J. "Petition Date" means July 7, 2026.

K. "Request" means a request contained in the SPECIFIC REQUESTS section, *infra*.

L. "Transfer" means any payment, loan, advance, repayment, gift, distribution, capital contribution, or other movement of money or property, by any means, including wire, ACH, Zelle or other electronic transfer, check, card, or cash.

M. "You," "Your," or "Sarah Getter" means the party to whom this subpoena is issued or directed, including your divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on your behalf.

## INSTRUCTIONS

A. The documents covered by the Requests include all documents in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your professionals, advisors, directors, officers, partners, associates, subsidiaries, affiliates, successors, accountants, investigators, managers, members, shareholders, representatives, employees, attorneys, agents, third party cloud providers, and any other persons or entities acting on your behalf or under your control.

B. Each Request shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to the Requests is required.

C. Document and Communication include, without limitation, agreements, promissory notes, guaranties, ledgers, bank and brokerage statements, deposited items, wire/ACH/Zelle records, checks, invoices, receipts, tax returns and information returns (Forms

1099, K-1), text messages, WhatsApp and other messaging-app content, e-mails, and electronically stored information, in native format with all metadata.

D. Documents shall be produced in the manner in which they are maintained in the usual course of the business. The documents shall be organized and labeled to correspond with the categories in the Requests. Each Request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

E. Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s). Each page produced in response to these Requests shall be stamped with a unique prefix, or otherwise identified, such that the source of each page or document produced is apparent. At a minimum, the entity producing the document shall be apparent.

F. As to any document requested but withheld based on your assertion of any privilege or immunity, please set forth: (i) the title of the document; (ii) the type of document (*e.g.*, letter, note, memorandum, etc.); (iii) the date of the document; (iv) the subject matter of the document; (v) the identities of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared; (vi) the identities of all persons to whom the document was addressed; (vii) the identities of all other persons to whom the document was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof; and (viii) sufficient information regarding the grounds for withholding the document to explain the claim of privilege or immunity.

G. If any document requested herein has been destroyed or lost, provide in lieu of the true and correct copy thereof a description of the document so lost or destroyed, together with the following information: (i) the date of the document; (ii) a brief description of the document; (iii) the author of the document; (iv) the date upon which the document was destroyed or lost; and (v) a brief statement regarding the manner in which the document was lost or destroyed.

H. Documents attached to each other shall not be separated.

I. Any word written herein in the singular shall be construed as plural or vice versa as necessary in order to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

J. The terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

K. The terms "all" and "each" shall be construed as "all and each."

L. If any copy of any document for which production is sought, whether a draft or a final version, is not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, such non-identical copy shall be produced separately.

M. If you consider any term in any Request to be vague or capable of more than one meaning, identify the meaning you are ascribing to such term, then respond to the Request as construed with such word given such meaning.

N. Each Request shall be construed independently. No Request should be construed by reference to any other Request for the purpose of limiting the scope of response to such Request unless stated otherwise.

## RELEVANT TIME PERIOD

Unless otherwise stated, the "Relevant Time Period" for the Requests is **January 1, 2019 through the date of production**.

## ELECTRONICALLY STORED INFORMATION

The Requests call for the production of electronically stored information ("ESI") and ESI shall be produced in native form. In searching for electronic documents responsive to these Requests, you shall search for all such electronic documents regardless of the form in which the document exists or the location in which it is stored. Among other places, you shall search for electronic documents stored on all servers, networks, hard drives, desktop computers, notebook computers, personal digital devices, all back-up storage tapes, and with any third party cloud providers.

**EXHIBIT B**

**SPECIFIC REQUESTS**

1. All Documents and Communications concerning any Transfer between You and the Debtor or any Debtor Entity, in either direction, including the date, amount, method, source account, destination account, and purpose of each Transfer.

2. All loan documents, promissory notes, guaranties, security agreements, and repayment or ledger records reflecting any debt owed by the Debtor to You, or by You to the Debtor, or involving any Debtor Entity.

3. All Documents reflecting any payment You made for the benefit of the Debtor, including payments of the Debtor's living expenses, rent or housing, legal or professional fees, child support, or taxes.

4. All Documents concerning any account, entity, asset, or property that You and the Debtor hold or held jointly or in common, or that You hold or held for the benefit of the Debtor (including any nominee, custodial, or straw arrangement), and documents sufficient to identify each such account, entity, or asset.

5. All bank, brokerage, or payment-app statements for any account of Yours that received funds from, or sent funds to, the Debtor or any Debtor Entity, limited to statements reflecting entries of such Transfers and sufficient transaction detail to identify them, and documents sufficient to identify any other person or account through which such Transfers were routed.

6. All Documents concerning any interest You hold or held, directly or indirectly, in any Debtor Entity, and any payments, distributions, or commissions paid or owed between You and any Debtor Entity.

7. All Communications between You and the Debtor (or any person acting for the Debtor) concerning the Debtor's assets, income, business entities, this Bankruptcy Case, the Debtor's July 15, 2025 Marital Settlement Agreement, or any Transfer described above.

8. All Documents concerning any Transfer of money or property You received, directly or indirectly, from Skytop Group, LLC or any Debtor Entity during the Relevant Period, and for each such Transfer all Documents identifying the amount, date, source account, and purpose, together with any accompanying Communication.

9. All Documents concerning the dissolution of marriage proceeding between You and Debtor (Case No. 2025-006099-FC-04, 11th Judicial Circuit, Miami-Dade County) and the valuation and division of marital property, including financial affidavits, asset and business valuations, and disclosures exchanged by either party (notwithstanding the mutual waiver of further disclosure in the Martial Settlement Agreement).

10. All Documents concerning the payments You received under the Marital Settlement Agreement, including but not limited to the $300,000 equitable distribution, $75,000 lump sum alimony, and $62,500 attorney's fee payments, and the accounts and sources from which each was paid.

11. All Documents concerning child support, tuition, medical, or other expense payments You received for the benefit of You or the children during the Relevant Period, including records sufficient to identify, for each payment, the amount, the date, the payor, and the bank account or other source from which the payment was made.

12. All Documents concerning any tangible personal property transferred to You by, or retained by You from, the Debtor in or about the dissolution of the marriage, including jewelry,

watches, artwork, the candelabra, any whiskey or alcohol collection, and household furnishings, together with any appraisal, valuation, insurance schedule, or inventory of such property.

13. All Documents concerning the July 15, 2025 sales of the 2023 Rolls Royce Cullinan and the 2024 Mercedes Benz GL600 in or about July 2025 and the disposition of the proceeds, including: (a) each bill of sale, title, and payment or wire received from the buyer; (b) all account statements for every account of Yours into which any portion of the sale proceeds was deposited, and all wire, ACH, Zelle, check, or other transfer confirmations evidencing the receipt by You of any such proceeds, showing the amount, date, and payor of each; (c) all Documents reflecting the total amount You received, whether the full sale price reached You, and whether any portion was retained, redirected, or paid to any other person; and (d) all Documents reconciling the sale prices reflected on the bills of sale with the amount the Debtor has stated was paid to You, and identifying the actual buyer of each vehicle.

14. All Documents concerning the businesses and assets allocated to the Debtor under Martial Settlement Agreement, and any Communications with the Debtor concerning his ownership of, or interest in, any Debtor Entity.

15. All tax returns and information returns (including Forms 1099 and K-1) that You issued to, or received from, the Debtor or any Debtor Entity, or that otherwise reflect Transfers between You and the Debtor or any Debtor Entity.