**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

YOEL GETTER, Case No. 26-18907-CLC

Debtor. Chapter 7

_________________________________/

**NOTICE OF RULE 2004 EXAMINATION**

☒ **Testimony:** Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, Barry E. Mukamal, chapter 7 trustee (the "Trustee") will examine **Yosef Brezel** under oath on Wednesday, December 9, 2026 at 9:00 a.m. The examination will be conducted at Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, 150 West Flagler Street, Suite 2200, Miami, Florida 33130 and will be recorded by a stenographer. The examination may continue from day to day until completed.

☒ **Production:** Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, the Trustee, by and through undersigned counsel, requests that **Yosef Brezel** produce the documents, electronically stored information, or objects described in the attached subpoena and permit inspection, copying, testing, or sampling of those materials on Tuesday, November 24, 2026, at or before 4:00 p.m., at Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, 150 West Flagler Street, Suite 2200, Miami, Florida 33130. Yosef Brezel may produce the materials electronically to esilver@stearnsweaver.com and mfernandez@stearnsweaver.com or through a secure electronic-download link. Under Local Rule 2004-1(d), subsections (b)(2)(B)–(E) of Federal Rule of Civil Procedure 34 apply to responses and objections to this request.

If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1, no order is necessary. Because the examination is of a witness other than the Debtor, a subpoena is attached to this notice.

Dated: November 10, 2026

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: *<u>/s/ Eric J. Silver, Esq.</u>*____________
ERIC J SILVER
Florida Bar Number 57262
esilver@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Counsel to Trustee*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing Notice is being filed electronically via the Court's CM/ECF website on November 10, 2026. I further certify that this document is being furnished (a) electronically via Notice of Electronic Filing ("NEF") to those persons registered to receive NEF in this case, listed below, on the date that the document is entered on the Court's docket, and (b) by First Class Mail on November 10, 2026, to those parties who are not registered to receive NEF in this case, as indicated on the Service List below.

*/s/ Eric J. Silver, Esq.*
ERIC J. SILVER, ESQ.

**SERVICE LIST**

(a) The following parties are registered to receive Notice of Electronic Filing and should have been served through CM/ECF:

Jerrell A Breslin
jb@jsjb.law
eservice@jsjb.law

Albert Anthony Ciardi
aciardi@ciardilaw.com
sfrizlen@ciardilaw.com
dtorres@ciardilaw.com

Jesse R Cloyd
jrc@agentislaw.com
bankruptcy@agentislaw.com
nsocorro@agentislaw.com
bankruptcy.ecc@ecf.courtdrive.com

Patrick R Dorsey
pdorsey@slp.law dwoodall@slp.law
pmouton@slp.law
pdorsey@ecf.courtdrive.com
mortman@slp.law

Christopher R Evans
cevans@mwc-law.com
lisa.hagan@lockelord.com

Lindsay Karten
lindsay@kartenlegal.com

Barry E Mukamal
bemtrustee@kapilamukamal.com
FL64@ecfcbis.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Eric J Silver
esilver@stearnsweaver.com ,
fsanchez@stearnsweaver.com;
cgraver@stearnsweaver.com;
mfernandez@stearnsweaver.com

Jaitegh Singh
jsingh@singhfirm.com
pacer@singhfirm.com

Robert A. Stok
rstok@stoklaw.com
service@stoklaw.com
ssolis@stoklaw.com
fcarmona@stoklaw.com

Charles M Tatelbaum
cmt@trippscott.com
aaa@trippscott.com
eservice@trippscott.com
bankruptcy@trippscott.com

(b) The following party were served via U.S. Mail on November 10, 2026:

Yoel Getter
9705 Collins Ave, Unit 2403
Miami Beach, FL 33154-2275
*Debtor*

Yosef Brezel
1009 E 2nd St.
Brooklyn, NY 11230
*Examinee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

YOEL GETTER, Case No. 26-18907-CLC

Debtor. Chapter 7

______________________________/

## SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

To: Yosef Brezel
1009 E. 2nd St.
Brooklyn, NY 11230

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above jointly administered cases.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ **X** ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Stearns Weaver, et al.**<br>**150 West Flagler Street, Suite 2200**<br>**Miami, Florida 33130** | **Wednesday, December 9, 2026 at 9:00 a.m.** |

The examination will be recorded by this method:

[ **X** ] YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed on **Exhibit B** at the place, date, and time specified below:

| PLACE | DATE AND TIME: |
|---|---|
| **Stearns Weaver, et al.**<br>**150 West Flagler Street, Suite 2200**<br>**Miami, Florida 33130** | **Tuesday, November 24, 2026 by 4:00 p.m.** |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Civ. P. 9016, are attached – Rule 45(c) relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE<br>*/s/ Eric Silver* | TITLE<br>Counsel for Trustee |
|---|---|
| ISSUING OFFICER'S NAME (PRINT):<br>ERIC J. SILVER<br>Florida Bar Number 57262 | PHONE: 305-789-3200<br>EMAIL: esilver@stearnsweaver.com<br>Documents to: mfernandez@stearnsweaver.com |
| ADDRESS:<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, PA.<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami, FL 33130 | DATE:<br><br>**November 10, 2026** |

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________________ ________________________________

DATE SIGNATURE OF SERVER

________________________________

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

For the purposes of responding to each of the document requests set forth below, the following definitions and instructions should be followed:

### DEFINITIONS

A. "Account" means any deposit, checking, savings, money market, certificate of deposit, operating, reserve, escrow, custodial, investment, brokerage, merchant services, treasury, credit card, line of credit, or loan account, whether open or closed, held at, maintained by, or processed through You, in the name of, for the benefit of, or subject to the signature, withdrawal, or control authority of any Account Party, in whole or in part, alone or jointly with any other person or entity.

B. "Account Party" or "Account Parties" means, individually and collectively, the Debtor and any of the Debtor Entities.

C. "Bankruptcy Case" means the chapter 7 bankruptcy case styled *In re Yoel Getter,* Case No. 26-18907-CLC.

D. "BBF Partners" means BBF Partners LLC and any trade name, d/b/a, predecessor, or variant of it, including the entity billed at 1274 49th Street #197, Brooklyn, New York.

E. "Communications" means every transmission of information by oral, written, electronic, digital, or other means, including email, text message, messaging application, social-media message, letter, memorandum, telephone record, and recorded communication.

F. "Concerning" means, directly or indirectly, in whole or in part, containing, constituting, contradicting, controverting, corroborating, demonstrating, describing, discussing, disputing, embodying, evidencing, identifying, memorializing, mentioning, pertaining to, proving,

rebutting, recording, refuting, referring to, reflecting, relating to, showing, substantiating, summarizing, supporting, arising out of or in connection with, or in any way legally, logically, or factually connected with.

G. "Debtor" means Yoel Getter and includes his agents, representatives, employees, accountants, bookkeepers, nominees, any person acting on his behalf, and any of the Debtor's aliases including but not limited to:

1. Yoel Elimelech Getter
2. Yoel C. Getter
3. Joel Getter
4. Joel Geta
5. Joel Getta
6. Yoel Geta
7. Yisroel C. Getter

H. "Debtor Entities" means all entities in which the Debtor scheduled an interest including, but limited to the following businesses:

| Entity | State | FEI/EIN/Identification No. |
|---|---|---|
| 56 Bal Bay Drive, LLC | NY | 6231361 |
| Ace Recovery Group LLC | FL | 39-2826864 |
| Bay Holdings US, LLC | DE | 7057746 |
| City Capital NY, LLC | NY | 6353295 |
| Funding Solutions, LLC | CT | 2616109 |
| Fundings Solutions, LLC | DE | 4469628 |
| GCR Partners, LLC | NY | 7271348 |
| Gold Cap, LLC | NY | 6007877 |
| Gold Capital USA, LLC | NY | 5991477 |
| Insight Capital, LLC | WY | Unknown |
| MCA Receivables Group, LLC | DE | 7033365 |
| MCA Receivables, LLC | CT | 2635501 |
| MCA Recovery, LLC | NY | 4326315 |
| Quick Capital, Inc. | NY | 84-3666215 |
| Riverside Capital NY, LLC | CT | 2678710 |
| Skytop Group, LLC | DE | 3085188 |
| Sky Top Grp, LLC | FL | None |
| Sky Holdings US, LLC | FL | 92-0501095 |
| Skytop Holdings, LLC | CT | 2946009 |
| Skytop Holdings, LLC | WY | Unknown |
| Speed Fundings Solutions, LLC | DE | 6961944 |

| | | |
|---|---|---|
| TVPX Aircraft Solutions Inc. | FL | 87-1954106 |
| Wave Advance, Inc. | FL | 88-4380823 |

I. "Document" means any writing, recording, electronically stored information, photograph, or other tangible or intangible thing from which information may be obtained or derived, including, without limitation: original or exact copies of any tangible written, typed, printed, electronic, photographed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostatted, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "document" shall include communications, correspondence, letters, telegrams, telexes, mailgrams, e-mails, text messages, instant messaging records or logs, calendars, diaries, memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations), notes or notations, minutes, booklets, books, drawings, graphs, charts, telephone records, telephone messages, voicemail messages, video cassettes, electronic tapes, microfilms, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the original, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents. The term also refers to and includes all metadata associated with the subject document.

J. "MCA Transaction" means any merchant cash advance, purchase of future receivables, revenue-based financing, syndication, participation, or similar funding arrangement.

K. "Person" means the singular or plural natural person, corporation, partnership, association, organization, government (including all instrumentalities, officers, agents, and subdivisions thereof), and all other business, legal, or artificial entities.

L. "Petition Date" means July 7, 2026.

M. "Request" means a request contained in the SPECIFIC REQUESTS section, *infra*.

N. "Transfer" means any payment, loan, advance, repayment, gift, distribution, capital contribution, or other movement of money or property, by any means, including wire, ACH, Zelle or other electronic transfer, check, card, or cash.

O. "You," "Your," or "Yosef Brezel a/k/a Yosef Y. Brezel a/k/a Yosef Yehuda Brezel a/k/a Yossi Brezel a/k/a Josef Brezel" means the party to whom this subpoena is issued or directed, including your divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on your behalf.

## INSTRUCTIONS

A. The documents covered by the Requests include all documents in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your professionals, advisors, directors, officers, partners, associates, subsidiaries, affiliates, successors, accountants, investigators, managers, members, shareholders, representatives, employees, attorneys, agents, third party cloud providers, and any other persons or entities acting on your behalf or under your control.

B. Each Request shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to the Requests is required.

C. Document and Communication include, without limitation, agreements, promissory notes, guaranties, ledgers, bank and brokerage statements, deposited items, wire/ACH/Zelle records, checks, invoices, receipts, tax returns and information returns (Forms 1099, K-1), text messages, WhatsApp and other messaging-app content, e-mails, and electronically stored information, in native format with all metadata.

D. Documents shall be produced in the manner in which they are maintained in the usual course of the business. The documents shall be organized and labeled to correspond with the categories in the Requests. Each Request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

E. Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s). Each page produced in response to these Requests shall be stamped with a unique prefix, or otherwise identified, such that the source of each page or document produced is apparent. At a minimum, the entity producing the document shall be apparent.

F. As to any document requested but withheld based on your assertion of any privilege or immunity, please set forth: (i) the title of the document; (ii) the type of document (*e.g.*, letter, note, memorandum, etc.); (iii) the date of the document; (iv) the subject matter of the document; (v) the identities of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared; (vi) the identities of all persons to whom the document was addressed; (vii) the identities of all other persons to whom the document was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents

of, the document or any copies thereof; and (viii) sufficient information regarding the grounds for withholding the document to explain the claim of privilege or immunity.

G. If any document requested herein has been destroyed or lost, provide in lieu of the true and correct copy thereof a description of the document so lost or destroyed, together with the following information: (i) the date of the document; (ii) a brief description of the document; (iii) the author of the document; (iv) the date upon which the document was destroyed or lost; and (v) a brief statement regarding the manner in which the document was lost or destroyed.

H. Documents attached to each other shall not be separated.

I. Any word written herein in the singular shall be construed as plural or vice versa as necessary in order to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

J. The terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

K. The terms "all" and "each" shall be construed as "all and each."

L. If any copy of any document for which production is sought, whether a draft or a final version, is not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, such non-identical copy shall be produced separately.

M. If you consider any term in any Request to be vague or capable of more than one meaning, identify the meaning you are ascribing to such term, then respond to the Request as construed with such word given such meaning.

N. Each Request shall be construed independently. No Request should be construed by reference to any other Request for the purpose of limiting the scope of response to such Request unless stated otherwise.

**RELEVANT TIME PERIOD**

Unless otherwise stated, the "Relevant Time Period" for the Requests is **January 1, 2019 through the date of production**.

**ELECTRONICALLY STORED INFORMATION**

The Requests call for the production of electronically stored information ("ESI") and ESI shall be produced in native form. In searching for electronic documents responsive to these Requests, you shall search for all such electronic documents regardless of the form in which the document exists or the location in which it is stored. Among other places, you shall search for electronic documents stored on all servers, networks, hard drives, desktop computers, notebook computers, personal digital devices, all back-up storage tapes, and with any third party cloud providers.

**<u>EXHIBIT B</u>**

**SPECIFIC REQUESTS**

1. All formation, ownership, and governance Documents for BBF Partners, including its articles of organization, operating agreement, membership and ownership records, and documents sufficient to identify every member, manager, beneficial owner, and authorized signer, and to show whether the Debtor holds or held any interest in or control over BBF Partners.

2. All Communications between You and the Debtor, or any person acting for the Debtor concerning 56 Bal Bay Drive, 564 East 9th Street, any watch or jewelry, any MCA Transaction, or any loan, debt, or equity between You and the Debtor, produced in native format with all metadata.

3. All Documents concerning Your partnership or co-investment with the Debtor in the real property at 564 East 9th Street, Brooklyn, New York, including any partnership or joint-venture agreement, Your capital contribution, Your equity or ownership share, and the terms on which Your equity was to be returned.

4. All Documents concerning the sale of 564 East 9th Street, Brooklyn, New York and the disposition of the sale proceeds, including the closing statement or HUD, the closing file handled by Michael Bernstein, and all records showing whether and in what amount Your equity was returned to You.

5. All Documents concerning Your partnership, joint venture, or co-investment with the Debtor in the real property at 56 Bal Bay Drive, Bal Harbour, Florida, including the joint-venture agreement secured by Your June 17, 2021 mortgage and all amendments; Your capital contribution and the source of funds for it; Your ownership, equity, or profit share; and the terms on which Your equity or capital was to be returned.

6. All Documents evidencing or memorializing Your ownership, beneficial, equitable, or trust interest in 56 Bal Bay Drive, LLC or in the property at 56 Bal Bay Drive, including any declaration of trust, nominee agreement, side letter, operating agreement, e-mail, or text message reflecting that interest or the parties' agreement that it would not be recorded.

7. All Documents concerning the 2022 sale of 56 Bal Bay Drive and the disposition of the sale proceeds, including the closing statement or HUD, and all records showing the amount You received at or after closing and how the proceeds were divided between You and the Debtor.

8. All Documents concerning the purchase, on or about October 21, 2020, of a Cartier Love Bangle and Cartier Love Ring billed to "BBF Partners LLC c/o Yossi Brezel," including the invoice, payment records, and all records showing the source of funds and the ultimate recipient of the items.

9. All Documents concerning any other purchase of jewelry, watches, gemstones, or other valuables by, through, billed to, or paid for by You or BBF Partners in which the Debtor or any Debtor Entity was the buyer, source of funds, recipient, or beneficiary, including any items billed to "Tailored Capital Group" or to the Debtor.

10. All invoices, appraisals, certificates, consignment agreements, for resale designations, and resale or disposition records for any such item, and all Documents showing where each item is now located and who holds it.

11. All Documents concerning any watch, jewelry, or other asset or item of personal property that You own, lent, or hold which the Debtor identified or listed as his own, including the Patek Philippe watch the Debtor listed in his April 2025 divorce financial disclosures, and all records of who purchased and who possesses each such item.

12. All bank, brokerage, or payment-app records and statements for any account of Yours or BBF Partners' that sent funds to, or received funds from, the Debtor or any Debtor Entity, limited to the entries reflecting those Transfers and sufficient surrounding detail to identify them, including counterparty, date, amount, and any memo or reference field.

13. All Documents and Communications concerning each Transfer of money or property between You or BBF Partners, on the one hand, and the Debtor or any Debtor Entity, on the other, in either direction, during the Relevant Time Period, and for each such Transfer, Documents sufficient to show its date, amount, method (wire, ACH, Zelle, check, card, or cash), the originating account (institution, account holder, and account number), the receiving account (institution, account holder, and account number), and its purpose or the obligation to which it was applied. This Request includes, without limitation, Documents and Communications concerning:

a. the $2,255,023.57 advance from You to the Debtor secured by the June 17, 2021 Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing on 56 Bal Bay Drive, and every disbursement, repayment, or distribution made on account of that advance or the related joint venture;

b. Your capital contribution to, and any return of capital or profit distribution from, the 56 Bal Bay Drive venture, including the approximately $100,000 You received at or in connection with the 2022 sale of that property;

c. Your capital contribution to, and any return of equity from, the Debtor's 564 East 9th Street, Brooklyn property;

d. the funds used to purchase the Cartier Love Bangle and Cartier Love Ring billed on or about October 21, 2020 to "BBF Partners LLC c/o Yossi Brezel," and any

other jewelry, watch, or valuable for which the Debtor or any Debtor Entity was the source of funds or the recipient; and

e. any advance, funding, commission, fee, profit split, or collection paid or received between You or BBF Partners and the Debtor or any Debtor Entity in connection with any MCA Transaction, including those involving GoFund Advance, LLC, Funding 123, LLC, Merchant Capital, LLC, or Alpha Recovery Partners, LLC.

14. All loan agreements, promissory notes, guaranties, and security agreements reflecting any loan or debt owed by the Debtor to You or BBF Partners, or by You or BBF Partners to the Debtor or any Debtor Entity.

15. All ledgers, payment histories, and repayment records reflecting amounts advanced, amounts repaid, interest accrued, and the outstanding balance of any such loan or debt, as of any date.

16. All demands, notices of default, or claims You or BBF Partners have asserted, or intend to assert, against the Debtor, the estate, or any Debtor Entity, including any proof of claim filed or to be filed in this Bankruptcy Case.

17. All Documents reflecting the Debtor’s direct or indirect participation in any advances funded by You or BBF Partners, directly or indirectly, including any MCA Transaction in which the Debtor or any Debtor Entity acted as a funder, broker, syndicator, collector, participant, or recipient.

18. All UCC financing statements, assignments, collection notices, and demand letters You or BBF Partners filed or sent in connection with any receivable in which the Debtor or any Debtor Entity has or had an interest, and all records of collections received.

19. All tax returns and information returns (including Forms 1099 and K-1) that You or BBF Partners issued to, or received from, the Debtor or any Debtor Entity, or that otherwise reflect Transfers or MCA-related income between You and the Debtor or any Debtor Entity.

20. All Documents concerning *Haymount Urgent Care P.C. v. GoFund Advance, LLC*, No. 1:22-cv-01245-JSR (S.D.N.Y.), in which You and the Debtor were named co-defendants, including the pleadings, discovery, judgment, and all records of Your financial relationship or dealings with the Debtor and with GoFund Advance, LLC, Funding 123, LLC, Merchant Capital, LLC, and Alpha Recovery Partners, LLC.